**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS<br>AND ALLIED CRAFTSMEN LOCAL 56<br>FRINGE BENEFIT FUND,<br><br>             Plaintiffs,<br><br>   v.<br><br>AL'S MASONRY CONTRACTING,<br>INC., an Illinois corporation; AL'S MAINTENANCE,<br>INC., a dissolved Illinois corporation; ALFONSO<br>GUZMAN, SR., individually; ANDREA GUZMAN,<br>Individually; and MARIA SABAT a/k/a MARY SABAT<br>a/k/a MARIA SORIA, individually,<br><br>             Defendant. | )<br>)<br>)<br>)<br>) Case No. 08-cv-1616<br>)<br>) Judge James B. Zagel<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S EMERGENCY MOTION FOR
TEMPORARY RESTRAINING ORDER**

Plaintiffs, TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTSMEN

LOCAL 56 FRINGE BENEFIT FUND, by and through their attorneys, Donald Schwartz

and Shane Luedke of Arnold and Kadjan, move this Court to enter a temporary

restraining order pursuant to Federal Rule of Civil Procedure 65(b), as well as 29 U.S.C.

§ 1132(a)(3), to (1) require defendant **AL'S MASONRY CONTRACTING, INC.**, an

Illinois corporation; **AL'S MAINTENANCE, INC.**, a dissolved Illinois corporation;

**ALFONSO GUZMAN, SR.**, individually; **ANDREA GUZMAN**, Individually; and

**MARIA SABAT** a/k/a **MARY SABAT** a/k/a **MARIA SORIA**, individually,

to pay Plaintiffs immediately all past due contributions and to pay to Plaintiffs timely on

all contributions that accrue during this action, (2) prohibit Defendants from dissipating

or transferring any corporate assets, except in the normal course of business, until all

contributions are paid in full, (3) enjoin Defendants from failing or refusing to pay monies due to the Fund, (4) waive the necessity of posting a bond as required by Fed. R. Civ. P 65(c), (5) enjoin Defendants from violating the terms of the collective bargaining agreements and trust agreements by refusing to make timely contributions to the Plaintiffs and ordering contributions to resume; (6) enjoin Defendants from performing any further bricklaying work until such contributions are made, and (7) grant Plaintiffs such other and further equitable relief as this Court may deem appropriate.

In support of their Motion Plaintiffs state as follows:

1.      ERISA provides that a fiduciary may bring a civil action "to enjoin any act or practice which violates any provision...or terms of the plan, or (B) to obtain appropriate equitable relief." 29 U.S.C. § 1132(a)(3).

2.      (a)      The Plaintiffs in this count are **TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL 56 FRINGE BENEFIT FUND** ("Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b)      The Funds have been established pursuant to collective bargaining agreements previously entered into between the Bricklayers and Allied Craftsmen Local 56 (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c)      The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

3.      A grant of a temporary restraining order, like a grant of a preliminary

injunction, requires (1) some likelihood of prevailing on the merits, (2) an inadequate remedy at law and plaintiff's suffering of irreparable harm if temporary relief is denied, (3) a balance of irreparable harm which demonstrates greater harm to the movant if relief is denied than to the non-movant if relief is granted, and (4) a consideration of the public interest as reflected by the effect of grant or denial of the requested relief on non-parties. Grossbaum v. Indianapolis-Marion Building Authority, 100 F.3d 1287, 1291-92 (7th Cir. 1995) (stating applicable test).

4.      Plaintiff's meet the standard for granting the temporary restraining order sought here in this action because:

A.      There is at least some likelihood of prevailing on the merits of this suit because Plaintiffs' have obtained bank records including cancelled checks which were reviewed by the Funds auditors who concluded that the checks reveal $610,345.99 in unreported and unpaid contributions owed to the Funds.  (see Affidavit of Michael Scrementi, attached as Exhibit 4, para. 16; Audits performed by Legacy Professionals, attached as Exhibit 5).   Additionally, it is known that at times since April 2005, Defendants have used cash and the corporate bank accounts of **AL MAINTENANCE, INC., (MAINTENANCE)** and **AL'S MASONRY CONTRACTING, INC. (MASONRY)** to pay employees of **AL'S CONSTRUCTION, INC. ("CONSTRUCTION")**, for covered work.  (Affidavit of Efrain Valdez, attached as Exhibit 6, paras. 3-4; Checks to Efrain Valdez, attached as Exhibit 7; Ex.. 4; Ex. 5).

B.      The following is stated in support of a finding of likelihood of success on the merits agaiost Defendants for unpaid contributions  of **CONSTRUCTION** as alter egos of **CONSTRUCTION** and for individual liability to the owners of defendant

corporations for corporate liabilities of **CONSTRUCTION, MASONRY, AND MAINTENANCE**.

       1.      **AL'S CONSTRUCTION, INC. ("CONSTRUCTION")**, is an Illinois corporation is an employer doing business within this Court's jurisdiction. (see Corporate reports, attached as Exhibit 8). **CONSTRUCTION** is an employer engaged in an industry affecting commerce. **CONSTRUCTION** filed bankruptcy on March 18, 2008.

       2.      Since on or about **April 15, 2005, CONSTRUCTION** has entered into successive collective bargaining agreement with the Union pursuant to which they are required to make periodic contributions to the Funds on behalf of certain of its employees (see Agreement, attached as Exhibit 1).

       3.      By virtue of certain provisions contained in the collective bargaining agreements, **CONSTRUCTION** is bound by the Trust Agreement establishing the Funds. (see Affidavit of Douglas Johnston, attached as Exhibit 2, para. 4).

       4.      Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **CONSTRUCTION** is required to make contributions to the Funds on behalf of its employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds. (see Ex. 2, para. 4).

       5.      Since **April 15, 2005, CONSTRUCTION** has admitted,

acknowledged and ratified the collective bargaining agreements entered into with the Union by filing periodic report forms with the Funds by making some but not all of the periodic payments to the Funds as required by the collective bargaining agreements.  (see Ex. 2, para 7).

6.    For **April 15, 2005 to the January 31, 2008,** **CONSTRUCTION** has from time to time failed to make some of the contributions required to be paid by it to the Funds pursuant to the terms of the collective bargaining agreements and Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.  (see Ex. 2, para. 7).

7.    Since October 31, 2007 **CONSTRUCTION** has not submitted contribution reports required to be submitted to the Funds pursuant to the terms of the collective bargaining agreements and Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes. (Ex. 2, para. 7).

8.    **Defendants, MAINTENANCE** and **MASONRY** are bound to **CONSTRUCTION'S** collective bargaining agreement because they are alter egos of **CONSTRUCTION** as the companies share interrelated operations, employees, common management, effective common ownership, and because **MASONRY** and **MAINTEMANCE** were formed in an effort to avoid **CONSTRUCTION'S** obligations under its collective bargaining agreement with the union and Trust agreements with the Funds.  (Ex. 2, paras. 8-9; Ex. 4; Ex. 5).

9.    Defendant, **MAINTENANCE,** is a dissolved Illinois

5

corporation doing business within the jurisdiction of this court.  (see Ex. 8).

10.    Defendant**, MASONRY,** is an Illinois corporation, doing business within this court's jurisdiction.  (see Ex. 8).

11.    Defendants have used cash and the corporate bank accounts of **MAINTENANCE** and **MASONRY** to pay employees of **CONSTRUCTION,** for covered work.  (Affidavit of Efrain Valdez, attached as Exhibit 6, paras. 3-4; Checks to Efrain Valdez, attached as Exhibit7; Ex.. 2; Ex. 4; Ex. 5).

12.    **MR. GUZMAN, MS. SABAT,** and **MS. GUZMAN** are individuals who reside within the courts jurisdiction.

13.    The corporate veils of **MASONRY, MAINTENANCE,** and **CONSTRUCTION** should be pierced allowing for personal liability against **MR. GUZMAN, MS. SABAT,** and **MS. GUZMAN** for the obligations of said corporate entities.

14.    Piercing    the    corporate    veils    of    **MASONRY, MAINTENANCE,** and **CONSTRUCTION** is appropriate because **MR. GUZMAN, MS. SABAT,** and **MS. GUZMAN** exhibit such a unity of ownership and interest with **MASONRY, MAINTENANCE,** and **CONSTRUCTION** that the separate personalities of the individuals and the corporations no long exist and an adherence to the fiction of the existence of separate corporate personalities promotes injustice and sanctions a fraud.

15.    **MR. GUZMAN, MS. SABAT,** and **MS. GUZMAN** are the effective and common owners, managers, and operators of **MASONRY, MAINTENANCE,** and **CONSTRUCTION.**  (see Ex. 1; Ex. 8; Ex. 5).

16.    **MR. GUZMAN, MS. SABAT,** and **MS. GUZMAN** used the bank accounts of **MASONRY, MAINTENANCE,** and **CONSTRUCTION** to pay personal car loans, personal mortgages, and furniture. (See Ex. 4; Ex. 5).

17.    **MR. GUZMAN, MS. SABAT,** and **MS. GUZMAN** used **MASONRY** and **MAINTENANCE** to avoid the obligations **CONSTRUCTION** had to pay all fringe benefit contributions due to the Plaintiffs under the collective bargaining agreement and Trust agreements. (See Ex. 4; Ex. 5).

18.    Money was transferred and/or loaned to **MR. GUZMAN, MS. SABAT,** and **MS. GUZMAN** in the form of cash withdrawals and checks above and beyond standard payroll without the requisite formalities. (See Ex. 4; paras 4-16; Ex. 5).

19.    Money was transferred and/or loaned between all three corporate entities, **MASONRY, MAINTENANCE,** and **CONSTRUCTION,** without formal contractual relationships between these corporations. (See Ex. 4; paras. 4-16, Ex. 5).

20.    Allowing **MR. GUZMAN, MS. SABAT,** and **MS. GUZMAN** to keep these funds that rightfully belong to Plaintiffs would promote an injustice and sanction a fraud, given that corporate formalities were not adhere to by **MR. GUZMAN, MS. SABAT,** and **MS. GUZMAN** in the operation of **MASONRY, MAINTENANCE,** and **CONSTRUCTION** and there no longer exists separate personalities between the corporations and the individuals. (see Ex. 4; Ex. 5).

C.    There exists an inadequate remedy at law and Plaintiffs will suffer an

7

irreparable harm because:

1.    **CONSTRUCTION** employed a work force who did not receive their full welfare fund coverage due to **CONSTRUCTION'S** nonpayment of contributions which is now believed to exceed $600,000.00 from April 2005 through the January 31, 2008. (Ex. 4, para. 16; Ex. 5).

2.    **CONSTRUCTION'S** failure to pay adversely affects the well-being and security of its employees and their dependants in that they are directly affected by and rely upon the Health and Welfare and Pension Funds for continued coverage.  (see Ex. 2).

3.    **CONSTRUCTION'S** failure to pay contributions on behalf of covered employees results in great hardship to those employees because they are denied the hospitalization and other benefits to which they should be entitled based upon their work in employment covered under the collective bargaining agreement. (Ex. 2, para. 11).

4.    If **CONSTRUCTION'S** unpaid contributions are never recovered, the deprivation of health and welfare benefits could be permanent. (Ex. 2, paras. 13-14).

5.    The Pension Fund is required by law to credit covered employees with pension service credits regardless of whether the contributions are actually made by the covered employees' employer.  Accordingly, unpaid Pension Fund contributions, such as Defendant's, results in economic hardship to the Pension Fund.  This loss is irreparable due to its effect upon the Fund's actuarial soundness. (Ex. 2, para. 10).

6.    **CONSTRUCTION'S** failure to pay an estimated $610,345.99 over nearly three years works a substantial hardship and likelihood of loss as it jeopardizes the actuarial soundness and integrity of the Pension Fund. (Ex. 2, para 10).

7.    The Health and Welfare and Pension Funds have and continue to suffer irreparable harm in that the Funds have lost investment opportunities on the amounts owed by **CONSTRUCTION'S** which is estimated to be $610,345.99. (Ex. 2, para. 12).

8.    If Defendants are not restrained, they may continue to accrue a liability to the Health and Welfare and Pension Funds in the form of delinquent contributions which it may never be able to satisfy.  As such, the Funds will continue to suffer irreparable harm.  (Ex. 2, paras. 13-14).

9.    As alter egos of **CONSTRUCTION, MAINTENANCE** and **MASONRY** participated in the failure to **CONSTRUCTION'S** benefits and will continue to do so.

D.    Plaintiff's prevail on the balancing of hardships because  will not suffer any material harm if a restraining order is issued because **CONSTRUCTION**, through its Answer to the Complaint, now stayed due to **CONSTRUCTION** filing bankruptcy, admitted that it is required to make contribution to the Funds on behalf of its employees. Plaintiffs  have and will continue to suffer significant hardship based on defendant's conduct of paying employees in cash and from accounts of **MAINTENANCE** and **MASONRY** for work done by **CONSTRUCTION'S** employees and  failing to report and contribute to the Funds for these hours, resulting in a debt of $610,345.99.

Therefore, **MAINTENANCE** and **MASONRY** is only being asked to honor their obligations to the Health, Welfare and Pension Funds by paying amounts that the Funds are due and owing. (Ex. 3; Ex. 4, para. 16, Ex. 2, para 15).

      E.    The public interest here favors granting the temporary restraining order sought by Plaintiffs against Defendant. If Defendants are not enjoined, Al's employees and their dependants, who receive health and welfare coverage through the Health and Welfare Fund as an employee benefit plan, will be left them without coverage, which is against public policy. See Lumpkin v. Envirodyne Industries, Inc., 933 F. 2d 449, 461 (7th Cir. 1991) (noting public interest in ensuring that employers provide pension benefits to employees for whom they provide such benefits). The public interest is further served by enjoining Al's from performing any further bricklaying work because to allow them to continue to work and accrue further liabilities to the Funds in the form of delinquent contributions which it may never be able to satisfy, jeopardizes the employee benefit plans. which provide benefits to employees and their dependants and to leave them without coverage is against public policy.

4.    The basis for all of the above stems from Defendants' actions, which the Audits indicate have resulted in $610,345.99 owed to Plaintiffs. (Ex. 4., para 16; Ex. 5)

5.    Defendants used the bank accounts of multiple corporate entities, including **MAINTENANCE** and **MASONRY**, and cash to pay **CONSTRUCTION'S** employees in order to avoid its obligations to report and pay fringe benefits on all covered hours worked by employees of **CONSTRUCTION** under the collective bargaining agreement. (Ex. 6; Ex. 7; Ex. 3; Ex. 4, paras. 4-16; Ex. 5). All of these corporate entities are interconnected and owned by many of the same people and under applicable labor law

principles owe benefits to the Plaintiffs.  (See Ex. 8).

WHEREFORE, Plaintiffs pray that this court enter an order:

(1) requiring Defendants **AL'S MASONRY CONTRACTING, INC.**, an Illinois corporation; **AL'S MAINTENANCE, INC.**, a dissolved Illinois corporation; **ALFONSO GUZMAN, SR.**, individually; **ANDREA GUZMAN**, Individually; and **MARIA SABAT** a/k/a **MARY SABAT** a/k/a **MARIA SORIA** to pay Plaintiffs immediately all past due contributions and to pay to Plaintiffs timely on all contributions that accrue during this action, (2) prohibiting Al's from dissipating or transferring any corporate assets, except in the normal course of business, until all contributions are paid in full, (3) enjoining Al's from failing or refusing to pay monies due to the Fund, (4) waiving the necessity of posting a bond as required by Fed. R. Civ. P 65(c), (5) enjoining Defendant from violating the terms of the collective bargaining agreements and trust agreements by refusing to make timely contributions to the Plaintiffs and ordering them to resume such payments (6) enjoining Defendants from performing any further bricklaying work until such contributions are made, and (7) granting Plaintiffs such other and further equitable relief as this Court may deem appropriate.

Respectfully submitted,

Donald  Schwartz

Donald D. Schwartz
Shane Luedke
ARNOLD & KADJAN
19 West Jackson Boulevard
Chicago, Illinois  60604

(312) 236-0415
ATTORNEYS FOR PLAINTIFFS

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE BRICKLAYERS<br>AND ALLIED CRAFTSMEN LOCAL 56<br>FRINGE BENEFIT FUND, | ) <br> ) <br> ) <br> ) | |
| | ) | Case No. 08-cv-1616 |
| Plaintiffs, | ) | |
| | ) | Judge James B. Zagel |
| v. | ) <br> ) | |
| AL'S MASONRY CONTRACTING,<br>INC., an Illinois corporation; AL'S MAINTENANCE,<br>INC., a dissolved Illinois corporation; ALFONSO<br>GUZMAN, SR., individually; ANDREA GUZMAN,<br>Individually; and MARIA SABAT a/k/a MARY SABAT<br>a/k/a MARIA SORIA, individually, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendant. | ) <br> ) | |

**MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR
TEMPORARY RESTRAINING ORDER**

Plaintiffs, TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTSMEN

LOCAL 56 FRINGE BENEFIT FUND, by and through their attorneys, Shane Luedke

and Donald Schwartz of Arnold and Kadjan, move this Court to enter a temporary

restraining order pursuant to Federal Rule of Civil Procedure 65(b), as well as 29 U.S.C.

§ 1132(a)(3), to (1) require Defendants, **AL'S MASONRY CONTRACTING, INC.**, an

Illinois corporation; **AL'S MAINTENANCE, INC.**, a dissolved Illinois corporation;

**ALFONSO GUZMAN, SR.**, individually; **ANDREA GUZMAN**, Individually; and

**MARIA SABAT** a/k/a **MARY SABAT** a/k/a **MARIA SORIA,** to pay Plaintiffs

immediately all past due contributions and to pay to Plaintiffs timely on all contributions

that accrue during this action, (2) prohibit Defendants from dissipating or transferring any

corporate assets, except in the normal course of business, until all contributions are paid

in full, (3) enjoin Defendants from failing or refusing to pay monies due to the Fund, (4) waive the necessity of posting a bond as required by Fed. R. Civ. P 65(c), (5) enjoin Defendants from violating the terms of the collective bargaining agreements and trust agreements by refusing to make timely contributions to the Plaintiffs and ordering them to resume such payments (6) enjoin Defendants from performing any further bricklaying work until such contributions are made, and (7) grant Plaintiffs such other and further equitable relief as this Court may deem appropriate.  In support of their Motion, the Plaintiffs state as follows:

## STATEMENT OF FACTS

**AL'S CONSTRUCTION INC. (CONSTRUCTION)** signed Memoranda of Understanding on April 15, 2005 with the Illinois District Council 1 (hereinafter Union) which includes Bricklayers local 56. Defendant has been bound to successive collective bargaining agreements with the Union since 2005.  (Affidavit of Douglas Johnston, attached as Exhibit 2, para. 3). ; Defendant's Answer, attached as Exhibit 3; [True and Correct Copies this Memoranda attached as Exhibit 1]).   These agreements bind **CONSTRUCTION** to the Collective Bargaining Agreement between the District Council and the Mason Contractors Association, the employer bargaining agent, for the period from April 15, 2005 through the present.   (Ex. 2, paras. 4-5; Ex. 3). **CONSTRUCTION** has ratified and agreed to be bound by the Collective Bargaining Agreement through behavior including submission of report forms with contributions. (Ex. 2, para. 3).  **CONSTRUCTION**, is an Illinois corporation is an employer doing business within this Court's jurisdiction. (see Corporate reports, attached as Exhibit 8).

Pursuant to the provisions of the Collective Bargaining Agreement, **CONSTRUCTION** is bound to the Trust Declarations and required to make periodic contributions to the Funds for each hour worked by their bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified in the Collective Bargaining Agreement and Trust Declarations. (Ex. 2, para. 4). **CONSTRUCTION**, is an Illinois corporation is an employer doing business within this Court's jurisdiction. (see Corporate reports, attached as Exhibit 8). **CONSTRUCTION** is an employer engaged in an industry affecting commerce. **CONSTRUCTION** filed bankruptcy on March 18, 2008.

**CONSTRUCTION** did not file fringe benefit contribution report forms nor submit fringe benefit fund contributions to the Local 56 Funds for the period from November 1, 2007 through the present (Ex. 2, para. 7). Defendants, however, continue to perform bricklaying work as alter egos of **CONSTRUCTION**. (Ex. 2, para. 8).

From April 2005 – October 2007 **CONSTRUCTION** did make contributions to the Funds. (Ex. 2, para 3). However, Plaintiffs recently learned that **CONSTRUCTION** was using Defendants, **AL'S MAINTENANCE, INC., (MAINTENANCE)** and **AL'S MASONRY CONTRACTING, INC. (MASONRY),** to pay wages to **CONSTRUCTION'S** employees and did not make contributions to the Funds for wages paid from these companies. Plaintiffs subpoenaed the records of a number of bank accounts. The responses to the subpoenas included copies of cancelled checks. These checks were forwarded to the Funds Auditor, Legacy. Legacy compiled fringe benefit audits based on the amounts paid to employees from the accounts of these **MAINTENACE** and **MASONRY**. The audits are attached hereto with the affidavit of

3

the auditor supervisor from Legacy attesting to the records reviewed and the results of the audits. (see Affidavit of Michael Screment, attached as Exhibit 4, para. 4; Affidavit of Efrain Valdez, attached as Exhibit 6, para. 4).

Defendant, **MAINTENANCE,** is a dissolved Illinois corporation doing business within the jurisdiction of this court. (see Ex. 8). Defendant**, MASONRY,** is an Illinois corporation, doing business within this court's jurisdiction. (see Ex. 8).

Defendants, **MAINTENACE** and **MASONRY** are bound to **CONSTRUCTION'S** collective bargaining agreement because they are alter egos of **CONSTRUCTION** as the companies share interrelated operations, employees, common management, effective common ownership, and because **MASONRY** and **MAINTEMANCE** were formed in an effort to avoid **CONSTRUCTION'S** obligations under its collective bargaining agreement with the union and Trust agreements with the Funds. (Ex. 2, paras. 8-9; Ex. 4; Ex. 5). Defendants used cash payments and the corporate bank accounts of **MAINTENANCE** and **MASONRY** to avoid **CONSTRUCTIONS** obligations under the collective bargaining agreement. (Ex. 6, para. 3; Checks to Efrain Valdez, attached as Exhibit 7; Ex. 4; Ex. 5; Ex. 2, paras. 8-9). From April 15, 2005 to the present **CONSTRUCTION** has failed to fulfill their obligations under the collective bargaining agreement by paying employees in cash and from bank accounts of **MAINTENANCE** and **MASONRY** for work done by **CONSTRUCTION'S** employees, thereby failing to report and contribute to the Funds for these hours in the amount of $610,345.99 through January, 2008. (See Audits performed by Legacy Professionals, attached as Exhibit 5; Ex. 4, para. 4-16; Ex. 6, paras. 3-4). Among this, the audits of **MASONRY** account revealed underreported hours and

4

cash payments, resulting in nearly $100,000.00 in unpaid contributions to the Funds. (Ex. 5, Ex. 4, paras.6-7).    A sample of payments from **MAINTENANCE** and **MASONRY** to pay employees of **CONSTRUCTION** who in the past were bargaining unit employees or believed to be doing bargaining unit employees is include herein. (attached as Exhibit 11).

Defendants have used cash and the corporate bank accounts of **MAINTENANCE** and **MASONRY** to pay employees of **CONSTRUCTION**, for covered work. (Affidavit of Efrain Valdez, attached as Exhibit 6, paras. 3-4; Checks to Efrain Valdez, attached as Exhibit 7; Ex.. 2; Ex. 4; Ex. 5).

Defendants, **ALFONSO GUZMAN, SR.** (**MR. GUZMAN**), **ANDREA GUZMAN** (**MS. GUZMAN**), and **MARIA SABAT** a/k/a **MARY SABAT** a/k/a **MARIA SORIA** (**MS. SABAT**) are personally liable for the corporate liabilities of **CONSTRUCITON, MASONRY**, and **MAINTENANCE** because **MR. GUZMAN, MS. SABAT,** and **MS. GUZMAN** exhibit such a unity of ownership and interest with **MASONRY, MAINTENANCE,** and **CONSTRUCTION** that the separate personalities of the individuals and the corporations no long exist and an adherence to the fiction of the existence of separate corporate personalities promotes injustice and sanctions a fraud.

**MR. GUZMAN, MS. SABAT,** and **MS. GUZMAN** are individuals who reside within the courts jurisdiction.  **MR. GUZMAN, MS. SABAT,** and **MS. GUZMAN** are the effective and common owners, managers, and operators of **MASONRY, MAINTENANCE,** and **CONSTRUCTION**.  (see Ex. 1; Ex. 8; Ex. 5).

**MR. GUZMAN, MS. SABAT,** and **MS. GUZMAN** used the bank accounts of **MASONRY, MAINTENANCE,** and **CONSTRUCTION** to pay personal car loans,

personal mortgages, and for furniture.  (See Ex. 4; Ex. 5).  **MR. GUZMAN, MS. SABAT,** and **MS. GUZMAN** used **MASONRY** and **MAINTENANCE** to avoid the obligations **CONSTRUCTION** had to pay all fringe benefit contributions due to the Plaintiffs under the collective bargaining agreement and Trust agreements.  (See Ex. 4; Ex. 5).

Additionally, money was transferred and/or loaned to **MR. GUZMAN, MS. SABAT,** and **MS. GUZMAN** in the form of cash withdrawals and checks above and beyond standard payroll without the requisite formalities.   (See Ex. 4, paras. 4-16; Ex. 5).  Money was also transferred and/or loaned between all three corporate entities, **MASONRY, MAINTENANCE,** and **CONSTRUCTION,** without formal contractual relationships between these corporations.  (See Ex. 4, paras. 4-16, Ex. 5).

Allowing **MR. GUZMAN, MS. SABAT,** and **MS. GUZMAN** to keep these funds that rightfully belong to Plaintiffs would promote an injustice and sanction a fraud, given that corporate formalities were not adhere to by **MR. GUZMAN, MS. SABAT,** and **MS. GUZMAN** in the operation of **MASONRY, MAINTENANCE,** and **CONSTRUCTION** and there no longer exists separate personalities between the corporations and the individuals.  (see Ex. 4; Ex. 5).  Thus piecing the corporate veils of **MASONRY, MAINTENANCE,** and **CONSTRUCTION** is appropriate and **MR. GUZMAN, MS. SABAT,** and **MS. GUZMAN** are individually liable for the corporate liabilities of **MASONRY, MAINTENANCE,** and **CONSTRUCTION.**

Due to the alter ego relationship and the piercing of the corporate veils of **MASONRY, MAINTENANCE,** and **CONSTRUCTION,** Defendants are liable for fringe benefit contributions due to the Funds by **CONSTRUCTION** and its alter egos.

The Pension Fund of Local 56 is required by law to credit covered employees with pension service credits regardless of whether the contributions are actually made by the covered employees' employer. (Ex. 2, para. 10). Accordingly, a backlog of unpaid Pension Fund contributions, such as Defendant's, results in economic hardship to the Pension Fund. (Ex 2, para. 10). This loss is irreparable due to its effect upon the Fund's actuarial soundness. (Ex. 2, para. 10).

The Welfare Fund of Local 56 affords medical and other related coverage to covered employees when contributions have been received by the Welfare Funds. (Ex. 2, para. 11). **CONSTRUCTION'S** employees are not receiving health and welfare fund coverage due to Defendants' nonpayment of contributions of $610,345.99 (Ex. 5; Ex. 4, para. 16; Ex. 2, para. 11). The failure to pay contributions on behalf of covered employees results in great hardship to these employees because they are denied the hospitalization and other benefits to which they should be entitled. (Ex. 2, para. 11). If contributions are never recovered, this deprivation will be permanent. (Ex. 2, para. 11).

The Funds suffer loss due to the lost investment opportunities on these contributions. (Ex. 2, para. 12). Furthermore, Plaintiffs anticipate in good-faith that the amount owed will rise after further audits and discovery is completed.

Defendants' failure to pay an estimated $610,345.99 over nearly three years works a substantial hardship and likelihood of loss as it jeopardizes the actuarial soundness and integrity of the Health and Welfare and Pension Funds causing the Health and Welfare and Pension Funds irreparable harm (Ex. 2, paras. 10, 13).

If Defendants are not restrained, it will continue to accrue liability to the Health and Welfare and Pension Funds in the form of delinquent contributions which it may

never be able to satisfy.  As such, the Funds will continue to suffer irreparable harm. (Ex. 2, para. 14).

The irreparable losses discussed in the previous paragraph are increased and exacerbated if Defendants continue to perform bricklaying related work without making contributions to the Funds.  (Ex. 2, para. 15).  Only an immediate order enforcing the terms of the collective bargaining agreement by requiring Defendants to cease bricklaying related work until their contributions are paid can remedy this problem.  (Ex. 2, para. 15).  It cannot be solved by a judgment for money which may not prove collectible.  (Ex. 2, para. 14).

Defendants suffer no cognizable harm from imposition of an order forbidding it from performing bricklaying related work without making contributions to the Funds. (Ex. 2, para. 15).  Defendants do not have a legitimate interest in performing work without making their contractually required contributions.  (Ex. 2, para. 15).

Plaintiffs have recently learned that the principals of Defendants have now set up new companies in an ongoing effort to evade contractually mandated benefit payments. A search of the Illinois Secretary of State website reveals that Mary Saba, a/ka Maria Sabat, a/k/a Maria Soria and Al Guzman owners or owners in fact of **MAINTENANCE** and **MASONRY** have now set up companies known as MS Superior Maintenance Incorporated and Midway Contracting Incorporated effective in November 2007 and January 2008, respectively.   (See Illinois Secretary of State Corporation File Detail Reports, attached as Exhibit 8).  MS Superior is incorporated in Maria Soria's name and Midway Contracting is in the name of a relative, Leticia Soria.  (Ex. 8).  This is during the pendency of the instant litigation and further demonstrates the importance of the

requested temporary restraining order as these persons simply have no intent to comply with the Collective Bargaining Agreement which remains in effect.

## ARGUMENT

**I.     REQUESTS FOR TEMPORARY RESTRAINING ORDERS ARE GOVERNED BY THE TEST THE SEVENTH CIRCUIT APPLIES TO REQUESTS FOR PRELIMINARY INJUNCTIONS.**

A grant of a temporary restraining order, like a grant of a preliminary injunction, requires (1) some likelihood of prevailing on the merits, (2) an inadequate remedy at law and plaintiff's suffering of irreparable harm if temporary relief is denied, (3) a balance of irreparable harm which demonstrates greater harm to the movant if relief is denied than to the non-movant if relief is granted, and (4) a consideration of the public interest as reflected by the effect of grant or denial of the requested relief on non-parties. See Eli Lilly & Co. v. Natural Answers, Inc., 223 F.3d 456, 461 (7th Cir. 2000); Grossbaum v. Indianapolis-Marion Building Authority, 65 F.3d 581, 585 (7th Cir. 1995) (stating applicable test); LaSalle Rolling Mills, Inc. v. Asturiana De Zinc Marketing, Inc., No. 97 C 736, 1997 U.S. Dist. LEXIS 3736 at *3 (N.D. Ill. March 26, 1997) (Williams, J.) (attached as Exhibit 9) (applying above test to grant of temporary restraining order). Initially, the movant is required to demonstrate the presence of the first two elements of the test, some likelihood of success on the merits and irreparable harm which cannot be adequately remedied at law. See Eli Lilly, 223 F.3d at 461; Wisconsin Central Limited v. Public Service Commission, 95 F.3d 1359, 1366 (7th Cir. 1996). If these points are demonstrated, the court moves to a consideration of the third and fourth elements, the "balance of harms" and the interest of non-parties, including the public at large. Id. "Then, sitting as would a court of equity, the court weighs all of these factors on a sliding

scale; the more likely that the plaintiff will succeed on the merits, the less the balance of harms need favor him." Eli Lilly, 223 F.3d at 461.

In Gould v. Lambert Excavating, Inc., 870 F.2d 1214, 1217 (7th Cir. 1989), the Seventh Circuit determined that a preliminary injunction could be issued requiring payment of delinquent and future contributions to ERISA multi-employer fringe benefit funds if the Funds satisfied the standard set forth above.  Accord Central States, Southeast and Southwest Areas Pension Fund v. Breeko Corp., No. 89 C 6866, 1989 U.S. Dist. LEXIS 13975, at *6-*8 (N.D. Ill. Nov. 20, 1999) (Exhibit 10).  This standard has been satisfied in this case.

## II.    THERE EXISTS A LIKELIHOOD THAT PLAINTIFFS WILL PREVAIL ON THE MERITS.

Plaintiffs easily meet the first requirement for preliminary injunctive relief, a likelihood of prevailing upon the merits.  As Judge Williams, formerly a Judge of this Court and now a Judge on the Seventh Circuit, observed: "To demonstrate a reasonable likelihood of success on the merits, the movant need only demonstrate that 'his chances are better than negligible' at trial." See Eli Lilly, 223 F.3d at 461 (7th Cir. 2000); Grossbaum, 65 F.3d at 585 (7th Cir. 1995) (stating applicable test); LaSalle Rolling Mills, Inc., No. 97 C 736, 1997 U.S. Dist. LEXIS 3736 at *2-*3 (N.D. Ill. March 26, 1997) (Williams, J.) (citing Brunswick v. Jones, 784 F.2d 271, 275 (7th Cir. 1986)) (attached as Exhibit 9) (applying likelihood of prevailing on merits test in temporary restraining order context).

There is no question that **CONSTRUCTION** was required under their collective bargaining agreement to make fringe benefit contributions to the Plaintiff Funds for the period from May 15, 1995 to January 31, 2008.  Defendants used cash payments and

payments from **MAINTENANCE** and **MASONRY** to evade **CONSTRUCTION'S** contractual obligations. (Ex. 6, para. 3; Ex. 7; Ex. 4, paras. 6-7; Ex. 5). Defendants have failed to fulfill **CONSTRUCTION'S** obligations under the collective bargaining agreement by paying wages to employees in cash and from bank accounts of **MAINTENANCE** and **MASONRY** for work done by **CONSTRUCTION'S** employees for **CONSTRUCTION**. (Ex. 5; Ex. 6, paras. 3-4; Ex. 7; Ex. 4, paras. 6-7, 12). The audits establish an underpayment to the Funds of $610,345.99 through January, 2008. (See Ex.5; Ex. 4, para. 16).

Defendants, **MR. GUZMAN, MS. SABAT,** and **MS. GUZMAN,** should be held individually liable for the corporate debt of **MAINTENANCE, MASONRY, CONSTRUCTION** because these individuals exhibit such a unity of ownership and interest with **MASONRY, MAINTENANCE,** and **CONSTRUCTION** that the separate personalities of the individuals and the corporations no long exist and an adherence to the fiction of the existence of separate corporate personalities promotes injustice and sanctions a fraud. This is evidenced by their use of corporate bank accounts and thus corporate money to pay personal mortgages, car payments, and furniture payments. Additionally, corporate formalities were ignored by transferring money between corporate entities without formal contractual relationships. (see Ex. 4, paras. 4-16; Ex. 5).

Therefore, Plaintiffs' recovery on the merits against **MASONRY AND MAINTENANCE** is a virtual certainty under alter ego theory and Plaintiffs' recovery on the merits against **MR. GUZMAN, MS. SABAT,** and **MS. GUZMAN** is a virtual

certainty under piercing the corporate veils principles, which satisfies the "some likelihood" standard necessary for issuance of a preliminary injunction.

## III. IF A TEMPORARY RESTRAINING ORDER IS NOT GRANTED PLAINTIFFS WILL SUFFER IRREPARABLE HARM AND HAVE NO ADEQUATE LEGAL REMEDY.

The irreparable harm and inadequate remedy at law factors of the preliminary injunction test are frequently viewed together. See Breeko, 1989 U.S. Dist. LEXIS 13975 at *10-*11. Defendants paid **CONSTRUCTION'S** employees in cash and from the corporate accounts of **MAINTENANCE** and **MASONRY**. (Ex. 6, paras. 3-4; Ex. 4, para. 4-16; Ex. 5). These wage payments violated the collective bargaining agreement because Defendants did not pay benefits on these hours worked by covered employees. (Ex. 2, para. 4; Ex. 6, paras. 3-4). In light of this conduct it is almost certain that, without the type of injunctive relief requested here, the currently ongoing failure to comply with the collective bargaining agreement's fringe benefit contribution obligations persist.

A permanent failure to collect fringe benefit fund contributions would have a number of adverse effects upon the Plaintiff Funds. The Pension Funds will suffer harm to their actuarial soundness because they will be required to provide pension credits for service upon which it receives no contribution. (Ex. 2, para. 8). The Welfare Funds will be harmed because the participants and beneficiaries of these Funds who worked for **CONSTRUCTION** will not receive their medical benefits if contributions are not received. (Ex. 2, para. 11). All of the Funds will suffer lost investment opportunities on these contributions. (Ex. 2, para. 12).

The type of harm Plaintiffs are suffering has been found sufficient to demonstrate irreparable harm without an adequate legal remedy in previous cases. In Breeko Corp.,

No. 89 C 6866, 1989 U.S. Dist. LEXIS 13975, at *10-*11 (N.D. Ill. Nov. 20, 1989), the possibility that the Funds might receive nothing in satisfaction of their claims was determined to be sufficient to demonstrate irreparable harm and inadequate remedy at law.  Similarly, in Gould v. Lambert Excavating, Inc., 870 F.2d at 1217-1218, 1221-1222 (7th Cir. 1989); the Seventh Circuit affirmed a district court's finding of irreparable harm in a case in which the actuarial soundness of a multi-employer pension fund was adversely affected by an employer's failure to pay required contributions.  Finally, in Zorn v. K.C. Community Construction Co., Inc., 812 F.Supp. 948, 951-952 (W.D. Mo. 1992); irreparable harm was found in a case in which there was a delinquency, the employer lacked assets to pay the delinquency, employees might lose health care benefits, pension credits would be required to be given in cases where no work was performed, and there was some evidence of problems with the financial condition of the involved welfare fund.  The conduct involved in this case presents the type of irreparable harm which a temporary restraining order in an ERISA fringe benefit contribution injunction is designed to remedy.

## IV.    THE BALANCE OF HARMS REQUIRES ISSUANCE OF A TEMPORARY RESTRAINING ORDER.

The next relevant factor is the balance of harms accompanying the issuance or non-issuance of an injunction.  See Breeko, 1989 U.S. Dist. LEXIS 13975 at *12-*14. As the court noted in Breeko, where, as here, the Funds have "shown some likelihood of success on the merits, this balance of harms need not weigh as heavily in [their] favor." Breeko, 1989 U.S. Dist. LEXIS 13975 at *13.

As discussed in Section II, supra, it is likely that the Plaintiffs will prevail on the merits.  In such a case, as noted above, the balance of harms need not strongly weigh in

the Plaintiffs' favor. The Funds have presented evidence demonstrating that the absence of contributions from Defendants injures welfare fund participants by denying them health insurance coverage, which depends upon actual receipt of contributions, and injures the actuarial integrity of the pension fund, as a whole, by requiring the Trustees to utilize other pension fund assets for the pension benefits required to be paid for **CONSTRUCTION'S** employees. These concerns have been found sufficient to demonstrate irreparable harm which balances in favor of the Funds. See, e.g., Gould, 870 F.2d at 1217-1218, 1221-1222; Zorn v. K.C. Community Construction, Inc., 812 F. Supp. 948, 952 (W.D. Mo. 1992). In addition, absent the grant of this injunction, Defendants will attempt to utilize income generated from their bricklaying business for purposes other than the satisfaction of their ERISA fringe benefit contribution obligations. As the Court noted in Breeko, 1989 U.S. Dist. LEXIS 13975 at *12-13, the possibility that an employer may utilize its assets for purposes other than payment of its fringe benefit fund obligations requires a conclusion that the balance of harms favors the involved benefit fund.

In addition, there is no legitimate interest in performance of work without adhering to fringe benefit fund contribution obligations. See Zorn, 812 F. Supp. at 952 (No harm, for purposes of balance of harms, established by requirement that defendants honor collective bargaining agreement obligations).

This conclusion is not altered by the fact that the relief requested involves halting Defendants' performance of bricklaying related work until fringe benefit contributions are paid. Any restraint upon the performance of work would be a consequence of the failure to honor the terms of the collective bargaining agreement requiring that

contributions be made on an ongoing basis. Indeed, this was the formulation of the injunction issued by the Court in <u>Zorn</u> which decreed that the defendant "is enjoined from performing any electrical construction work within the geographical jurisdiction of IBEW Local Union No. 124 as long as it is a party to the Inside Agreement, unless the performance of such work is done in strict compliance" with an arbitration award requiring adherence to the contract's terms." <u>Zorn</u>, 812 F. Supp. at 953-954. If work was performed without fulfilling the fringe benefit contribution terms of the agreement, it would be performed in derogation of an injunction requiring contributions by these terms. As discussed above, there is not a legitimate interest of an employer in the continued performance of work contrary to the fringe benefit fund contribution terms of a collective bargaining agreement. Thus, the balance of harms in this matter weighs in favor of the Funds.

## V.    ISSUANCE OF A TEMPORARY RESTRAINING ORDER FURTHERS THE PUBLIC INTEREST.

Plaintiffs easily meets the fourth and final element in order to obtain preliminary injunctive relief. The public interest will not be adversely affected if an injunction is granted. The Seventh Circuit held in <u>Gould v. Lambert Excavating, Inc.</u> that a District Court could properly issue an injunction ordering and compelling an employer to make payments upon a proper showing of irreparable harm. The Court noted:

> [T]hat one of the expressed purposes of ERISA is to ensure the protection of millions of employees covered by pension plans: 'Congress finds . . . that the continued well being and security of millions of employees and their dependents are directly affected by these plans; that they are affected with a national public interest. . . .' (Citation omitted) Accordingly, the probability of irreparable harm is strong, although the facts of each case may differ and an injunction must be issued on a case by case basis.

<u>Gould,</u> 870 F.2d at 1221 (7th Cir. 1989).

Moreover, the interests of nonparties, including the public at large, will be served by granting the Temporary Restraining Order. There is a public interest in the receipt of benefits provided to a participant under an ERISA plan, and this interest would be directly impeded by denial of a temporary restraining order with the resultant increase in the likelihood of permanent deprivation of welfare medical benefits. See Lumpkin v. Envirodyne Industries, Inc., 933 F. 2d 449, 461 (7th Cir. 1991) (noting public interest in ensuring that employers provide pension benefits to employees for whom they provide such benefits). Additionally, there is a public interest in having employers live up to their obligations undertaken in their collective bargaining obligations which is implicated here.

Congress clearly expressed its view in ERISA "that the continued well-being and security of millions of employees and their dependents are directly affected by these plans; that they are affected with a national public interest . . . " 29 U.S.C. §1001(a). Furthermore, at least two district courts have found that the "stability and protection [of such plans] require assurance of adequate funding and the prevention of arbitrary termination of rights." Van Drivers, 551 F. Supp. at 432 quoting Central States, Southeast and Southwest Areas Pension and Health & Welfare Funds v. McNamara Motor Express, Inc., 503 F.Supp. 96 (W.D. Mich. 1980). Finally, the court in Van Drivers reiterated the established judicial view that §502(a)(3) of ERISA is "unambiguous evidence of Congress' express intent to permit federal courts to issue injunctions." Id. at 432 quoting Laborers Fringe Benefit Funds - Detroit & Vicinity v. Northwest Concrete & Constr., 640 F.2d 1350, 1352 (6th Cir. 1981) cf. Fechter v. HMW Indus., Inc., 879 F.2d 1111, 1120 (3rd Cir. 1989) affirming district court's grant of preliminary injunction and stating that "Congress . . . intended that courts exercise

discretion and discretion and flexibility in ensuring compliance with ERISA." For essentially the same reasons, this Court finds that it is in the public interest to grant Plaintiffs' Motion for a Preliminary Injunction.

That injunction, requiring submission of report forms and payment, was entered in favor of the Funds in <u>Southern Electrical Health Fund v. Bedrock Services</u>, 2003 U.S. Dist. Lexis 24396 (M.D. Tenn 2003) injunction aff'd on appeal 146 Fed. Apx. 772 (6th Cir. 2005).

<u>Chartier v. J & F Management Corp.</u> 15 EBC 2942, 1992 U.S. Dist. Lexis 17853 (S.D. N.Y. 1992) granted the fund's request for a preliminary injunction requiring payment of fund arrearages and future payments in order to prevent irreparable harm to beneficiaries and to insure the stability of such funds.

<u>Whitaker v. W. H. Construction, Inc.</u>, 2006 U.S. Dist. Lexis 23953 (S.D. Ind. 2006) entered an injunction in favor of the Carpenters benefit funds permanently enjoining the employer from failing or refusing to make timely payment of monies due the funds on behalf of all of defendant's employees for whom contributions are required under collective bargaining agreements. In so holding, the court recognized that the funds lack an adequate remedy at law and are likely to suffer irreparable harm.

Because the Pension Funds rely on cash flow from employer contributions to provide benefits, and because delinquent contributions impair the ability of the Funds to make accurate financial statements, the actuarial soundness of the Plaintiff Funds is being jeopardized by Defendant's failure to make its required contributions to the Plaintiffs when they are due. Furthermore, the Funds are harmed financially by the legal requirement that they credit employees with pension contributions even if their employer

fails to remit them.   Administrative hardship also is visited upon the Funds by these delinquencies.  To the same effect, <u>Potesta v. Kinslow Sheet Metal, Inc.</u>, 2005 U.S. Dist. Lexis 45456 (S.D. Ind. 2005).

Accordingly, District and Circuit courts from around the country recognize issuance of a temporary restraining order is appropriate, well supported in case law and the only way to prevent immediate and irreparable harm to the Fund, its participants and their beneficiaries who are **CONSTRUCTION'S** employees and their families.

Plaintiffs have met all the necessary elements for an issuance of a temporary restraining order as they have a strong likelihood of prevailing against Defendants.  The irreparable harm is clear as employees and their families stand to lose welfare coverage and the Fund is harmed by $610,345.99 delinquency of a single employer.  The balance of harms favors Plaintiff's as Defendants are not harmed by requiting them to perform as they are bound to by the collective bargaining agreement.  The public interest is served by protecting their continued coverage.

## CONCLUSION

All of the requirements for issuing a temporary restraining order satisfied in this case.  Accordingly this Court should issue a temporary restraining order (1) requiring defendants, **AL'S MASONRY CONTRACTING, INC.**, an Illinois corporation; **AL'S MAINTENANCE, INC.**, a dissolved Illinois corporation; **ALFONSO GUZMAN, SR.**, individually; **ANDREA GUZMAN**, Individually; and **MARIA SABAT** a/k/a **MARY SABAT** a/k/a **MARIA SORIA,** to pay Plaintiffs immediately all past due contributions and to pay to Plaintiffs timely on all contributions that accrue during this action, (2) prohibiting Defendants from dissipating or transferring any corporate assets, except in the

normal course of business, until all contributions are paid in full, (3) enjoining

Defendants from failing or refusing to pay monies due to the Fund, (4) waiving the

necessity of posting a bond as required by Fed. R. Civ. P 65(c), (5) enjoining Defendants

from violating the terms of the collective bargaining agreements and trust agreements by

refusing to make timely contributions to the Plaintiffs and ordering them to resume such

payments (6) enjoining Defendants from performing any further bricklaying work until

such contributions are made, and (7) granting Plaintiffs such other and further equitable

relief as this Court may deem appropriate.

Respectfully submitted

Donald  Schwartz

Donald D. Schwartz
Shane Luedke
ARNOLD & KADJAN
19 West Jackson Boulevard
Chicago, Illinois  60604
(312) 236-0415
ATTORNEYS FOR PLAINTIFFS

**IT IS HEREBY STIPULATED AND AGREED** BY AND BETWEEN

*83-042 1225*

NAME OF CONTRACTOR: *Al's Construction Inc.*

ADDRESS: *861 Sunnyside*

*Roselle IL 60*×*72*

PLEASE INDICATE THE FOLLOWING:

X CORPORATION

___ PARTNERSHIP

___ SOLE OWNER

___ OTHER, SPECIFY

TELEPHONE: *(630) 885-8891* FAX: *(630) 932-9524*

*(630-333-6656)*

FEIN #: *5518-9784*

AND ITS SUCCESSORS OR ASSIGNS (THE "EMPLOYER"), AND **ILLINOIS DISTRICT COUNCIL NO. 1 OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, AFL-CIO,** CONSISTING OF LOCAL UNIONS 20, 21, 27, 56, AND 74, AND ANY SUCCESSOR THERETO (THE "DISTRICT COUNCIL"), AS FOLLOWS:

**1.** THE EMPLOYER RECOGNIZES THE DISTRICT COUNCIL AS THE SOLE AND EXCLUSIVE COLLECTIVE BARGAINING AGENT FOR ALL EMPLOYEES PERFORMING WORK OF THE SORT AND IN THE LOCATIONS DESCRIBED IN THE ASSOCIATION AGREEMENTS AS DEFINED IN ¶ 2 OF THIS MEMORANDUM OF UNDERSTANDING (THE "EMPLOYEES") FOR THE PURPOSE OF ESTABLISHING RATES OF PAY, FRINGE BENEFIT CONTRIBUTIONS, HOURS OF EMPLOYMENT, AND OTHER TERMS AND CONDITIONS OF EMPLOYMENT. THE EMPLOYER ACKNOWLEDGES AND AGREES IN RESPONSE TO THE DISTRICT COUNCIL'S CLAIM THAT THERE IS NO GOOD FAITH DOUBT THAT THE DISTRICT COUNCIL HAS BEEN AUTHORIZED TO AND IN FACT DOES REPRESENT A MAJORITY OF THE EMPLOYEES, AND THEREFORE THE EMPLOYER RECOGNIZES THE DISTRICT COUNCIL AS THE SOLE AND EXCLUSIVE COLLECTIVE BARGAINING AGENT FOR THE EMPLOYEES UNDER SECTION 9(A) OF THE NATIONAL LABOR RELATIONS ACT.

**2.** THE EMPLOYER AGREES TO BE BOUND BY THE TERMS AND CONDITIONS OF EMPLOYMENT COVERING THE TYPE OF WORK AND THE LOCATIONS WHERE THE WORK IS PERFORMED AS SET FORTH IN THE AGREEMENT OR AGREEMENTS ENTERED INTO FROM TIME TO TIME, INCLUDING AMENDMENTS THERETO, BETWEEN THE DISTRICT COUNCIL AND ONE OR MORE OF THE FOLLOWING EMPLOYER ASSOCIATIONS OR THEIR SUCCESSORS ("ASSOCIATION AGREEMENT" OR "ASSOCIATION AGREEMENTS"): MASON CONTRACTORS ASSOCIATION OF GREATER CHICAGO, BUILDERS ASSOCIATION OF GREATER CHICAGO, FOX VALLEY MASON CONTRACTORS ASSOCIATION, LAKE COUNTY CONTRACTORS ASSOCIATION, SOUTH DUPAGE COUNTY MASON CONTRACTORS ASSOCIATION, AND FOX VALLEY GENERAL CONTRACTORS ASSOCIATION, EXCEPT TO THE EXTENT THOSE TERMS AND CONDITIONS ARE MODIFIED BY THIS MEMORANDUM OF UNDERSTANDING. UPON REQUEST, THE DISTRICT COUNCIL WILL PROVIDE THE EMPLOYER WITH A COPY OF THE THEN CURRENT ASSOCIATION AGREEMENT.

**3.** IF, AS OF THE DAY FOLLOWING EXPIRATION OF THE THEN EXISTING ASSOCIATION AGREEMENTS ("COMMENCEMENT DATE"), THERE ARE LOCATIONS AND WORK FOR WHICH AN ASSOCIATION AGREEMENT IS NOT IN EFFECT, THE TERMS AND CONDITIONS, OTHER THAN THOSE RELATING TO DURATION AND TERMINATION, OF THE ASSOCIATION AGREEMENT OR AGREEMENTS EXPIRING IMMEDIATELY PRIOR TO THE COMMENCEMENT DATE SHALL ESTABLISH THE TERMS AND CONDITIONS OF EMPLOYMENT FOR THE EMPLOYEES FOR A PERIOD OF SIXTY DAYS BEGINNING WITH THE COMMENCEMENT DATE, OR UNTIL A NEW ASSOCIATION AGREEMENT IS EFFECTIVE, WHICHEVER OCCURS FIRST, FOLLOWING WHICH THE TERMS AND CONDITIONS SET FORTH IN THE NEW ASSOCIATION AGREEMENT, IF ANY, SHALL BE IN FULL FORCE AND EFFECT. WITHIN 30 DAYS OF THE EXECUTION OF A NEW ASSOCIATION AGREEMENT OR AGREEMENTS COVERING LOCATIONS AND WORK WHICH WERE NOT COVERED BY AN ASSOCIATION AGREEMENT AS OF THE COMMENCEMENT DATE, THE EMPLOYER SHALL MAKE RETROACTIVE PAYMENTS TO AND ON BEHALF OF ALL EMPLOYEES FOR ALL INCREASED WAGES AND BENEFITS AS PROVIDED IN THE NEW ASSOCIATION AGREEMENT OR AGREEMENTS FOR WORK PERFORMED BETWEEN THE COMMENCEMENT DATE AND THE TIME THAT SUCH NEW ASSOCIATION AGREEMENT OR AGREEMENTS ARE EFFECTIVE. THE DISTRICT COUNCIL, AT ITS SOLE DISCRETION, AND AT ANY TIME, MAY TERMINATE THIS PARAGRAPH OF THIS MEMORANDUM OF UNDERSTANDING BY GIVING THE EMPLOYER WRITTEN NOTICE OF SUCH TERMINATION, AND THE EMPLOYER WAIVES ANY CLAIMS IT MIGHT AT ANY TIME HAVE AGAINST THE DISTRICT COUNCIL FOR SO TERMINATING THIS PARAGRAPH REGARDLESS OF WHETHER THE DISTRICT COUNCIL TAKES SUCH ACTION WITH RESPECT TO THE EMPLOYER ALONE OR WITH RESPECT TO ANY OR ALL OTHER EMPLOYERS.

**4.** THIS MEMORANDUM OF UNDERSTANDING SHALL REMAIN IN EFFECT AND SHALL BE GOVERNED BY ASSOCIATION AGREEMENTS ENTERED INTO IN THE FUTURE AND COVERING FUTURE TIME PERIODS UNLESS AND UNTIL IT HAS BEEN TERMINATED BY EITHER PARTY GIVING WRITTEN NOTICE OF TERMINATION TO THE OTHER NOT LESS THAN 60 AND NOT MORE THAN 90 DAYS PRIOR TO THE TERMINATION DATE OF THE THEN APPLICABLE ASSOCIATION AGREEMENT, IN WHICH EVENT THIS MEMORANDUM OF UNDERSTANDING SHALL TERMINATE ON THE LAST DAY OF THE THEN APPLICABLE ASSOCIATION AGREEMENT. IN THE EVENT NO SUCH TIMELY NOTICE IS GIVEN, THIS MEMORANDUM OF UNDERSTANDING SHALL REMAIN IN EFFECT UNTIL TERMINATED IN ACCORDANCE WITH ITS TERMS.

EXHIBIT

1

5. THE EMPLOYER AGREES TO PAY THE AMOUNTS OF THE CONTRIBUTIONS WHICH IT IS BOUND TO PAY TO THE SEVERAL FRINGE BENEFIT FUNDS DESCRIBED IN THE ASSOCIATION AGREEMENTS AND AGREES TO AND IS HEREBY BOUND BY AND CONSIDERED TO BE A PARTY TO THE AGREEMENTS AND DECLARATIONS OF TRUST CREATING EACH OF THOSE TRUST FUNDS, TOGETHER WITH ANY RESTATEMENTS OR AMENDMENTS THERETO WHICH HAVE BEEN OR MAY BE ADOPTED, AS IF IT HAD BEEN A PARTY TO AND SIGNED THE ORIGINAL COPIES OF THE TRUST INSTRUMENTS. THE EMPLOYER RATIFIES AND CONFIRMS THE APPOINTMENT OF EACH OF THE EMPLOYER TRUSTEES, WHO SHALL, TOGETHER WITH THEIR SUCCESSOR TRUSTEES DESIGNATED IN THE MANNER PROVIDED IN THOSE AGREEMENTS AND DECLARATIONS OF TRUST, AND, WHERE APPLICABLE, JOINTLY WITH AN EQUAL NUMBER OF TRUSTEES REPRESENTING EMPLOYEES, CARRY OUT THE TERMS AND CONDITIONS OF THE TRUST INSTRUMENTS.

6. WITH RESPECT TO THE AMOUNT OF CONTRIBUTIONS PAYABLE UNDER ASSOCIATION AGREEMENTS TO THE INTERNATIONAL MASONRY INSTITUTE, ILLINOIS MASONRY INSTITUTE PROMOTION TRUST, MASONRY INDUSTRY ADVANCEMENT FUND, ANY OF THEIR SUCCESSORS, OR ANY INDUSTRY AND/OR PROMOTION FUND WHICH MAY AT ANY TIME BE IDENTIFIED IN ANY ASSOCIATION AGREEMENT ("INDUSTRY OR PROMOTION FUNDS"), THE DISTRICT COUNCIL, AT ITS SOLE DISCRETION, SHALL HAVE THE RIGHT AT ANY TIME, AND FROM TIME TO TIME, TO ALLOCATE AND REALLOCATE ALL OR ANY PART OF THE AMOUNT OF SUCH CONTRIBUTIONS TO OR AMONG WAGES, CONTRIBUTIONS TO ONE OR MORE SUCH INDUSTRY OR PROMOTION FUNDS, OR ANY COMBINATION THEREOF. ANY SUCH ALLOCATION OR REALLOCATION SHALL BE EFFECTIVE 30 DAYS AFTER THE DISTRICT COUNCIL MAILS WRITTEN NOTICE THEREOF TO THE EMPLOYER. THE PARTIES AGREE THAT, INASMUCH AS THE TOTAL AMOUNT OF WAGES AND FRINGE BENEFIT CONTRIBUTIONS WHICH THE EMPLOYER IS OBLIGATED TO PAY SHALL REMAIN UNCHANGED, ANY SUCH ALLOCATION OR REALLOCATION BETWEEN INDUSTRY OR PROMOTION FUND CONTRIBUTIONS AND WAGES, OR BETWEEN OR AMONG INDUSTRY OR PROMOTION FUNDS, SHALL NOT BE DEEMED TO RESULT IN A MORE FAVORABLE WAGE OR ECONOMIC FRINGE BENEFIT RATE FOR PURPOSES OF "MOST FAVORED NATION" PROVISIONS OF THIS MEMORANDUM OF UNDERSTANDING OR ASSOCIATION AGREEMENTS.

7. ANY MEMORANDUM OF UNDERSTANDING OR OTHER AGREEMENT PREVIOUSLY EXECUTED BY THE PARTIES IS SUPERSEDED BY THIS MEMORANDUM OF UNDERSTANDING.

DATED THIS 15 DAY OF April , 2005 .

COMPANY NAME: Al's Construction, Inc.
(PRINT)

CONTRACT SIGNED BY: _____

PLEASE PRINT NAME: Andrea Guzman Mary Sabo

TITLE: President / Vice President
(PRINT)

ILLINOIS DISTRICT COUNCIL NO. 1 OF THE
INTERNATIONAL UNION OF BRICKLAYERS AND
ALLIED CRAFTWORKERS, AFL-CIO

BY: _____

PRESIDENT OF ILLINOIS DISTRICT COUNCIL NO. 1

NOTE: NOT VALID UNLESS SIGNED BY THE
DISTRICT COUNCIL PRESIDENT

RECEIVED BY: Tim Aikens
UNION REPRESENTATIVE

JOB LOCATION: Local 56 office
5/2/05

7/03

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS<br>AND ALLIED CRAFTSMEN LOCAL 56<br>FRINGE BENEFIT FUND,<br><br>          Plaintiffs,<br><br>   v.<br><br>AL'S MASONRY CONTRACTING,<br>INC., an Illinois corporation; AL'S MAINTENANCE,<br>INC., a dissolved Illinois corporation; ALFONSO<br>GUZMAN, SR., individually; ANDREA GUZMAN,<br>Individually; and MARIA SABAT a/k/a MARY SABAT<br>a/k/a MARIA SORIA, individually,<br><br>          Defendant. | )<br>)<br>)<br>) Case No. 08-cv-1616<br>)<br>) Judge James B. Zagel<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**AFFIDAVIT OF DOUG JOHNSTON**

DOUG JOHNSTON, being first duly sworn, deposes and states:

1. I am the Delinquency Coordinator of the Bricklayers Local 56 Fringe Benefit Funds. In that capacity I manage collection coordination from delinquent employers. Although the Funds are administered by their Boards of Trustees, I am one of the Funds' representatives.

2. Pursuant to the Declarations of Trust establishing the Funds, the respective Boards of Trustees dictate policies for all Funds and are responsible for enforcement of the Declarations of Trusts establishing their Fund and the provisions of the Bricklayers District Council's collective bargaining agreements which benefit their Fund. I am familiar with these Declarations and Agreements.



EXHIBIT
2

3.  Al's Construction, Inc. by and through its President, Andrea Guzman, and its Vice-President, Mary Sabat, signed Memoranda of Understanding on April 15, 2005. This agreement bound Al's Construction, Inc. to the Collective Bargaining Agreement between the District Council for the period from April 15, 2005 through the present.  In addition, during its corporate existence Al's Construction, Inc. ratified and agreed to be bound by the Collective Bargaining Agreement through behavior including submission of report forms with contributions presumably drawn from corporate assets.

4.  Pursuant to the provisions of the Collective Bargaining Agreement, Al's Construction, Inc. is bound to the Trust Declarations and required to make periodic contributions to the Funds for each hour worked by their bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified in the Collective Bargaining Agreement and Trust Declarations.

5.  Under the terms of the Collective Bargaining Agreement and Trust Declarations to which they are bound, Al's Construction is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether Al's Construction in compliance with its obligation to contribute to the Funds.  This authority permits the Trustees to require that information be given on a job by job basis in order to facilitate collection.  In addition, the Collective Bargaining Agreements and Trust Declarations require Defendants to pay liquidated damages, auditor fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

6.  My duties as a trust delinquency coordinator are to implement the trustees' policies and to enforce the Trust Declarations and area-wide Collective bargaining

Agreements. My duties include collecting billing delinquencies, coordinating audits of contributing employers, and handling employer contribution discrepancies.

7. My review of the files maintained by the Funds revealed that Al's Construction has neither filed fringe benefit contribution report forms nor submitted fringe benefit fund contributions for the period from November 1, 2007 through the present.

8. It is my reasonable belief that Defendants are performing bricklaying work as alter egos of Al's Construction and thus are required to report and contribute to the Funds for covered work hours of their employees.

9. Defendants have used cash and their bank corporate accounts to pay employees of Al's Construction who are or were bargaining unit employees or union members performing bricklaying work in order to avoid paying all due fringe benefit amounts to the Funds for these covered hours. This scheme resulted in hundreds of thousands of dollars in fringe benefit amounts owed to the Funds going unreported and unpaid.

10. The Pension Fund is required by law to credit covered employees with pension service credits regardless of whether the contributions are actually made by the covered employees' employer. Accordingly, a backlog of unpaid Pension Fund contributions, such as Defendants', results in economic hardship to the Pension Fund. This loss is irreparable due to its effect upon the Fund's actuarial soundness.

11. The Welfare Fund affords medical and other related coverage to covered employees when contributions have been received by the Welfare Fund. The failure to pay contributions on behalf of covered employees results in great hardship to these

3

employees because they are denied the hospitalization and other benefits to which they should be entitled based upon their work in employment covered under the collective bargaining agreement. If contributions are never recovered, this deprivation could be a permanent one.

12. All of the Funds suffer loss due to the lost investment opportunities on these contributions.

13. Defendants' failure to pay an estimated $610,345.99 over nearly three years works a substantial hardship and likelihood of loss as it jeopardizes the actuarial soundness and integrity of the Health and Welfare and Pension Funds causing the Health and Welfare and Pension Funds irreparable harm

14. These irreparable losses are increased and exacerbated if Defendants continue to perform bricklaying related work without making contributions to the Fund. Only an immediate order enforcing the terms of the collective bargaining agreement by requiring Defendants to cease bricklaying related work until their contributions are paid can remedy this problem. It cannot be solved by a judgment for money which may not prove collectible.

15. Defendants suffer no cognizable harm from imposition of an order forbidding them from performing bricklaying related work without making contributions to the Funds. Defendants do not have a legitimate interest in performing work without making their contractually required contributions.

16. The affiant is not currently suffering any infirmities and is competent to testify to all of the foregoing.

FURTHER AFFIANT SAYETH NOT.

_____

Doug Johnston

SUBSCRIBED to and sworn before
me this _24th_ day of March 2008.

NOTARY PUBLIC

OFFICIAL SEAL
DIANE C SHARP
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/07/12

5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

TRUSTEES OF THE BRICKLAYERS AND
ALLIED CRAFTSMEN LOCAL 56
FRINGE BENEFIT FUND.,                          )
                                               )
                 Plaintiff,                    )       Case No. 07 C 4370
                                               )
         v.                                    )       Judge George M. Marovich
                                               )       Magistrate Judge Valdez
                                               )
AL'S CONSTRUCTION, INC.,                       )
                                               )
                 Defendant.                    )

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant, Al's Construction, Inc., by its undersigned attorney, files its Answer to

Plaintiffs' Complaint as follows:

### COUNT I

1.      (a)      Jurisdiction of this cause is based on Section 301 of the National Labor
Relations Act, 29 U.S.C. Section 185(a) as amended.

        (b)      Jurisdiction of this cause is based on Sections 502 of the Employee
Retirement Income Security Act of 1974, 29 U.S.C. § 1132, 1145 ("ERISA"), as amended.

**ANSWER:**     Defendant admits the allegations in paragraph 1 of the Complaint.

2.      Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where
the Funds, as described in Paragraph 3, are administered.

**ANSWER:**     Defendant admits the allegations of paragraph 2 of the Complaint.

3.      (a)      The Plaintiffs in this count are TRUSTEES OF THE BRICKLAYERS
AND ALLIED CRAFTSMEN LOCAL 56 FRINGE BENEFIT FUND ("Funds"), and have
standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

        (b)      The Funds have been established pursuant to collective bargaining agreements

1



previously entered into between the Bricklayers and Allied Craftsmen Local 56 (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c)     The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

**ANSWER:**     Defendant admits the allegation of paragraph 3 of the Complaint.

4.     (a)     Defendant, AL'S CONSTRUCTION, INC. ("AL'S"), an Illinois corporation is an employer doing business within this Court's jurisdiction.

(b)     AL'S is an employer engaged in an industry affecting commerce.

**ANSWER:**     Defendant admits the allegation of paragraph 4 of the Complaint.

5.     Since on or about April 15, 2005, AL'S has entered into successive collective bargaining agreement with the Union pursuant to which they are required to make periodic contributions to the Funds on behalf of certain of its employees (Exhibit "A").

**ANSWER:**     Defendant admits the allegation of 5 of the Complaint.

6.     By virtue of certain provisions contained in the collective bargaining agreements, AL'S is bound by the Trust Agreement establishing the Funds.

**ANSWER:**     Defendant admits the allegation of paragraph 6 of the Complaint.

7.     Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, AL'S is required to make contributions to the Funds on behalf of its employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

**ANSWER:**     Defendant admits the allegation of paragraph 7 of the Complaint.

8.     Since April 15, 2005, AL'S has admitted, acknowledged and ratified the collective bargaining agreements entered into with the Union by filing periodic report forms with the Funds by making some but not all of the periodic payments to the Funds as required by the collective bargaining agreements.

**ANSWER:**    Defendant admits that it has filed periodic report forms with the funds and

made periodic payments to the Funds as required by the collective bargaining agreements.

Defendant denies all other allegation of paragraph 8 of the Complaint.

9.    Plaintiffs are advised and believe that for April 15, 2005 to the present AL'S has
failed to make some of the contributions from time to time required to be paid by it to the Funds
pursuant to the terms of the collective bargaining agreements and Trust Agreements by which it
is bound, all in violation of its contractual obligations and its obligations under applicable state
and federal statutes.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief

as to the truth of the allegations in paragraph 9 as to what Plaintiffs are advised or believe and

therefore denies said allegations in paragraph 9.    Defendant denies all other allegations of

paragraph 9 of the Complaint.


Respectfully submitted,



s/ Robert R. Cohen
Robert R. Cohen


Robert R. Cohen
Attorney for Defendant
77 West Washington St., Suite 1720
Chicago, IL  60602
(312) 759-9600

October 2, 2007

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL 56 FRINGE BENEFIT FUND,<br><br>     Plaintiffs,<br><br> v.<br><br>AL'S MASONRY CONTRACTING, INC., an Illinois corporation; AL'S MAINTENANCE, INC., a dissolved Illinois corporation; ALFONSO GUZMAN, SR., individually; ANDREA GUZMAN, Individually; and MARIA SABAT a/k/a MARY SABAT a/k/a MARIA SORIA, individually,<br><br>     Defendant. | )<br>)<br>)<br>) Case No.<br>)<br>) Judge<br>)<br>) Magistrate Judge<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**AFFIDAVIT OF MICHAEL SCREMENTI**

MICHAEL SCREMENTI, upon being first duly sworn on oath, states as follows:

1.   Affiant is an employee of LEGACY PROFESSIONALS, LLP an auditing firm ("the company").

2.   The Plaintiffs requested the company to perform a fringe benefit fund contribution compliance audit of the books and records of AL'S CONSTRUCTION, INC. and related entities for the period from April 1, 2005 through December 3, 2007.

3.   The audit encompassed an examination of payroll records and comparisons to amounts reported to the Funds.

4.   The audit of Al's Construction's books and records for the period April 1, 2005 to November 30, 2006 revealed unpaid contributions in the amount of $13,073.26 owed to the Funds.

EXHIBIT
4

5.     This audit revealed cash payments to covered employees separate from Al' Construction's weekly payroll issued from Chase Bank Payroll E Chex account and a total of $304,000.00 paid or transferred to Al's Masonry checking account, account number 560047241.

6.     The audit of Al's Masonry's State Bank of Illinois account, account number 560047241, for the period of March 30, 2007 to October 31, 2007 revealed unpaid contributions in the amount of $94,617.27 may be owed to the Funds, including but not limited to money owed for 2,682.5 unreported hours on one job at 3301 Wireton Road, Blue Island, Illinois.

7.     The audit of account 560047241 also revealed payments to Alfonso, Guzman, Sr. beyond Al's Construction's weekly payroll and payments to itself, Al's Masonry Contracting, Inc.

8.     The audit of Al's Masonry's First American Bank account, account number17101455302, for the period of September 13, 2007 to January 31, 2008 revealed unpaid contributions in the amount of $59,332.07 may be owed to the Funds.

9.     The audit of account 17101455302 also revealed payments to Al's Construction totaling $10,000.00 and Al's Maintenance totaling $1,000.00.

10.     The audit of account number 17101458302 also revealed numerous payments to mortgage holders and furniture stores, which the auditors are unable to verify as for personal or business use.

10.     The audit of Al's Construction's State Bank of Illinois account, account number 307477334, for the period of October 19, 2005 to April 23, 2007 revealed unpaid contributions in the amount of $11,241.90 may be owed to the Funds.

11.    The audit of account 307477334 also revealed payments to Al's Construction checking account 560046219 in the amount of $101,841.00 and Al's Masonry Contracting, Inc.'s business savings account, account number 307479397, in the amount of $130,000.00.

12.    The audit of Al's Construction's State Bank of Illinois account, account number 560046219, for the period of October 19, 2005 to April 23, 2007 revealed unpaid contributions in the amount of $146,276.22 may be owed to the Funds.

13.    The audit of Alfonso Guzman, Sr. and Maria V. Guzman's State Bank of Illinois checking account, account number 530346296, for the period of September 26, 2007 to December 10, 2007 revealed unpaid contributions in the amount of $492.21 may be owed to the Funds.

14.    The audit of Al's Maintenance's LaSalle Bank account, account number 5201779286, for the period of February 28, 2006 to December 3, 2007 revealed unpaid contributions in the amount of $285,313.06 may be owed to the Funds.

15.    The audit of account number 5201779286 also revealed numerous payments to mortgage holders, credit card companies, and car dealers, which the auditors are unable to verify as for personal or business use.

16.    The audits indicate that a total of $610,345.99 in contributions may be owed to the Funds.

17.    The Collective Bargaining Agreement also requires that in the event there is an audit deficiency, the audit costs are to be borne by the employer.  The company as not charged the Funds as of yet.

18.    I am competent to testify to the truth of the foregoing statements, and if

called to testify, would state as set forth herein.

_____
Michael Scrementi

Subscribed and sworn to before me this ___24___ day of March, 2008.

NOTARY PUBLIC

OFFICIAL SEAL
JENNIFER WISOWATY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/03/08

# LEGACY

PROFESSIONALS LLP

CERTIFIED PUBLIC ACCOUNTANTS

REVISED

June 14, 2007

Bricklayers and Allied Craftworkers
  District Council #1 – Illinois
1950 West 43rd Street
Chicago, Illinois 60609

We have applied certain procedures, as discussed below, to the payroll records of Al's Construction, Inc., a contributing employer to the Masonry Institute and Bricklayers District Council #1 Fringe Benefit Funds for the period April 1, 2005 to November 30, 2006. The purpose of our review was to assist you in determining whether contributions to the Trust Funds are being made in accordance with the collective bargaining agreements in effect and with the Trust Agreements of the Funds. The propriety of the contributions is the responsibility of the employer's management.

Our procedures included a review of the pertinent provision of the collective bargaining agreements and compared underlying employer payroll records to Fund contribution records. The employer records we reviewed included payroll journals, individual earnings records, payroll tax returns, contribution reports, job classifications, and general disbursement records as appropriate. The scope of this engagement was limited to records made available by the employer and would not necessarily disclose all exceptions in employer contributions to the Trust Funds. Any compensation paid to employees not disclosed to us or made part of the written record was not determinable by us and was not included in our review.

Our procedures related to a review of the employer's payroll records only and did not extend to any financial statements of the contributing employer. The procedures were substantially less in scope than an audit of the financial statements of the contributing employer, the objective of which is the expression of an opinion on the contributing employer's financial statements. Accordingly, no such opinion is expressed.

The exceptions to employer contributions are detailed on the accompanying schedule.

*Legacy Professionals LLP*

/tt

EXHIBIT
5

30 North LaSalle Street | Suite 4200 | Chicago, IL 60602 | 312.368.0500 | 312.368.0746 Fax | www.legacycpas.com

# LEGACY
## PROFESSIONALS LLP
### CERTIFIED PUBLIC ACCOUNTANTS

**REVISED**

June 14, 2007

Bricklayers and Allied Craftworkers
  District Council #1 - Illinois
1950 W. 43rd Street
Suite: 2 BAC
Chicago, Illinois 60609

## Payroll Audit Report

Employer Name :    Al's Construction Inc.

Account #:         2315          Telephone:   630-740-4067

Address :          1775 Cortland Court Unit D
                   Addison, IL 60101

Date of Audit :    January 17, 2007

Period Examined :  April 1, 2005 to November 30, 2006

Employer representative, if any, present at the time of the payroll audit:

          Dan Prince                        Accountant
          Name                              Title

Location of Audit  1595 Weld Rd #4
                   Elgin, IL 60123

Summary or reason for underreported or over reported contributions :
Did not report all hours worked.
Payments made to employees in addition to payroll
Did not report annuity hours correctly

As a result of the payroll audit conducted on the above employer's records:

     $13,073.26      is due to (from) the Masonry Institute and
                     Bricklayers Local 21 Fringe Benefit Funds
                     and Annuity Fund

                                   Terrence Truesdale
                                   Payroll Auditor(s)

BAC District Council #1 - Illinois
Fringe Benefit Funds
Summary of Deficiencies

Date:                        January 31, 2007

Last Date of Fieldwork:      January 17, 2007

Audit Period :               April 1, 2005 to November 30, 2006

Employer:                    Al's Construction Inc.

Account Number:              2315

| Total Paid | + | Total Discrepancies | = | Total Contributions Due |
|---|---|---|---|---|
| $46,787.80 | | $10,121.60 | | $56,909.40 |
| | | | 5% of Contributions Due | $2,845.47 |

| | Total | 2003 | 2004 | 2005 | 2006 | 2007 |
|---|---|---|---|---|---|---|
| Regular hours not reported | 621.00 | | | | 621.00 | |
| Annuity hours not reported | 622.50 | | | | 622.50 | |
| Health, Welfare | $4,180.96 | | | | $4,180.96 | |
| Pension | $2,642.67 | | | | $2,642.67 | |
| LMCC | $45.68 | | EFFECTIVE 6/1/05 | | $45.68 | |
| IPF | $155.26 | | | | $155.26 | |
| D.C.T.C. | $162.90 | | | | $162.90 | |
| IMI | $290.44 | | | | $290.44 | |
| DC Dues | $822.69 | | | | $822.69 | |
| Safety | $6.22 | | | | $6.22 | |
| Annuity Fund | $1,814.78 | | | | $1,814.78 | |
| Total discrepancies due | $10,121.60 | | | | $10,121.60 | |
| Liquidated damages @ 1.0% per month | $1,421.66 | | | | $1,421.66 | |
| Net Amount Due | $11,543.26 | | | | | |
| Less Credit for Overpayment of Benefits | | | | | | |
| Outstanding Balance Due | | | | | | |
| Payroll Audit Fees | $1,530.00 | | | | | |
| Total Amount Due | $13,073.26 | | | | | |

Dates
4/05-11/06

BAC District Council #1 - Illinois                          **REVISED**

Liquidated Damages
At 1.0% Per Month


Employer:     Al's Construction Inc.

A/C No:       2315

| 2003 | Deficiencies | Rate | Amount |
|------|--------------|------|--------|
| Jan | | 54.0% | |
| Feb | | 53.0% | |
| Mar | | 52.0% | |
| Apr | | 51.0% | |
| May | | 50.0% | |
| Jun | | 49.0% | |
| Jul | | 48.0% | |
| Aug | | 47.0% | |
| Sep | | 46.0% | |
| Oct | | 45.0% | |
| Nov | | 44.0% | |
| Dec | | 43.0% | |
| Total | | | |

| 2004 | Deficiencies | Rate | Amount |
|------|--------------|------|--------|
| Jan | | 42.0% | |
| Feb | | 41.0% | |
| Mar | | 40.0% | |
| Apr | | 39.0% | |
| May | | 38.0% | |
| Jun | | 37.0% | |
| Jul | | 36.0% | |
| Aug | | 35.0% | |
| Sep | | 34.0% | |
| Oct | | 33.0% | |
| Nov | | 32.0% | |
| Dec | | 31.0% | |
| Total | | | |

| 2005 | Deficiencies | Rate | Amount |
|------|--------------|------|--------|
| Jan | | 30.0% | |
| Feb | | 29.0% | |
| Mar | | 28.0% | |
| Apr | | 27.0% | |
| May | | 26.0% | |
| Jun | | 25.0% | |
| Jul | | 24.0% | |
| Aug | | 23.0% | |
| Sep | | 22.0% | |
| Oct | | 21.0% | |
| Nov | | 20.0% | |
| Dec | | 19.0% | |
| Total | | | |

BAC District Council #1 - Illinois

**REVISED**

Liquidated Damages
At 1.0% Per Month

Employer:    Al's Construction Inc.

A/C No:      2315

| 2006 | Deficiencies | Rate | Amount |
|------|-------------|------|--------|
| Jan | 1,263.26 | 18.0% | 227.39 |
| Feb | 387.52 | 17.0% | 65.88 |
| Mar | 1,364.00 | 16.0% | 218.24 |
| Apr | 1,108.24 | 15.0% | 166.24 |
| May | 968.76 | 14.0% | 135.63 |
| Jun | 3,925.63 | 13.0% | 510.33 |
| Jul | | 12.0% | |
| Aug | | 11.0% | |
| Sep | 481.04 | 10.0% | 48.10 |
| Oct | | 9.0% | |
| Nov | 623.13 | 8.0% | 49.85 |
| Dec | | 7.0% | |
| Total | 10,121.58 | | 1,421.66 |

| 2007 | Deficiencies | Rate | Amount |
|------|-------------|------|--------|
| Jan | | 6.0% | |
| Feb | | 5.0% | |
| Mar | | 4.0% | |
| Apr | | 3.0% | |
| May | | 2.0% | |
| Jun | | 1.0% | |
| Jul | | | |
| Aug | | | |
| Sep | | | |
| Oct | | | |
| Nov | | | |
| Dec | | | |
| Total | | | |

REVISED

PAYROLL AUDIT - SCHEDULE OF DELINQUENT HOURS

CONTRACTOR NAME: Al's Construction Inc.
AUDIT PERIOD: April 1, 2005 to November 30, 2006
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

2005

1 of 2

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  | Jan-05 |  |  |  |  |  |  |  |  |  |  |  |  |
|  | MONTH TOTALS |  |  |  |  | 11.37 |  |  |  |  | 2.50 |  |  |
|  | Feb-05 |  |  |  |  |  |  |  |  |  |  |  |  |
|  | MONTH TOTALS |  |  |  |  | 11.37 |  |  |  |  | 2.50 |  |  |
|  | Mar-05 |  |  |  |  |  |  |  |  |  |  |  |  |
|  | MONTH TOTALS |  |  |  |  | 11.37 |  |  |  |  | 2.50 |  |  |
|  | Apr-05 | All Bricklayers |  |  |  |  |  |  |  |  |  |  |  |
|  | MONTH TOTALS |  |  |  |  | 11.37 |  |  |  |  | 2.50 |  |  |
|  | May-05 | All Bricklayers |  |  |  |  |  |  |  |  |  |  |  |
|  | MONTH TOTALS |  |  |  |  | 11.37 |  |  |  |  | 2.50 |  |  |
|  | Jun-05 | All Bricklayers | 328.00 | 328.00 |  | 12.75 |  | 328.00 | 328.00 |  | 2.75 |  |  |
|  | MONTH TOTALS |  | 328.00 | 328.00 |  |  |  | 328.00 | 328.00 |  |  |  |  |

REVISED

2 of 2

PAYROLL AUDIT - SCHEDULE OF DELINQUENT HOURS

CONTRACTOR NAME: Al's Construction Inc.
AUDIT PERIOD: April 1, 2005 to November 30, 2006
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

2005

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Jul-05 | All Bricklayers | 144.00 | 144.00 | | 12.75 | | 144.00 | 144.00 | | 2.75 | | |
| | | MONTH TOTALS | 144.00 | 144.00 | | | | 144.00 | 144.00 | | | | |
| | Aug-05 | All Bricklayers | 188.00 | 188.00 | | 12.75 | | 188.00 | 188.00 | | 2.75 | | |
| | | MONTH TOTALS | 188.00 | 188.00 | | | | 188.00 | 188.00 | | | | |
| | Sep-05 | All Bricklayers | 304.00 | 304.00 | | 12.75 | | 304.00 | 304.00 | | 2.75 | | |
| | | MONTH TOTALS | 304.00 | 304.00 | | | | 304.00 | 304.00 | | | | |
| | Oct-05 | All Bricklayers | 200.00 | 200.00 | | 12.75 | | 200.00 | 200.00 | | 2.75 | | |
| | | MONTH TOTALS | 200.00 | 200.00 | | | | 200.00 | 200.00 | | | | |
| | Nov-05 | All Bricklayers | 128.00 | 128.00 | | 12.75 | | 128.00 | 128.00 | | 2.75 | | |
| | | MONTH TOTALS | 128.00 | 128.00 | | | | 128.00 | 128.00 | | | | |
| | Dec-05 | All Bricklayers | 114.00 | 114.00 | | 12.75 | | 114.00 | 114.00 | | 2.75 | | |
| | | MONTH TOTALS | 114.00 | 114.00 | | | | 114.00 | 114.00 | | | | |
| | | 2005 TOTALS | 1,406.00 | 1,406.00 | | | | 1,406.00 | 1,406.00 | | | | |

REVISED

PAYROLL AUDIT - SCHEDULE OF DELINQUENT HOURS

CONTRACTOR NAME: Al's Construction Inc.
AUDIT PERIOD: April 1, 2005 to November 30, 2006
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

2006

1 of 2

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | Jan-06 | Valdez, Roque | 83.00 | 44.00 | 39.00 | 12.75 | 497.25 | 83.00 | 44.00 | 39.00 | 2.75 | 107.25 | 604.50 |
| 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 | Jan-06 | Valdez, Efrain | 86.50 | 44.00 | 42.50 | 12.75 | 541.88 | 86.50 | 44.00 | 42.50 | 2.75 | 116.88 | 658.76 |
| | Jan-06 | All Other Bricklayers | 48.00 | 48.00 | | 12.75 | | 48.00 | 48.00 | | 2.75 | | |
| | | MONTH TOTALS | 217.50 | 136.00 | 81.50 | | 1,039.13 | 217.50 | 136.00 | 81.50 | | 224.13 | 1,263.26 |
| 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 | Feb-06 | Valdez, Roque | 44.50 | 32.00 | 12.50 | 12.75 | 159.38 | 44.50 | 32.00 | 12.50 | 2.75 | 34.38 | 193.76 |
| 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 | Feb-06 | Valdez, Efrain | 44.50 | 32.00 | 12.50 | 12.75 | 159.38 | 44.50 | 32.00 | 12.50 | 2.75 | 34.38 | 193.76 |
| | Feb-06 | All Other Bricklayers | 16.00 | 16.00 | | 12.75 | | 16.00 | 16.00 | | 2.75 | | |
| | | MONTH TOTALS | 105.00 | 80.00 | 25.00 | | 318.76 | 105.00 | 80.00 | 25.00 | | 68.76 | 387.52 |
| 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 | Mar-06 | Reyes, Edgar | 72.00 | | 72.00 | 12.75 | 918.00 | 72.00 | | 72.00 | 2.75 | 198.00 | 1,116.00 |
| 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 | Mar-06 | Contreras, Roque | 16.00 | | 16.00 | 12.75 | 204.00 | 16.00 | | 16.00 | 2.75 | 44.00 | 248.00 |
| | | MONTH TOTALS | 88.00 | | 88.00 | | 1,122.00 | 88.00 | | 88.00 | | 242.00 | 1,364.00 |
| 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 | Apr-06 | Valdez, Roque | 35.75 | | 35.75 | 12.75 | 455.81 | 35.75 | | 35.75 | 2.75 | 98.31 | 554.12 |
| 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 | Apr-06 | Valdez, Efrain | 35.75 | | 35.75 | 12.75 | 455.81 | 35.75 | | 35.75 | 2.75 | 98.31 | 554.12 |
| | Apr-06 | All Other Bricklayers | | | | 12.75 | | | | | 2.75 | | |
| | | MONTH TOTALS | 71.50 | | 71.50 | | 911.62 | 71.50 | | 71.50 | | 196.62 | 1,108.24 |
| 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 | May-06 | Valdez, Roque | 31.25 | | 31.25 | 12.75 | 398.44 | 31.25 | | 31.25 | 2.75 | 85.94 | 484.38 |
| 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 | May-06 | Valdez, Efrain | 31.25 | | 31.25 | 12.75 | 398.44 | 31.25 | | 31.25 | 2.75 | 85.94 | 484.38 |
| | May-06 | All Other Bricklayers | | | | 12.75 | | | | | 2.75 | | |
| | | MONTH TOTALS | 62.50 | | 62.50 | | 796.88 | 62.50 | | 62.50 | | 171.88 | 968.76 |
| 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 | Jun-06 | Reyes, Edgar | 32.00 | | 32.00 | 14.08 | 450.56 | 32.00 | | 32.00 | 3.10 | 99.20 | 549.76 |
| 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 | Jun-06 | Contreras, Roque | 32.00 | | 32.00 | 14.08 | 450.56 | 32.00 | | 32.00 | 3.10 | 99.20 | 549.76 |
| 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 | Jun-06 | Valdez, Roque | 60.00 | | 60.00 | 14.08 | 844.80 | 60.00 | | 60.00 | 3.10 | 186.00 | 1,030.80 |
| 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 | Jun-06 | Valdez, Efrain | 80.50 | | 80.50 | 14.08 | 1,133.44 | 80.50 | | 80.50 | 3.10 | 249.55 | 1,382.99 |
| 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 | Jun-06 | Guerrero, Armando | 24.00 | | 24.00 | 14.08 | 337.92 | 24.00 | | 24.00 | 3.10 | 74.40 | 412.32 |
| | Jun-06 | All Other Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | 228.50 | | 228.50 | | 3,217.28 | 228.50 | | 228.50 | | 708.35 | 3,925.63 |

REVISED

2 of 2

PAYROLL AUDIT - SCHEDULE OF DELINQUENT HOURS

CONTRACTOR NAME: Al's Construction Inc.
AUDIT PERIOD: April 1, 2005 to November 30, 2006
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

2006

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Jul-06 | All Bricklayers | 88.00 | 88.00 | | 14.08 | | 88.00 | 88.00 | | 3.10 | | |
| | | MONTH TOTALS | 88.00 | 88.00 | | | | 88.00 | 88.00 | | | | |
| | Aug-06 | All Bricklayers | 260.00 | 260.00 | | 14.08 | | 260.00 | 260.00 | | 3.10 | | |
| | | MONTH TOTALS | 260.00 | 260.00 | | | | 260.00 | 260.00 | | | | |
| 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 | Sep-06 | Reyes, Edgar | 60.00 | 56.00 | 4.00 | 14.08 | 56.32 | 60.00 | 56.00 | 4.00 | 3.10 | 12.40 | 68.72 |
| 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 | Sep-06 | Valdez, Roque | 116.00 | 108.00 | 8.00 | 14.08 | 112.64 | 116.00 | 108.00 | 8.00 | 3.10 | 24.80 | 137.44 |
| 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 | Sep-06 | Guerrero, Armando | 80.00 | 64.00 | 16.00 | 14.08 | 225.28 | 80.00 | 64.00 | 16.00 | 3.10 | 49.60 | 274.88 |
| | Sep-06 | All Other Bricklayers | 320.00 | 320.00 | | 14.08 | | 320.00 | 320.00 | | 3.10 | | |
| | | MONTH TOTALS | 576.00 | 548.00 | 28.00 | | 394.24 | 576.00 | 548.00 | 28.00 | | 86.80 | 481.04 |
| | Oct-06 | All Bricklayers | 246.00 | 246.00 | | 14.08 | | 246.00 | 246.00 | | 3.10 | | |
| | | MONTH TOTALS | 246.00 | 246.00 | | | | 246.00 | 246.00 | | | | |
| 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 | Nov-06 | Reyes, Edgar | 16.00 | | 16.00 | 14.08 | 225.28 | 17.50 | | 17.50 | 3.10 | 54.25 | 279.53 |
| 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 | Nov-06 | Valdez, Roque | 48.00 | 44.00 | 4.00 | 14.08 | 56.32 | 48.00 | 44.00 | 4.00 | 3.10 | 12.40 | 68.72 |
| 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 | Nov-06 | Guerrero, Armando | 16.00 | | 16.00 | 14.08 | 225.28 | 16.00 | | 16.00 | 3.10 | 49.60 | 274.88 |
| | Nov-06 | All Other Bricklayers | 74.00 | 74.00 | | 14.08 | | 74.00 | 74.00 | | 3.10 | | |
| | | MONTH TOTALS | 154.00 | 118.00 | 36.00 | | 506.88 | 155.50 | 118.00 | 37.50 | | 116.25 | 623.13 |
| | Dec-06 | | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | | 2006 TOTALS | 2,097.00 | 1,476.00 | 621.00 | | 8,306.79 | 2,098.50 | 1,476.00 | 622.50 | | 1,814.79 | 10,121.58 |



# LEGACY
## PROFESSIONALS LLP
### CERTIFIED PUBLIC ACCOUNTANTS

February 20, 2008

A/C 2315

Local 56 Masons and Plasterers
  Fringe Benefit Funds
371 South Main Place
Carol Stream, IL 60188

    We have applied certain procedures, as discussed below, to the
records (provided to us by the Funds) of Al's Masonry Contracting; State
Bank of Illinois Account Number 307479397, a contributing employer to the
Local 56 Masons and Plasterers Fringe Benefit Funds for the period March
30, 2007 to September 28, 2007. The purpose of our review was to assist
you in determining whether contributions to the Trust Funds are being
made in accordance with the collective bargaining agreements in effect
and with the Trust Agreements of the Funds. The propriety of the
contributions is the responsibility of the employer's management.

    Our procedures included a review of the pertinent provision of the
collective bargaining agreements and analysis of employer provided
records. The employer records we reviewed included general disbursement
records and bank statements. The scope of this engagement was limited to
records made available by the employer and would not necessarily disclose
all exceptions in employer contributions to the Trust Funds. Any
compensation paid to employees not disclosed to us or made part of the
written record was not determinable by us and was not included in our
review.

    Our procedures related to a review of the employer's records only
and did not extend to any financial statements of the contributing
employer. The procedures were substantially less in scope than an audit
of the financial statements of the contributing employer, the objective
of which is the expression of an opinion on the contributing employer's
financial statements. Accordingly, no such opinion is expressed.

    There were no exceptions found in contributions reported to the
Funds during our payroll audit period.

                            *Legacy Professionals LLP*

/tt



**LEGACY**
PROFESSIONALS LLP
CERTIFIED PUBLIC ACCOUNTANTS

March 15, 2008

Local 56 Masons and Plasterers
 Fringe Benefit Funds
371 South Main Place
Carol Stream, IL 60188

## Payroll Audit Report- Independent Agreement

Employer Name :     Al's Masonry- First American Bank Account# 17101455302          AGID: 56IND

Account #:          2315          Telephone:   630-740-4067

Address :           1775 Cortland Court Unit D
                    Addison, IL 60101

Date of Audit :     March 12, 2008

Period Examined :   September 13, 2007 to January 31, 2008

Employer representative, if any, present at the time of the payroll audit:

            Doug Johnston                         Delinquency Coordinator
            Name                                  Title

Location of Audit   1775 Cortland Court Unit D
                    Addison, IL 60101

Summary or reason for underreported or overreported contributions :
Payments made to individuals that may have been performing bargaining unit work.


As a result of the payroll audit conducted on the above employer's records:

            $59,332.07      is due to (from) the Local 56 Masons
                            and Plasterers Fringe Benefit Funds.


                            Terrence Truesdale; Ben Yackley
                            Payroll Auditor(s)

**Local 56 Masons and Plasterers**
**Fringe Benefit Funds - Independent Agreement**
**Summary of Deficiencies**
**Bricklayers-Independent**

| | |
|---|---|
| Date: | March 15, 2008 |
| Last Date of Fieldwork: | March 14, 2008 |
| Audit Period : | September 13, 2007 to January 31, 2008 |
| Employer: | Al's Masonry- First American Bank Account# 17101455302 |
| Account Number: | 2315 |

| Total Paid | + | Total Discrepancies | = | Total Contributions Due |
|---|---|---|---|---|
| $          - | | $ 50,167.16 | | $    50,167.16 |
| | | 5% of Contributions Due | | $      2,508.36 |

| | Total | 2004 | 2005 | 2006 | 2007 | 2008 | |
|---|---|---|---|---|---|---|---|
| Regular hours not reported | 2,655.75 | - | - | - | 2,581.50 | 74.25 | Jan-Jun 07 / Jul-Dec 07 |
| Annuity hours not reported | 2,655.75 | - | - | - | 2,581.50 | 74.25 | Jan-Jun 07 / Jul-Dec 07 |
| Health, Welfare | $ 20,449.28 | $ - | $ - | $ - | $ 19,877.55 | $ 571.73 | Jan-Jun 07 / Jul-Dec 07 |
| Pension | $ 12,667.93 | $ - | $ - | $ - | $ 12,313.76 | $ 354.17 | Jan-Jun 07 / Jul-Dec 07 |
| LMCC | $ 265.58 | EFF.6/1/05 | $ - | $ - | $ 258.15 | $ 7.43 | Jan-Jun 07 / Jul-Dec 07 |
| ICE | $ 26.56 | | EFFECTIVE 7/1/07 | | $ 25.82 | $ 0.74 | Jul-Dec 07 |
| IPF | $ 1,327.88 | $ - | $ - | $ - | $ 1,290.75 | $ 37.13 | Jan-Jun 07 / Jul-Dec 07 |
| D.C.T.C. | $ 663.94 | $ - | $ - | $ - | $ 645.38 | $ 18.56 | Jan-Jun 07 / Jul-Dec 07 |
| IMI | $ 1,434.11 | $ - | $ - | $ - | $ 1,394.01 | $ 40.10 | Jan-Jun 07 / Jul-Dec 07 |
| DC Dues | $ 4,010.19 | $ - | $ - | $ - | $ 3,898.07 | $ 112.12 | Jan-Jun 07 / Jul-Dec 07 |
| Safety | $ 26.56 | $ - | $ - | $ - | $ 25.82 | $ 0.74 | Jan-Jun 07 / Jul-Dec 07 |
| Annuity Fund | $ 9,295.13 | $ - | $ - | $ - | $ 9,035.25 | $ 259.88 | Jan-Jun 07 / Jul-Dec 07 |
| Total discrepancies due | $ 50,167.16 | $ - | $ - | $ - | $ 48,764.56 | $ 1,402.60 | Jan-Jun 07 / Jul-Dec 07 |
| Liquidated Damages @ 10% | $ 5,016.72 | | EFFECTIVE 7/1/07 | | $ 4,876.46 | $ 140.26 | Jul-Dec 07 |
| Liquidated Damages @ 1.0% per month | $ - | $ - | $ - | $ - | | | Jan-Jun 07 |
| Interest @ 1.5% per month | $ 4,148.19 | | EFFECTIVE 7/1/07 | | $ 4,085.07 | $ 63.12 | Jul-Dec 07 |
| Net Amount Due | $ 59,332.07 | | | | | | |
| Outstanding Balance Due | | | | | | | |
| Payroll Audit Fees | yes | | | | | | |
| Total Amount Due | $ 59,332.07 | | | | | | |

Dates
1/6/02 - 3/31/04

LD's @ 10% and interest @ 1.5% per month applies to
deficiencies from July 1, 2007 forward.

LD's @ 1.0% per month applies to deficiencies
prior to July 1, 2007.

Local 56 Masons and Plasterers
Fringe Benefit Funds
Bricklayers - Independent Agreement
Interest
At 1.5% Per Month

### EFFECTIVE JULY 1, 2007

Employer:     Al's Masonry- First American Bank Account# 1710145530

A/C No:     2315

| 2007 | Deficiencies | Rate | Amount |
|---|---|---|---|
| Jan | | | |
| Feb | | | |
| Mar | | | |
| Apr | | | |
| May | | | |
| Jun | | | |
| Jul | | 13.50% | |
| Aug | | 12.00% | |
| Sep | 6,484.03 | 10.50% | 680.82 |
| Oct | 20,963.27 | 9.00% | 1,886.69 |
| Nov | 15,900.71 | 7.50% | 1,192.55 |
| Dec | 5,416.75 | 6.00% | 325.01 |
| Total | 48,764.76 | | 4,085.07 |

| 2008 | Deficiencies | Rate | Amount |
|---|---|---|---|
| Jan | 1,402.59 | 4.50% | 63.12 |
| Feb | | 3.00% | |
| Mar | | 1.50% | |
| Apr | | | |
| May | | | |
| Jun | | | |
| Jul | | | |
| Aug | | | |
| Sep | | | |
| Oct | | | |
| Nov | | | |
| Dec | | | |
| Total | 1,402.59 | | 63.12 |

PAYROLL AUDIT - SCHEDULE OF DELINQUENT HOURS

CONTRACTOR NAME: Al's Masonry- First American Bank Account# 17101455302
AUDIT PERIOD: September 13, 2007 to January 31, 2008
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

2007

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Jan-07 | | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Feb-07 | | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Mar-07 | | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Apr-07 | | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | May-07 | | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Jun-07 | | | | | 15.38 | | | | | 3.50 | | |
| | | MONTH TOTALS | | | | | | | | | | | |

1 of 1

PAYROLL AUDIT - SCHEDULE OF DELINQUENT HOURS

CONTRACTOR NAME: Al's Masonry - First American Bank Account# 1710145302
AUDIT PERIOD: September 13, 2007 to January 31, 2008
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

2007

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Jul-07 | | | | | 15.39 | | | | | 3.50 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Aug-07 | | | | | 15.39 | | | | | 3.50 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| N/A | Sep-07 | Guzman, Alfonso Sr. | 60.50 | | 60.50 | 15.39 | 931.10 | 60.50 | | 60.50 | 3.50 | 211.75 | 1,142.85 |
| N/A | Sep-07 | Carvajal, Cristina | 10.00 | | 10.00 | 15.39 | 153.90 | 10.00 | | 10.00 | 3.50 | 35.00 | 188.90 |
| N/A | Sep-07 | Hernandez, Francisco | 42.50 | | 42.50 | 15.39 | 654.08 | 42.50 | | 42.50 | 3.50 | 148.75 | 802.83 |
| N/A | Sep-07 | Cruz, Jose | 22.50 | | 22.50 | 15.39 | 346.28 | 22.50 | | 22.50 | 3.50 | 78.75 | 425.03 |
| N/A | Sep-07 | Flores, Jose | 13.25 | | 13.25 | 15.39 | 203.92 | 13.25 | | 13.25 | 3.50 | 46.38 | 250.30 |
| N/A | Sep-07 | Garcia, Jose | 39.75 | | 39.75 | 15.39 | 611.75 | 39.75 | | 39.75 | 3.50 | 139.11 | 750.88 |
| N/A | Sep-07 | Hernandez, Juan | 30.75 | | 30.75 | 15.39 | 473.24 | 30.75 | | 30.75 | 3.50 | 107.61 | 580.87 |
| N/A | Sep-07 | Ortega, Juan | 32.75 | | 32.75 | 15.39 | 504.02 | 32.75 | | 32.75 | 3.50 | 114.63 | 618.65 |
| N/A | Sep-07 | Gonzales, Manuel | 19.75 | | 19.75 | 15.39 | 303.95 | 19.75 | | 19.75 | 3.50 | 69.13 | 373.08 |
| N/A | Sep-07 | Martinez, Mario | 34.00 | | 34.00 | 15.39 | 523.26 | 34.00 | | 34.00 | 3.50 | 119.00 | 642.26 |
| N/A | Sep-07 | Saenz, Miguel | 15.50 | | 15.50 | 15.39 | 238.55 | 15.50 | | 15.50 | 3.50 | 54.25 | 292.80 |
| N/A | Sep-07 | King, Ricardo | 22.00 | | 22.00 | 15.39 | 338.58 | 22.00 | | 22.00 | 3.50 | 77.00 | 415.58 |
| N/A | Sep-07 | All Other Bricklayers | | | | 15.39 | | | | | 3.50 | | |
| | | MONTH TOTALS | 343.25 | | 343.25 | | 5,282.63 | 343.25 | | 343.25 | | 1,201.40 | 6,484.03 |
| N/A | Oct-07 | Guzman, Alfonso Jr. | 8.25 | | 8.25 | 15.39 | 126.97 | 8.25 | | 8.25 | 3.50 | 28.88 | 155.85 |
| N/A | Oct-07 | Guzman, Alfonso Sr. | 355.75 | | 355.75 | 15.39 | 5,474.99 | 355.75 | | 355.75 | 3.50 | 1,245.13 | 6,720.12 |
| N/A | Oct-07 | Carvajal, Alicia | 16.50 | | 16.50 | 15.39 | 253.94 | 16.50 | | 16.50 | 3.50 | 57.75 | 311.69 |
| N/A | Oct-07 | Guzman, Andrea | 41.50 | | 41.50 | 15.39 | 638.69 | 41.50 | | 41.50 | 3.50 | 145.25 | 783.94 |
| N/A | Oct-07 | Saenz, Cristian | 13.25 | | 13.25 | 15.39 | 203.92 | 13.25 | | 13.25 | 3.50 | 46.38 | 250.30 |
| N/A | Oct-07 | Carvajal, Cristina | 57.75 | | 57.75 | 15.39 | 888.77 | 57.75 | | 57.75 | 3.50 | 202.13 | 1,090.90 |
| N/A | Oct-07 | Hernandez, Francisco | 71.25 | | 71.25 | 15.39 | 1,096.54 | 71.25 | | 71.25 | 3.50 | 249.38 | 1,345.92 |
| N/A | Oct-07 | Soria, Gabriel | 63.25 | | 63.25 | 15.39 | 973.42 | 63.25 | | 63.25 | 3.50 | 221.38 | 1,194.80 |
| N/A | Oct-07 | Rodriguez, Israel | 7.00 | | 7.00 | 15.39 | 107.73 | 7.00 | | 7.00 | 3.50 | 24.50 | 132.23 |
| N/A | Oct-07 | Cruz, Jose | 57.00 | | 57.00 | 15.39 | 877.23 | 57.00 | | 57.00 | 3.50 | 199.50 | 1,076.73 |
| N/A | Oct-07 | Flores, Jose | 13.25 | | 13.25 | 15.39 | 203.92 | 13.25 | | 13.25 | 3.50 | 46.38 | 250.30 |
| N/A | Oct-07 | Garcia, Jose | 10.75 | | 10.75 | 15.39 | 165.44 | 10.75 | | 10.75 | 3.50 | 37.63 | 203.07 |
| N/A | Oct-07 | Hernandez, Juan | 68.50 | | 68.50 | 15.39 | 1,054.22 | 68.50 | | 68.50 | 3.50 | 239.75 | 1,293.97 |
| N/A | Oct-07 | Ortega, Juan | 30.75 | | 30.75 | 15.39 | 473.24 | 30.75 | | 30.75 | 3.50 | 107.61 | 580.87 |
| N/A | Oct-07 | Ocampo, Judith | 10.00 | | 10.00 | 15.39 | 153.90 | 10.00 | | 10.00 | 3.50 | 35.00 | 188.90 |
| N/A | Oct-07 | Sandoval, Manuel | 69.25 | | 69.25 | 15.39 | 1,065.76 | 69.25 | | 69.25 | 3.50 | 242.38 | 1,308.14 |
| N/A | Oct-07 | Martinez, Mario | 13.50 | | 13.50 | 15.39 | 207.77 | 13.50 | | 13.50 | 3.50 | 47.25 | 255.02 |
| N/A | Oct-07 | Saenz, Miguel | 23.00 | | 23.00 | 15.39 | 353.97 | 23.00 | | 23.00 | 3.50 | 80.50 | 434.47 |

PAYROLL AUDIT - SCHEDULE OF DELINQUENT HOURS

CONTRACTOR NAME: Al's Masonry- First American Bank Account# 17101455302
AUDIT PERIOD: September 13, 2007 to January 31, 2008
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

2007

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| N/A | Oct-07 | Stahl, Paul | 68.50 | | 68.50 | 15.39 | 1,054.22 | 68.50 | | 68.50 | 3.50 | 239.75 | 1,293.97 |
| N/A | Oct-07 | Hernandez, Ricardo | 30.00 | | 30.00 | 15.39 | 461.70 | 30.00 | | 30.00 | 3.50 | 105.00 | 566.70 |
| N/A | Oct-07 | Mendoza, Rosendo | 35.25 | | 35.25 | 15.39 | 542.50 | 35.25 | | 35.25 | 3.50 | 123.38 | 665.88 |
| N/A | Oct-07 | Guzman, Veronica | 11.50 | | 11.50 | 15.39 | 176.99 | 11.50 | | 11.50 | 3.50 | 40.25 | 217.24 |
| N/A | Oct-07 | Flores, Virginia | 24.00 | | 24.00 | 15.39 | 369.36 | 24.00 | | 24.00 | 3.50 | 84.00 | 453.36 |
| | Oct-07 | All Other Bricklayers | | | | 15.39 | | | | | 3.50 | | |
| | | MONTH TOTALS | 1,109.75 | | 1,109.75 | | 17,079.09 | 1,109.75 | | 1,109.75 | | 3,884.18 | 20,963.27 |
| N/A | Nov-07 | Guzman, Alfonso Sr. | 466.50 | | 466.50 | 15.39 | 7,179.44 | 466.50 | | 466.50 | 3.50 | 1,632.75 | 8,812.19 |
| N/A | Nov-07 | Tinajero, Concepcion | 4.00 | | 4.00 | 15.39 | 61.56 | 4.00 | | 4.00 | 3.50 | 14.00 | 75.56 |
| N/A | Nov-07 | Carvajal, Cristina | 63.25 | | 63.25 | 15.39 | 973.42 | 63.25 | | 63.25 | 3.50 | 221.38 | 1,194.80 |
| N/A | Nov-07 | Maldonado, Gustavo | 5.50 | | 5.50 | 15.39 | 84.65 | 5.50 | | 5.50 | 3.50 | 19.25 | 103.90 |
| N/A | Nov-07 | Rodriguez, Israel | 44.25 | | 44.25 | 15.39 | 681.01 | 44.25 | | 44.25 | 3.50 | 154.88 | 835.89 |
| N/A | Nov-07 | Sabat, Mary | 82.25 | | 82.25 | 15.39 | 1,265.83 | 82.25 | | 82.25 | 3.50 | 287.88 | 1,553.71 |
| N/A | Nov-07 | Hernandez, Ricardo | 22.00 | | 22.00 | 15.39 | 338.58 | 22.00 | | 22.00 | 3.50 | 77.00 | 415.58 |
| N/A | Nov-07 | Mendoza, Rosendo | 65.75 | | 65.75 | 15.39 | 1,011.89 | 65.75 | | 65.75 | 3.50 | 230.13 | 1,242.02 |
| N/A | Nov-07 | Diaz, Salvador | 15.25 | | 15.25 | 15.39 | 234.70 | 15.25 | | 15.25 | 3.50 | 53.38 | 288.08 |
| N/A | Nov-07 | Reyes, Sixto | 16.50 | | 16.50 | 15.39 | 253.94 | 16.50 | | 16.50 | 3.50 | 57.75 | 311.69 |
| N/A | Nov-07 | Flores, Virginia | 56.50 | | 56.50 | 15.39 | 869.54 | 56.50 | | 56.50 | 3.50 | 197.75 | 1,067.29 |
| | Nov-07 | All Other Bricklayers | | | | 15.39 | | | | | 3.50 | | |
| | | MONTH TOTALS | 841.75 | | 841.75 | | 12,954.56 | 841.75 | | 841.75 | | 2,946.15 | 15,900.71 |
| N/A | Dec-07 | Guzman, Alfonso Sr. | 55.00 | | 55.00 | 15.39 | 846.45 | 55.00 | | 55.00 | 3.50 | 192.50 | 1,038.95 |
| N/A | Dec-07 | Carvajal, Alicia | 27.50 | | 27.50 | 15.39 | 423.23 | 27.50 | | 27.50 | 3.50 | 96.25 | 519.48 |
| N/A | Dec-07 | Hernandez, Francisco | 25.00 | | 25.00 | 15.39 | 384.75 | 25.00 | | 25.00 | 3.50 | 87.50 | 472.25 |
| N/A | Dec-07 | Rodriguez, Israel | 8.75 | | 8.75 | 15.39 | 134.66 | 8.75 | | 8.75 | 3.50 | 30.63 | 165.29 |
| N/A | Dec-07 | Garcia, Jose | 16.25 | | 16.25 | 15.39 | 250.09 | 16.25 | | 16.25 | 3.50 | 56.88 | 306.97 |
| N/A | Dec-07 | Reyes, Jose | 6.00 | | 6.00 | 15.39 | 92.34 | 6.00 | | 6.00 | 3.50 | 21.00 | 113.34 |
| N/A | Dec-07 | Gonzalez, Juan | 12.25 | | 12.25 | 15.39 | 188.53 | 12.25 | | 12.25 | 3.50 | 42.88 | 231.41 |
| N/A | Dec-07 | Guzman, Maria | 82.25 | | 82.25 | 15.39 | 1,265.83 | 82.25 | | 82.25 | 3.50 | 287.88 | 1,553.71 |
| N/A | Dec-07 | Hernandez, Ricardo | 8.75 | | 8.75 | 15.39 | 134.66 | 8.75 | | 8.75 | 3.50 | 30.63 | 165.29 |
| N/A | Dec-07 | Mendoza, Rosendo | 35.75 | | 35.75 | 15.39 | 550.19 | 35.75 | | 35.75 | 3.50 | 125.13 | 675.32 |
| N/A | Dec-07 | Reyes, Sixto | 9.25 | | 9.25 | 15.39 | 142.36 | 9.25 | | 9.25 | 3.50 | 32.38 | 174.74 |
| | Dec-07 | All Other Bricklayers | | | | 15.39 | | | | | 3.50 | | |
| | | MONTH TOTALS | 286.75 | | 286.75 | | 4,413.09 | 286.75 | | 286.75 | | 1,003.66 | 5,416.75 |
| | | 2007 TOTALS | 2,581.50 | | 2,581.50 | | 39,729.37 | 2,581.50 | | 2,581.50 | | 9,035.39 | 48,764.76 |

03/20/2008 11:59 FAX 3126800746　　Legacy Professionals LLP　　☑012/013

PAYROLL AUDIT - SCHEDULE OF DELINQUENT HOURS

CONTRACTOR NAME: Al's Masonry- First American Bank Account# 1710145302
AUDIT PERIOD: September 13, 2007 to January 31, 2008
ACCOUNT NO.: 2315
GROUP: K187
AGID: 58IND

2008

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| N/A | Jan-08 | Guzman, Alfonso Jr. | 33.00 | | 33.00 | 15.39 | 507.87 | 33.00 | | 33.00 | 3.50 | 115.50 | 623.37 |
| N/A | Jan-08 | Guzman, Alfonso Sr. | 41.25 | | 41.25 | 15.39 | 634.84 | 41.25 | | 41.25 | 3.50 | 144.38 | 779.22 |
| | Jan-08 | All Other Bricklayers | | | | 15.39 | | | | | 3.50 | | |
| | | MONTH TOTALS | 74.25 | | 74.25 | | 1,142.71 | 74.25 | | 74.25 | | 259.88 | 1,402.59 |
| | Feb-08 | | | | | 15.39 | | | | | 3.50 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Mar-08 | | | | | 15.39 | | | | | 3.50 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Apr-08 | | | | | 15.39 | | | | | 3.50 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | May-08 | | | | | 15.39 | | | | | 3.50 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Jun-08 | | | | | | | | | | | | |
| | | MONTH TOTALS | | | | | | | | | | | |

1 of 2

PAYROLL AUDIT - SCHEDULE OF DELINQUENT HOURS

CONTRACTOR NAME: Al's Masonry- First American Bank Account# 17101455302
AUDIT PERIOD: September 13, 2007 to January 31, 2008
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

2008

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Jul-08 | | | | | | | | | | | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Aug-08 | | | | | | | | | | | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Sep-08 | | | | | | | | | | | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Oct-08 | | | | | | | | | | | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Nov-08 | | | | | | | | | | | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Dec-08 | | | | | | | | | | | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | | 2008 TOTALS | 74.25 | | 74.25 | | 1,142.71 | 74.25 | | 74.25 | | 259.88 | 1,402.59 |



# LEGACY
## PROFESSIONALS LLP
### CERTIFIED PUBLIC ACCOUNTANTS

February 18, 2008

Local 56 Masons and Plasterers
 Fringe Benefit Funds
371 South Main Place
Carol Stream, IL 60188

## Payroll Audit Report- Independent Agreement

Employer Name :    Al's Masonry Contracting-State Bank of Illinois Account #307479    AGID: 56IND

Account #:    2315    Telephone:  630-740-4067

Address :    1775 Cortland Court Unit D
             Addison, IL 60101

Date of Audit :    February 18, 2008

Period Examined :    March 30, 2007 to September 28, 2007

Employer representative, if any, present at the time of the payroll audit:

Doug Johnston    Delinquency Coordinator
Name                                    Title

Location of Audit    Legacy Professionals LLP
                     30 N LaSalle Suite 4200
                     Chicago, IL 60602

Summary or reason for underreported or overreported contributions :
No Exceptions Noted.

As a result of the payroll audit conducted on the above employer's records:

$0.00    is due to (from) the Local 56 Masons
         and Plasterers Fringe Benefit Funds

Terrence Truesdale; Ben Yackley
Payroll Auditor(s)



# LEGACY
## PROFESSIONALS LLP
### CERTIFIED PUBLIC ACCOUNTANTS

February 20, 2008

A/C 2315

Local 56 Masons and Plasterers
  Fringe Benefit Funds
371 South Main Place
Carol Stream, IL 60188

    We have applied certain procedures, as discussed below, to the records (provided to us by the Funds) of Al's Masonry; State Bank of Illinois Account Number 560047241, a contributing employer to the Local 56 Masons and Plasterers Fringe Benefit Funds for the period March 30, 2007 to October 31, 2007. The purpose of our review was to assist you in determining whether contributions to the Trust Funds are being made in accordance with the collective bargaining agreements in effect and with the Trust Agreements of the Funds. The propriety of the contributions is the responsibility of the employer's management.

    Our procedures included a review of the pertinent provision of the collective bargaining agreements and analysis of employer provided records. The employer records we reviewed included general disbursement records and bank statements. The scope of this engagement was limited to records made available by the employer and would not necessarily disclose all exceptions in employer contributions to the Trust Funds. Any compensation paid to employees not disclosed to us or made part of the written record was not determinable by us and was not included in our review.

    Our procedures related to a review of the employer's records only and did not extend to any financial statements of the contributing employer. The procedures were substantially less in scope than an audit of the financial statements of the contributing employer, the objective of which is the expression of an opinion on the contributing employer's financial statements. Accordingly, no such opinion is expressed.

    The exceptions to employer contributions are detailed on the accompanying schedule.

*Legacy Professionals LLP*

/tt

# LEGACY
## PROFESSIONALS LLP
### CERTIFIED PUBLIC ACCOUNTANTS

February 18, 2008

Local 56 Masons and Plasterers
 Fringe Benefit Funds
371 South Main Place
Carol Stream, IL 60188

## Payroll Audit Report- Independent Agreement

Employer Name :     Al's Masonry-State Bank of Illinois Account #560047241          AGID:  56IND

Account #:     2315          Telephone:   630-740-4067

Address :     1775 Cortland Court Unit D
              Addison, IL 60101

Date of Audit :     February 18, 2008

Period Examined :     March 30, 2007 to October 31, 2007

Employer representative, if any, present at the time of the payroll audit:

        Doug Johnston          Delinquency Coordinator
        Name                                          Title

Location of Audit     Legacy Professionals LLP
                      30 N LaSalle Suite 4200
                      Chicago, IL 60602

Summary or reason for underreported or overreported contributions :
Payments made to individuals and companies that may have been performing bargaining unit work.

As a result of the payroll audit conducted on the above employer's records:

        $94,617.27     is due to (from) the Local 56 Masons
                       and Plasterers Fringe Benefit Funds

                       Terrence Truesdale; Ben Yackley
                       Payroll Auditor(s)

Local 56 Masons and Plasterers
Fringe Benefit Funds - Independent Agreement
Summary of Deficiencies
Bricklayers-Independent

Date: February 18, 2008

Last Date of Fieldwork: February 18, 2008

Audit Period : March 30, 2007 to October 31, 2007

Employer: Al's Masonry-State Bank of Illinois Account #560047241

Account Number: 2315

| Total Paid | + | Total Discrepancies | = | Total Contributions Due |
|---|---|---|---|---|
| $          - | | $ 80.413.40 | | $ 80,413.40 |
| | | 5% of Contributions Due | | $ 4,020.67 |

| | Total | 2004 | 2005 | 2006 | 2007 | 2008 | |
|---|---|---|---|---|---|---|---|
| Regular hours not reported | 4,381.75 | - | - | - | 1,831.00 / **2,550.75** | - | Jan-Jun 07 / Jul-Dec 07 |
| Annuity hours not reported | 4,381.75 | - | - | - | 1,831.00 / **2,550.75** | - | Jan-Jun 07 / Jul-Dec 07 |
| Health, Welfare | $ 32,844.92 | $ - | $ - | $ - | $ 13,204.14 / $ **19,640.78** | $ - | Jan-Jun 07 / Jul-Dec 07 |
| Pension | $ 20,556.89 | $ - | $ - | $ - | $ 8,389.81 / $ **12,167.08** | $ - | Jan-Jun 07 / Jul-Dec 07 |
| LMCC | $ 438.19 | EFF.6/1/05 | $ - | $ - | $ 183.11 / $ **255.08** | | Jan-Jun 07 / Jul-Dec 07 |
| ICE | $ 25.51 | EFFECTIVE 7/1/07 | | | $ 25.51 | $ - | Jul-Dec 07 |
| IPF | $ 1,846.82 | $ - | $ - | $ - | $ 571.44 / $ **1,275.38** | $ - | Jan-Jun 07 / Jul-Dec 07 |
| D.C.T.C. | $ 1,054.16 | $ - | $ - | $ - | $ 416.47 / $ **637.69** | $ - | Jan-Jun 07 / Jul-Dec 07 |
| IMI | $ 2,324.87 | $ - | $ - | $ - | $ 947.46 / $ **1,377.41** | $ - | Jan-Jun 07 / Jul-Dec 07 |
| DC Dues | $ 6,492.58 | $ - | $ - | $ - | $ 2,640.95 / $ **3,851.63** | $ - | Jan-Jun 07 / Jul-Dec 07 |
| Safety | $ 43.82 | $ - | $ - | $ - | $ 18.31 / $ **25.51** | $ - | Jan-Jun 07 / Jul-Dec 07 |
| Annuity Fund | $ 14,785.64 | $ - | $ - | $ - | $ 5,858.01 / $ **8,927.63** | $ - | Jan-Jun 07 / Jul-Dec 07 |
| Total discrepancies due | $ 80,413.40 | $ - | $ - | $ - | $ 32,229.70 / $ **48,183.70** | $ - | Jan-Jun 07 / Jul-Dec 07 |
| Liquidated Damages @ 10% | $ 4,818.37 | EFFECTIVE 7/1/07 | | | $ 4,818.37 | $ - | Jul-Dec 07 |
| Liquidated Damages @ 1.0% per month | $ 3,526.67 | $ - | $ - | $ - | 3,526.67 | | Jan-Jun 07 |
| Interest @ 1.5% per month | $ 5,858.83 | EFFECTIVE 7/1/07 | | | $ 5,858.83 | $ - | Jul-Dec 07 |

| | |
|---|---|
| Net Amount Due | $ 94,617.27 |
| Outstanding Balance Due | |
| Payroll Audit Fees | yes |
| Total Amount Due | $ 94,617.27 |

Dates
3-30-07 to 10-31-07

LD's @ 10% and Interest @ 1.5% per month applies to deficiencies from July 1, 2007 forward.

LD's @ 1.0% per month applies to deficiencies prior to July 1, 2007.

PAYROLL AUDIT - SCHEDULE OF DELINQUENT HOURS

CONTRACTOR NAME: Al's Masonry-State Bank of Illinois Account #560047241
AUDIT PERIOD: March 30, 2007 to October 31, 2007
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

**2007**

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  | Jan-07 |  |  |  |  |  |  |  |  |  | 3.10 |  |  |
|  |  | MONTH TOTALS |  |  |  |  |  |  |  |  |  |  |  |
|  | Feb-07 |  |  |  |  | 14.08 |  |  |  |  | 3.10 |  |  |
|  |  | MONTH TOTALS |  |  |  |  |  |  |  |  |  |  |  |
| N A | Mar-07 | Guzman, Alfonso Jr. | 17.25 |  | 17.25 | 14.08 | 242.88 | 17.25 |  | 17.25 | 3.10 | 53.48 | 296.36 |
|  | Mar-07 | All Other Bricklayers |  |  |  | 14.08 |  |  |  |  | 3.10 |  |  |
|  |  | MONTH TOTALS | 17.25 |  | 17.25 |  | 242.88 | 17.25 |  | 17.25 |  | 53.48 | 296.36 |
| N A | Apr-07 | Guzman, Alberto | 19.00 |  | 19.00 | 14.08 | 267.52 | 19.00 |  | 19.00 | 3.10 | 58.90 | 326.42 |
| N A | Apr-07 | Guzman, Alfonso Jr. | 23.00 |  | 23.00 | 14.08 | 323.84 | 23.00 |  | 23.00 | 3.10 | 71.30 | 395.14 |
| N A | Apr-07 | Carvajal, Alicia | 17.25 |  | 17.25 | 14.08 | 242.88 | 17.25 |  | 17.25 | 3.10 | 53.48 | 296.36 |
| N A | Apr-07 | Torres, Gilberto | 48.25 |  | 48.25 | 14.08 | 679.36 | 48.25 |  | 48.25 | 3.10 | 149.58 | 828.94 |
| N A | Apr-07 | Carrasco, Hector | 11.50 |  | 11.50 | 14.08 | 161.92 | 11.50 |  | 11.50 | 3.10 | 35.65 | 197.57 |
| N A | Apr-07 | Castro, Jose | 35.50 |  | 35.50 | 14.08 | 499.84 | 35.50 |  | 35.50 | 3.10 | 110.05 | 609.89 |
| N A | Apr-07 | Torres, Manuela | 86.00 |  | 86.00 | 14.08 | 1,210.88 | 86.00 |  | 86.00 | 3.10 | 266.60 | 1,477.48 |
| N A | Apr-07 | Guzman, Maria | 23.00 |  | 23.00 | 14.08 | 323.84 | 23.00 |  | 23.00 | 3.10 | 71.30 | 395.14 |
| N A | Apr-07 | Munoz, Merado | 11.50 |  | 11.50 | 14.08 | 161.92 | 11.50 |  | 11.50 | 3.10 | 35.65 | 197.57 |
| N A | Apr-07 | PTL Professionals, Inc. |  |  |  | 14.08 |  |  |  |  | 3.10 |  |  |
| N A | Apr-07 | Lamas, Ruben | 24.50 |  | 24.50 | 14.08 | 344.96 | 24.50 |  | 24.50 | 3.10 | 75.95 | 420.91 |
| N A | Apr-07 | All Other Bricklayers | 57.50 |  | 57.50 | 14.08 | 809.60 | 57.50 |  | 57.50 | 3.10 | 178.25 | 987.85 |
|  |  | MONTH TOTALS | 357.00 |  | 357.00 |  | 5,026.56 | 357.00 |  | 357.00 |  | 1,106.71 | 6,133.27 |

1 of 3

PAYROLL AUDIT - SCHEDULE OF DELINQUENT HOURS

2007

CONTRACTOR NAME: Al's Masonry-State Bank of Illinois Account #560047241
AUDIT PERIOD: March 30, 2007 to October 31, 2007
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| N/A | May-07 | Guzman, Alfonso Jr. | 17.25 | | 17.25 | 14.08 | 242.88 | 17.25 | | 17.25 | 3.10 | 53.48 | 296.36 |
| N/A | May-07 | Guzman, Andrea | 249.75 | | 249.75 | 14.08 | 3,516.48 | 249.75 | | 249.75 | 3.10 | 774.23 | 4,290.71 |
| N/A | May-07 | Munoz, Gerardo | 370.50 | | 370.50 | 14.08 | 5,216.64 | 370.50 | | 370.50 | 3.10 | 1,148.55 | 6,365.19 |
| N/A | May-07 | Lamas, Guadalupe | 3.50 | | 3.50 | 14.08 | 49.28 | 3.50 | | 3.50 | 3.10 | 10.85 | 60.13 |
| N/A | May-07 | Castro, Jose | 71.75 | | 71.75 | 14.08 | 1,010.24 | 71.75 | | 71.75 | 3.10 | 222.43 | 1,232.67 |
| N/A | May-07 | Garcia, Jose | 17.25 | | 17.25 | 14.08 | 242.88 | 17.25 | | 17.25 | 3.10 | 53.48 | 296.36 |
| N/A | May-07 | Lamas, Maria G | 103.25 | | 103.25 | 14.08 | 1,453.76 | 103.25 | | 103.25 | 3.10 | 320.08 | 1,773.84 |
| N/A | May-07 | PTL Professionals, Inc. | 79.00 | | 79.00 | 14.08 | 1,112.32 | 79.00 | | 79.00 | 3.10 | 244.90 | 1,357.22 |
| N/A | May-07 | Carlson, Scott | 89.75 | | 89.75 | 14.08 | 1,263.68 | 89.75 | | 89.75 | 3.10 | 278.23 | 1,541.91 |
| N/A | May-07 | All Other Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | 1,002.00 | | 1,002.00 | | 14,108.16 | 1,002.00 | | 1,002.00 | | 3,106.23 | 17,214.39 |
| N/A | Jun-07 | Carvajal, Alicia | 82.50 | | 82.50 | 15.38 | 1,268.85 | 82.50 | | 82.50 | 3.50 | 288.75 | 1,557.60 |
| N/A | Jun-07 | Andrades, Jose | 82.25 | | 82.25 | 15.38 | 1,265.01 | 82.25 | | 82.25 | 3.50 | 287.88 | 1,552.89 |
| N/A | Jun-07 | Lamas, Maria G | 66.25 | | 66.25 | 15.38 | 1,018.93 | 66.25 | | 66.25 | 3.50 | 231.88 | 1,250.81 |
| N/A | Jun-07 | Guzman, Maria | 96.00 | | 96.00 | 15.38 | 1,476.48 | 96.00 | | 96.00 | 3.50 | 336.00 | 1,812.48 |
| N/A | Jun-07 | PTL Professionals, Inc. | 59.00 | | 59.00 | 15.38 | 907.42 | 59.00 | | 59.00 | 3.50 | 206.50 | 1,113.92 |
| N/A | Jun-07 | Reyes, Rolando | 55.00 | | 55.00 | 15.38 | 845.90 | 55.00 | | 55.00 | 3.50 | 192.50 | 1,038.40 |
| N/A | Jun-07 | Guzman, Veronica | 13.75 | | 13.75 | 15.38 | 211.48 | 13.75 | | 13.75 | 3.50 | 48.13 | 259.61 |
| N/A | Jun-07 | All Other Bricklayers | | | | 15.38 | | | | | 3.50 | | |
| | | MONTH TOTALS | 454.75 | | 454.75 | | 6,994.07 | 454.75 | | 454.75 | | 1,591.64 | 8,585.71 |

2 of 3

2007

CONTRACTOR NAME: Al's Masonry-State Bank of Illinois Account #560047241
AUDIT PER OD: March 30, 2007 to October 31, 2007
ACCOUNT NO : 2315
GROUP: K187
ACID: 56IND

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| N/A | Jul-07 | Guzman, Alfonso Jr. | 19.25 | | 19.25 | 15.39 | 296.26 | 19.25 | | 19.25 | 3.50 | 67.38 | 363.64 |
| N/A | Jul-07 | Guzman, Andrea | 202.25 | | 202.25 | 15.39 | 3,112.63 | 202.25 | | 202.25 | 3.50 | 707.88 | 3,820.51 |
| N/A | Jul-07 | Torres, Gilberto | 27.50 | | 27.50 | 15.39 | 423.23 | 27.50 | | 27.50 | 3.50 | 96.25 | 519.48 |
| N/A | Jul-07 | Garcia, Jose | 13.75 | | 13.75 | 15.39 | 211.61 | 13.75 | | 13.75 | 3.50 | 48.13 | 259.74 |
| N/A | Jul-07 | Andrades, Jose | 124.50 | | 124.50 | 15.39 | 1,916.06 | 124.50 | | 124.50 | 3.50 | 435.75 | 2,351.81 |
| N/A | Jul-07 | Guzman, Maria | 55.00 | | 55.00 | 15.39 | 846.45 | 55.00 | | 55.00 | 3.50 | 192.50 | 1,038.95 |
| N/A | Jul-07 | PTL Professionals, Inc. | 24.50 | | 24.50 | 15.39 | 377.06 | 24.50 | | 24.50 | 3.50 | 85.75 | 462.81 |
| N/A | Jul-07 | Guzman, Alfonso Sr. | 549.00 | | 549.00 | 15.39 | 8,449.11 | 549.00 | | 549.00 | 3.50 | 1,921.50 | 10,370.61 |
| N/A | Jul-07 | Guzman, Veronica | 22.00 | | 22.00 | 15.39 | 338.58 | 22.00 | | 22.00 | 3.50 | 77.00 | 415.58 |
| | Jul-07 | All Other Bricklayers | | | | 15.39 | | | | | 3.50 | | |
| | | MONTH TOTALS | 1,037.75 | | 1,037.75 | | 15,970.99 | 1,037.75 | | 1,037.75 | | 3,632.14 | 19,603.13 |
| N/A | Aug-07 | Guzman, Andrea | 261.00 | | 261.00 | 15.39 | 4,016.79 | 261.00 | | 261.00 | 3.50 | 913.50 | 4,930.29 |
| N/A | Aug-07 | Saenz, Christian | 9.25 | | 9.25 | 15.39 | 142.36 | 9.25 | | 9.25 | 3.50 | 32.38 | 174.74 |
| N/A | Aug-07 | Castro, Jose | 131.75 | | 131.75 | 15.39 | 2,027.63 | 131.75 | | 131.75 | 3.50 | 461.13 | 2,488.76 |
| N/A | Aug-07 | Munoz, Merado | 5.50 | | 5.50 | 15.39 | 84.65 | 5.50 | | 5.50 | 3.50 | 19.25 | 103.90 |
| N/A | Aug-07 | Guzman, Alfonso Sr. | 329.50 | | 329.50 | 15.39 | 5,071.01 | 329.50 | | 329.50 | 3.50 | 1,153.25 | 6,224.26 |
| N/A | Aug-07 | Saenz, Miguel | 9.25 | | 9.25 | 15.39 | 142.36 | 9.25 | | 9.25 | 3.50 | 32.38 | 174.74 |
| | Aug-07 | All Other Bricklayers | | | | 15.39 | | | | | 3.50 | | |
| | | MONTH TOTALS | 746.25 | | 746.25 | | 11,484.80 | 746.25 | | 746.25 | | 2,611.89 | 14,096.69 |
| N/A | Sep-07 | Carvajal, Alicia | 16.50 | | 16.50 | 15.39 | 253.94 | 16.50 | | 16.50 | 3.50 | 57.75 | 311.69 |
| N/A | Sep-07 | Guzman, Andrea | 170.50 | | 170.50 | 15.39 | 2,624.00 | 170.50 | | 170.50 | 3.50 | 596.75 | 3,220.75 |
| N/A | Sep-07 | Saenz, Christian | 10.00 | | 10.00 | 15.39 | 153.90 | 10.00 | | 10.00 | 3.50 | 35.00 | 188.90 |
| N/A | Sep-07 | Soria, Gabriel | 11.00 | | 11.00 | 15.39 | 169.29 | 11.00 | | 11.00 | 3.50 | 38.50 | 207.79 |
| N/A | Sep-07 | Saenz, Miguel | 40.50 | | 40.50 | 15.39 | 623.30 | 40.50 | | 40.50 | 3.50 | 141.75 | 765.05 |
| N/A | Sep-07 | Guzman, Alfonso Sr. | 494.25 | | 494.25 | 15.39 | 7,606.51 | 494.25 | | 494.25 | 3.50 | 1,729.88 | 9,336.39 |
| N/A | Sep-07 | Munoz, Merado | 24.00 | | 24.00 | 15.39 | 369.36 | 24.00 | | 24.00 | 3.50 | 84.00 | 453.36 |
| | Sep-07 | All Other Bricklayers | | | | 15.39 | | | | | 3.50 | | |
| | | MONTH TOTALS | 766.75 | | 766.75 | | 11,800.30 | 766.75 | | 766.75 | | 2,683.63 | 14,483.93 |
| | Oct-07 | All Bricklayers | | | | 15.39 | | | | | 3.50 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Nov-07 | | | | | 15.39 | | | | | 3.50 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Dec-07 | | | | | 15.39 | | | | | 3.50 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | | 2007 TOTALS | 4,381.75 | | 4,381.75 | | 65,627.76 | 4,381.75 | | 4,381.75 | | 14,785.72 | 80,413.48 |

Local 56 Masons and Plasterers
Fringe Benefit Funds
Bricklayers - Independent Agreement
Liquidated Damages
At 1.0% Per Month

Employer:    Al's Masonry-State Bank of Illinois Account #560047241

A/C No:    2315

| 2006 | Deficiencies | Rate | Amount |
|---|---|---|---|
| Jan | | 27.00% | |
| Feb | | 26.00% | |
| Mar | | 25.00% | |
| Apr | | 24.00% | |
| May | | 23.00% | |
| Jun | | 22.00% | |
| Jul | | 21.00% | |
| Aug | | 20.00% | |
| Sep | | 19.00% | |
| Oct | | 18.00% | |
| Nov | | 17.00% | |
| Dec | | 16.00% | |
| Total | | | |

| 2007 | Deficiencies | Rate | Amount |
|---|---|---|---|
| Jan | | 15.00% | |
| Feb | | 14.00% | |
| Mar | 296.36 | 13.00% | 38.53 |
| Apr | 6,133.27 | 12.00% | 735.99 |
| May | 17,214.39 | 11.00% | 1,893.58 |
| Jun | 8,585.71 | 10.00% | 858.57 |
| Jul | | 9.00% | |
| Aug | | 8.00% | |
| Sep | | 7.00% | |
| Oct | | 6.00% | |
| Nov | | 5.00% | |
| Dec | | 4.00% | |
| Total | 32,229.73 | | 3,526.67 |

| 2008 | Deficiencies | Rate | Amount |
|---|---|---|---|
| Jan | | 3.00% | |
| Feb | | 2.00% | |
| Mar | | 1.00% | |
| Apr | | | |
| May | | | |
| Jun | | | |
| Jul | | | |
| Aug | | | |
| Sep | | | |
| Oct | | | |
| Nov | | | |
| Dec | | | |
| Total | | | |

Local 56 Masons and Plasterers
Fringe Benefit Funds
Bricklayers - Independent Agreement
Interest
At 1.5% Per Month

### EFFECTIVE JULY 1, 2007

Employer:     Al's Masonry-State Bank of Illinois Account #560047241

A/C No:       2315

| 2007 | Deficiencies | Rate | Amount |
|------|-------------|------|--------|
| Jan | | | |
| Feb | | | |
| Mar | | | |
| Apr | | | |
| May | | | |
| Jun | | | |
| Jul | 19,603.13 | 13.50% | 2,646.42 |
| Aug | 14,096.69 | 12.00% | 1,691.60 |
| Sep | 14,483.93 | 10.50% | 1,520.81 |
| Oct | | 9.00% | |
| Nov | | 7.50% | |
| Dec | | 6.00% | |
| Total | 48,183.75 | | 5,858.83 |

| 2008 | Deficiencies | Rate | Amount |
|------|-------------|------|--------|
| Jan | | 4.50% | |
| Feb | | 3.00% | |
| Mar | | 1.50% | |
| Apr | | | |
| May | | | |
| Jun | | | |
| Jul | | | |
| Aug | | | |
| Sep | | | |
| Oct | | | |
| Nov | | | |
| Dec | | | |
| Total | | | |

# LEGACY
## PROFESSIONALS LLP
### CERTIFIED PUBLIC ACCOUNTANTS

February 20, 2008

A/C 2315

Local 56 Masons and Plasterers
  Fringe Benefit Funds
371 South Main Place
Carol Stream, IL 60188

We have applied certain procedures, as discussed below, to the records (provided to us by the Funds) of Al's Construction; State Bank of Illinois Account Number 307477334, a contributing employer to the Local 56 Masons and Plasterers Fringe Benefit Funds for the period October 19, 2005 to April 23, 2007. The purpose of our review was to assist you in determining whether contributions to the Trust Funds are being made in accordance with the collective bargaining agreements in effect and with the Trust Agreements of the Funds. The propriety of the contributions is the responsibility of the employer's management.

Our procedures included a review of the pertinent provision of the collective bargaining agreements and analysis of employer provided records. The employer records we reviewed included general disbursement records and bank statements. The scope of this engagement was limited to records made available by the employer and would not necessarily disclose all exceptions in employer contributions to the Trust Funds. Any compensation paid to employees not disclosed to us or made part of the written record was not determinable by us and was not included in our review.

Our procedures related to a review of the employer's records only and did not extend to any financial statements of the contributing employer. The procedures were substantially less in scope than an audit of the financial statements of the contributing employer, the objective of which is the expression of an opinion on the contributing employer's financial statements. Accordingly, no such opinion is expressed.

The exceptions to employer contributions are detailed on the accompanying schedule.

*Legacy Professionals LLP*

/tt



**LEGACY**
PROFESSIONALS LLP
CERTIFIED PUBLIC ACCOUNTANTS

February 20, 2008

Local 56 Masons and Plasterers
Fringe Benefit Funds
371 South Main Place
Carol Stream, IL 60188

## Payroll Audit Report- Independent Agreement

Employer Name :    Al's Construction-State Bank of Illinois Account #307477334

AGID: 56IND

Account #:    2315        Telephone:    630-740-4067

Address :    1775 Cortland Court Unit D
Addison, IL 60101

Date of Audit :    February 18, 2008

Period Examined :    October 19, 2005 to April 23, 2007

Employer representative, if any, present at the time of the payroll audit:

Doug Johnston        Delinquency Coordinator
Name        Title

Location of Audit    Legacy Professionals LLP
30 N LaSalle Suite 4200
Chicago, IL 60602

Summary or reason for underreported or overreported contributions :
Payments made to individuals and companies that may have been performing bargaining unit work.

As a result of the payroll audit conducted on the above employer's records:

$11,241.90    is due to (from) the Local 56 Masons
and Plasterers Fringe Benefit Funds

Terrence Truesdale; Ben Yackley
Payroll Auditor(s)

Local 56 Masons and Plasterers
Fringe Benefit Funds - Independent Agreement
Summary of Deficiencies
Bricklayers-Independent

| | |
|---|---|
| Date: | February 20, 2008 |
| Last Date of Fieldwork: | February 20, 2008 |
| Audit Period : | October 19, 2005 to April 23, 2007 |
| Employer: | Al's Construction-State Bank of Illinois Account #307477334 |
| Account Number: | 2315 |

| Total Paid | | Total Discrepancies | | Total Contributions Due |
|---|---|---|---|---|
| $ - | + | $ 9,861.32 | = | $ 9,861.32 |
| | | 5% of Contributions Due | | $ 493.07 |

| | Total | 2004 | 2005 | 2006 | 2007 | 2008 | |
|---|---|---|---|---|---|---|---|
| Regular hours not reported | 574.00 | - | - | - | 574.00 / - | - | Jan-Jun 07 / Jul-Dec 07 |
| Annuity hours not reported | 574.00 | - | - | - | 574.00 / - | - | Jan-Jun 07 / Jul-Dec 07 |
| Health, Welfare | $ 4,046.70 | $ - | $ - | $ - | $ 4,046.70 / $ - | $ - | Jan-Jun 07 / Jul-Dec 07 |
| Pension | $ 2,594.48 | $ - | $ - | $ - | $ 2,594.48 / $ - | $ - | Jan-Jun 07 / Jul-Dec 07 |
| LMCC | $ 57.40 | EFF.6/1/05 | $ - | $ - | $ 57.40 / $ - | $ - | Jan-Jun 07 / Jul-Dec 07 |
| ICE | $ - | EFFECTIVE 7/1/07 | | | $ - | $ - | Jul-Dec 07 |
| IPF | $ 143.50 | $ - | $ - | $ - | $ 143.50 / $ - | $ - | Jan-Jun 07 / Jul-Dec 07 |
| D.C.T.C. | $ 126.28 | $ - | $ - | $ - | $ 126.28 / $ - | $ - | Jan-Jun 07 / Jul-Dec 07 |
| MI | $ 292.74 | $ - | $ - | $ - | $ 292.74 / $ - | $ - | Jan-Jun 07 / Jul-Dec 07 |
| DC Dues | $ 815.08 | $ - | $ - | $ - | $ 815.08 / $ - | $ - | Jan-Jun 07 / Jul-Dec 07 |
| Safety | $ 5.74 | $ - | $ - | $ - | $ 5.74 / $ - | $ - | Jan-Jun 07 / Jul-Dec 07 |
| Annuity Fund | $ 1,779.40 | $ - | $ - | $ - | $ 1,779.40 / $ - | $ - | Jan-Jun 07 / Jul-Dec 07 |
| Total discrepancies due | $ 9,861.32 | $ - | $ - | $ - | $ 9,861.32 / $ - | $ - | Jan-Jun 07 / Jul-Dec 07 |
| Liquidated Damages @ 10% | $ - | EFFECTIVE 7/1/07 | | | $ - | $ - | Jul-Dec 07 |
| Liquidated Damages @ 1.0% per month | $ 1,380.58 | $ - | $ - | $ - | $ 1,380.58 | | Jan-Jun 07 |
| Interest @ 1.5% per month | $ - | EFFECTIVE 7/1/07 | | | $ - | $ - | Jul-Dec 07 |
| Net Amount Due | $ 11,241.90 | | | | | | |
| Outstanding Balance Due | | | | | | | |
| Payroll Audit Fees | yes | | | | | | |
| Total Amount Due | $ 11,241.90 | | | | | | |

Dates
10/19/05 to 4/30/07

LD's @ 10% and Interest @ 1.5% per month applies to
deficiencies from July 1, 2007 forward.

LD's @ 1.0% per month applies to deficiencies
prior to July 1, 2007.

PAYROLL AUDIT - SCHEDULE OF DELINQUENT HOURS

CONTRACTOR NAME: Al's Construction-State Bank of Illinois Account #307477334
AUDIT PERIOD: October 19, 2005 to April 23, 2007
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

2005

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Jan-05 | | | | | 11.37 | | | | | 2.50 | | |
| | MONTH TOTALS | | | | | | | | | | | | |
| | Feb-05 | | | | | 11.37 | | | | | 2.50 | | |
| | MONTH TOTALS | | | | | | | | | | | | |
| | Mar-05 | | | | | 11.37 | | | | | 2.50 | | |
| | MONTH TOTALS | | | | | | | | | | | | |
| | Apr-05 | | | | | 11.37 | | | | | 2.50 | | |
| | MONTH TOTALS | | | | | | | | | | | | |
| | May-05 | | | | | 11.37 | | | | | 2.50 | | |
| | MONTH TOTALS | | | | | | | | | | | | |
| | Jun-05 | | | | | 12.75 | | | | | 2.75 | | |
| | MONTH TOTALS | | | | | | | | | | | | |

PAYROLL AUDIT - SCHEDULE OF DELINQUENT HOURS

CONTRACTOR NAME: Al's Construction-State Bank of Illinois Account #307477334
AUDIT PERIOD: October 19, 2005 to April 23, 2007
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

**2005**

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Jul-05 | | | | | 12.75 | | | | | 2.75 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Aug-05 | | | | | 12.75 | | | | | 2.75 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Sep-05 | | | | | 12.75 | | | | | 2.75 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Oct-05 | All Bricklayers | | | | 12.75 | | | | | 2.75 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Nov-05 | All Bricklayers | | | | 12.75 | | | | | 2.75 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Dec-05 | All Bricklayers | | | | 12.75 | | | | | 2.75 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | | 2005 TOTALS | | | | | | | | | | | |

PAYROLL AUDIT - SCHEDULE OF DELINQUENT HOURS

CONTRACTOR NAME: Al's Construction-State Bank of Illinois Account #307477334
AUDIT PERIOD: October 19, 2005 to April 23, 2007
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

2006

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Jan-06 | All Bricklayers | | | | 12.75 | | | | | 2.75 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Feb-06 | All Bricklayers | | | | 12.75 | | | | | 2.75 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Mar-06 | All Bricklayers | | | | 12.75 | | | | | 2.75 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Apr-06 | All Bricklayers | | | | 12.75 | | | | | 2.75 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | May-06 | All Bricklayers | | | | 12.75 | | | | | 2.75 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Jun-06 | All Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | | | | | | | | | | | |

1 of 2

PAYROLL AUDIT - SCHEDULE OF DELINQUENT HOURS

CONTRACTOR NAME: Al's Construction-State Bank of Illinois Account #307477334
AUDIT PERIOD: October 19, 2005 to April 23, 2007
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

2006

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Jul-06 | All Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Aug-06 | All Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Sep-06 | All Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Oct-06 | All Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Nov-06 | All Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Dec-06 | All Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | | 2006 TOTALS | | | | | | | | | | | |

2 of 2

PAYROLL AUDIT - SCHEDULE OF DELINQUENT HOURS

CONTRACTOR NAME: Al's Construction-State Bank of Illinois Account #307477334
AUDIT PERIOD: October 19, 2005 to April 23, 2007
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

2007

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Jan-07 | All Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| N/A | Feb-07 | Guzman, Maria | 574.00 | | | | | | | | | | |
| | Feb-07 | All Other Bricklayers | | | 574.00 | 14.08 | 8,081.92 | 574.00 | | 574.00 | 3.10 | 1,779.40 | 9,861.32 |
| | | MONTH TOTALS | 574.00 | | 574.00 | | 8,081.92 | 574.00 | | 574.00 | 3.10 | 1,779.40 | 9,861.32 |
| | Mar-07 | All Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Apr-07 | All Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | May-07 | | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Jun-07 | | | | | 15.38 | | | | | 3.50 | | |
| | | MONTH TOTALS | | | | | | | | | | | |

PAYROLL AUDIT - SCHEDULE OF DELINQUENT HOURS

CONTRACTOR NAME: Al's Construction-State Bank of Illinois Account #307477334
AUDIT PERIOD: October 19, 2005 to April 23, 2007
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

**2007**

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Jul-07 | | | | | 15.39 | | | | | 3.50 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Aug-07 | | | | | 15.39 | | | | | 3.50 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Sep-07 | | | | | 15.39 | | | | | 3.50 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Oct-07 | | | | | 15.39 | | | | | 3.50 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Nov-07 | | | | | 15.39 | | | | | 3.50 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Dec-07 | | | | | 15.39 | | | | | 3.50 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | | 2007 TOTALS | 574.00 | | 574.00 | | 8,081.92 | 574.00 | | 574.00 | | 1,779.40 | 9,861.32 |

2 of 2

Local 56 Masons and Plasterers
Fringe Benefit Funds
Bricklayers - Independent Agreement
Liquidated Damages
At 1.0% Per Month

Employer:    Al's Construction-State Bank of Illinois Account #307477334

A/C No:    2315

| 2005 | Deficiencies | Rate | Amount |
|---|---|---|---|
| Jan | | 39.00% | |
| Feb | | 38.00% | |
| Mar | | 37.00% | |
| Apr | | 36.00% | |
| May | | 35.00% | |
| Jun | | 34.00% | |
| Jul | | 33.00% | |
| Aug | | 32.00% | |
| Sep | | 31.00% | |
| Oct | | 30.00% | |
| Nov | | 29.00% | |
| Dec | | 28.00% | |
| Total | | | |

| 2006 | Deficiencies | Rate | Amount |
|---|---|---|---|
| Jan | | 27.00% | |
| Feb | | 26.00% | |
| Mar | | 25.00% | |
| Apr | | 24.00% | |
| May | | 23.00% | |
| Jun | | 22.00% | |
| Jul | | 21.00% | |
| Aug | | 20.00% | |
| Sep | | 19.00% | |
| Oct | | 18.00% | |
| Nov | | 17.00% | |
| Dec | | 16.00% | |
| Total | | | |

Local 56 Masons and Plasterers
Fringe Benefit Funds
Bricklayers - Independent Agreement
Liquidated Damages
At 1.0% Per Month

Employer:     Al's Construction-State Bank of Illinois Account #307477334

A/C No:     2315

| 2007 | Deficiencies | Rate | Amount |
|------|--------------|------|--------|
| Jan | | 15.00% | |
| Feb | 9,861.32 | 14.00% | 1,380.58 |
| Mar | | 13.00% | |
| Apr | | 12.00% | |
| May | | 11.00% | |
| Jun | | 10.00% | |
| Jul | | 9.00% | |
| Aug | | 8.00% | |
| Sep | | 7.00% | |
| Oct | | 6.00% | |
| Nov | | 5.00% | |
| Dec | | 4.00% | |
| Total | 9,861.32 | | 1,380.58 |

| 2008 | Deficiencies | Rate | Amount |
|------|--------------|------|--------|
| Jan | | 3.00% | |
| Feb | | 2.00% | |
| Mar | | 1.00% | |
| Apr | | | |
| May | | | |
| Jun | | | |
| Jul | | | |
| Aug | | | |
| Sep | | | |
| Oct | | | |
| Nov | | | |
| Dec | | | |
| Total | | | |



# LEGACY
## PROFESSIONALS LLP
### CERTIFIED PUBLIC ACCOUNTANTS

February 20, 2008

A/C 2315

Local 56 Masons and Plasterers
 Fringe Benefit Funds
371 South Main Place
Carol Stream, IL 60188

     We have applied certain procedures, as discussed below, to the records (provided to us by the Funds) of Al's Construction; State Bank of Illinois Account Number 560046219, a contributing employer to the Local 56 Masons and Plasterers Fringe Benefit Funds for the period October 19, 2005 to April 23, 2007. The purpose of our review was to assist you in determining whether contributions to the Trust Funds are being made in accordance with the collective bargaining agreements in effect and with the Trust Agreements of the Funds. The propriety of the contributions is the responsibility of the employer's management.

     Our procedures included a review of the pertinent provision of the collective bargaining agreements and analysis of employer provided records. The employer records we reviewed included general disbursement records and bank statements. The scope of this engagement was limited to records made available by the employer and would not necessarily disclose all exceptions in employer contributions to the Trust Funds. Any compensation paid to employees not disclosed to us or made part of the written record was not determinable by us and was not included in our review.

     Our procedures related to a review of the employer's records only and did not extend to any financial statements of the contributing employer. The procedures were substantially less in scope than an audit of the financial statements of the contributing employer, the objective of which is the expression of an opinion on the contributing employer's financial statements. Accordingly, no such opinion is expressed.

     The exceptions to employer contributions are detailed on the accompanying schedule.

*Legacy Professionals LLP*

/tt



**LEGACY**
PROFESSIONALS LLP
CERTIFIED PUBLIC ACCOUNTANTS

February 20, 2008

Local 56 Masons and Plasterers
 Fringe Benefit Funds
371 South Main Place
Carol Stream, IL 60188

## Payroll Audit Report- Independent Agreement

Employer Name :   Al's Construction-State Bank of Illinois Account #560046219        AGID: 56IND

Account #:        2315            Telephone:      630-740-4067

Address :         1775 Cortland Court Unit D
                  Addison, IL 60101

Date of Audit :   February 18, 2008

Period Examined : October 19, 2005 to April 23, 2007

Employer representative, if any, present at the time of the payroll audit:

          Doug Johnston                  Delinquency Coordinator
          Name                           Title

Location of Audit    Legacy Professionals LLP
                     30 N LaSalle Suite 4200
                     Chicago, IL 60602

Summary or reason for underreported or overreported contributions :
Payments made to individuals and companies that may have been performing bargaining unit work.

As a result of the payroll audit conducted on the above employer's records:

          $146,276.22     is due to (from) the Local 56 Masons
                          and Plasterers Fringe Benefit Funds.


                          Terrence Truesdale; Ben Yackley
                          Payroll Auditor(s)

Local 56 Masons and Plasterers
Fringe Benefit Funds - Independent Agreement
Summary of Deficiencies
Bricklayers-Independent

Date: February 20, 2008

Last Date of Fieldwork: February 20, 2008

Audit Period : October 19, 2005 to April 23, 2007

Employer: Al's Construction-State Bank of Illinois Account #560046219

Account Number: 2315

| Total Paid | + | Total Discrepancies | = | Total Contributions Due |
|---|---|---|---|---|
| $ - | | $ 120,586.78 | | $ 120,586.78 |
| | | 5% of Contributions Due | | $ 6,029.34 |

| | Total | 2004 | 2005 | 2006 | 2007 | 2008 | |
|---|---|---|---|---|---|---|---|
| Regular hours not reported | 7,403.25 | - | 2,718.50 | 2,494.00 | 2,190.75 | - | Jan-Jun 07 / Jul-Dec 07 |
| Annuity hours not reported | 7,403.25 | - | 2,718.50 | 2,494.00 | 2,190.75 | - | Jan-Jun 07 / Jul-Dec 07 |
| Health, Welfare | $ 49,835.37 | $ - | $ 17,534.33 | $ 16,856.25 | $ 15,444.79 $ | $ - | Jan-Jun 07 / Jul-Dec 07 |
| Pension | $ 31,498.07 | $ - | $ 10,928.37 | $ 10,667.51 | $ 9,902.19 $ | $ - | Jan-Jun 07 / Jul-Dec 07 |
| LMCC | $ 543.88 | EFF.6/1/05 | $ 135.93 | $ 188.87 | $ 219.08 $ | - | Jan-Jun 07 / Jul-Dec 07 |
| ICE | $ - | EFFECTIVE 7/1/07 | | | $ - | $ - | Jul-Dec 07 |
| IPF | $ 1,850.82 | $ - | $ 679.63 | $ 623.50 | $ 547.69 $ | $ - | Jan-Jun 07 / Jul-Dec 07 |
| D.C.T.C. | $ 1,943.07 | $ - | $ 815.55 | $ 645.55 | $ 481.97 $ | $ - | Jan-Jun 07 / Jul-Dec 07 |
| IMI | $ 3,461.32 | $ - | $ 1,168.96 | $ 1,175.08 | $ 1,117.28 $ | - | Jan-Jun 07 / Jul-Dec 07 |
| DC Dues | $ 9,805.36 | $ - | $ 3,370.94 | $ 3,323.55 | $ 3,110.87 $ | - | Jan-Jun 07 / Jul-Dec 07 |
| Safety | $ 74.04 | $ - | $ 27.19 | $ 24.94 | $ 21.91 $ | - | Jan-Jun 07 / Jul-Dec 07 |
| Annuity Fund | $ 21,574.85 | $ - | $ 7,475.88 | $ 7,307.64 | $ 6,791.33 $ | - | Jan-Jun 07 / Jul-Dec 07 |
| Total discrepancies due | $ 120,586.78 | $ - | $ 42,136.78 | $ 40,812.89 | $ 37,637.11 $ | $ - | Jan-Jun 07 / Jul-Dec 07 |
| Liquidated Damages @ 10% | $ - | EFFECTIVE 7/1/07 | | | $ - | $ - | Jul-Dec 07 |
| Liquidated Damages @ 1.0% per month | $ 26,215.22 | $ - | $ 12,159.04 | $ 9,120.09 | $ 4,936.09 | | Jan-Jun 07 |
| Interest @ 1.5% per month | $ - | EFFECTIVE 7/1/07 | | | $ - | $ - | Jul-Dec 07 |
| Net Amount Due | $ 146,802.00 | | | | | | |
| Outstanding Balance Due | | | | | | | |
| Payroll Audit Fees | yes | | | | | | |
| Total Amount Due | $ 146,802.00 | | | | | | |

Dates
10/19/05 to 4/30/07

LD's @ 10% and Interest @ 1.5% per month applies to
deficiencies from July 1, 2007 forward.

LD's @ 1.0% per month applies to deficiencies
prior to July 1, 2007.

PAYROLL AUDIT - SCHEDULE OF DELINQUENT HOURS

CONTRACTOR NAME: Al's Construction-State Bank of Illinois Account #560046219
AUDIT PERIOD: October 19, 2005 to April 23, 2007
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

**2005**

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Jan-05 | | | | | 11.37 | | | | | 2.50 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Feb-05 | | | | | 11.37 | | | | | 2.50 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Mar-05 | | | | | 11.37 | | | | | 2.50 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Apr-05 | | | | | 11.37 | | | | | 2.50 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | May-05 | | | | | 11.37 | | | | | 2.50 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Jun-05 | | | | | 12.75 | | | | | 2.75 | | |
| | | MONTH TOTALS | | | | | | | | | | | |

1 of 3

CONTRACTOR NAME: Al's Construction-State Bank of Illinois Account #560046219
AUDIT PERIOD: October 19, 2005 to April 23, 2007
ACCOUNT NO.: 2315
GROUP: K187
AGIC: 56IND

2005

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Jul-05 | MONTH TOTALS | | | | 12.75 | | | | | 2.75 | | |
| | Aug-05 | MONTH TOTALS | | | | 12.75 | | | | | 2.75 | | |
| | Sep-05 | MONTH TOTALS | | | | 12.75 | | | | | 2.75 | | |
| N.A. | Oct-05 | Guzman, Alfonso Sr. | 90.25 | | 90.25 | 12.75 | 1,150.69 | 90.25 | | 90.25 | 2.75 | 248.19 | 1,398.88 |
| N.A. | Oct-05 | Guzman, Andrea | 120.25 | | 120.25 | 12.75 | 1,533.19 | 120.25 | | 120.25 | 2.75 | 330.69 | 1,863.88 |
| N.A. | Oct-05 | Guzman, Maria | 120.25 | | 120.25 | 12.75 | 1,533.19 | 120.25 | | 120.25 | 2.75 | 330.69 | 1,863.88 |
| N.A. | Oct-05 | Mota, Maria | 28.75 | | 28.75 | 12.75 | 366.56 | 28.75 | | 28.75 | 2.75 | 79.06 | 445.62 |
| N.A. | Oct-05 | Sabat, Mary | 120.25 | | 120.25 | 12.75 | 1,533.19 | 120.25 | | 120.25 | 2.75 | 330.69 | 1,863.88 |
| N.A. | Oct-05 | Reyes, Rolando | 51.00 | | 51.00 | 12.75 | 650.25 | 51.00 | | 51.00 | 2.75 | 140.25 | 790.50 |
| N.A. | Oct-05 | All Other Bricklayers | | | | 12.75 | | | | | 2.75 | | |
| | | MONTH TOTALS | 530.75 | | 530.75 | 12.75 | 6,767.07 | 530.75 | | 530.75 | 2.75 | 1,459.57 | 8,226.64 |
| N.A. | Nov-05 | Guzman, Alfonso Jr. | 33.25 | | 33.25 | 12.75 | 423.94 | 33.25 | | 33.25 | 2.75 | 91.44 | 515.38 |
| N.A. | Nov-05 | Guzman, Alfonso Sr. | 135.25 | | 135.25 | 12.75 | 1,724.44 | 135.25 | | 135.25 | 2.75 | 371.94 | 2,096.38 |
| N.A. | Nov-05 | Carvajal, Alicia | 15.00 | | 15.00 | 12.75 | 191.25 | 15.00 | | 15.00 | 2.75 | 41.25 | 232.50 |
| N.A. | Nov-05 | Guzman, Andrea | 348.75 | | 348.75 | 12.75 | 4,446.56 | 348.75 | | 348.75 | 2.75 | 959.06 | 5,405.62 |
| N.A. | Nov-05 | Pasilla, Antonio | 18.00 | | 18.00 | 12.75 | 229.50 | 18.00 | | 18.00 | 2.75 | 49.50 | 279.00 |
| N.A. | Nov-05 | Ramirez, Antonio | 39.25 | | 39.25 | 12.75 | 500.44 | 39.25 | | 39.25 | 2.75 | 107.94 | 608.38 |
| N.A. | Nov-05 | Guerraro, Armando | 18.75 | | 18.75 | 12.75 | 239.06 | 18.75 | | 18.75 | 2.75 | 51.56 | 290.62 |
| N.A. | Nov-05 | Soto, Daniel | 27.25 | | 27.25 | 12.75 | 347.44 | 27.25 | | 27.25 | 2.75 | 74.94 | 422.38 |
| N.A. | Nov-05 | Valdez, Efrain | 48.75 | | 48.75 | 12.75 | 621.56 | 48.75 | | 48.75 | 2.75 | 134.06 | 755.62 |
| N.A. | Nov-05 | Carvajal, Ernesto | 19.25 | | 19.25 | 12.75 | 245.44 | 19.25 | | 19.25 | 2.75 | 52.94 | 298.38 |
| N.A. | Nov-05 | Wenk, Larry | 6.25 | | 6.25 | 12.75 | 79.69 | 6.25 | | 6.25 | 2.75 | 17.19 | 96.88 |
| N.A. | Nov-05 | Torres, Manuel | 6.50 | | 6.50 | 12.75 | 82.88 | 6.50 | | 6.50 | 2.75 | 17.88 | 100.76 |
| N.A. | Nov-05 | Mota, Maria | 123.00 | | 123.00 | 12.75 | 1,568.25 | 123.00 | | 123.00 | 2.75 | 338.25 | 1,906.50 |
| N.A. | Nov-05 | Munoz, Merado | 63.00 | | 63.00 | 12.75 | 803.25 | 63.00 | | 63.00 | 2.75 | 173.25 | 976.50 |
| N.A. | Nov-05 | Valdez, Rogue | 120.50 | | 120.50 | 12.75 | 1,536.38 | 120.50 | | 120.50 | 2.75 | 331.38 | 1,867.76 |
| N.A. | Nov-05 | Reyes, Rolando | 17.00 | | 17.00 | 12.75 | 216.75 | 17.00 | | 17.00 | 2.75 | 46.75 | 263.50 |
| N.A. | Nov-05 | Soto, Rosendo | 14.25 | | 14.25 | 12.75 | 181.69 | 14.25 | | 14.25 | 2.75 | 39.19 | 220.88 |
| N.A. | Nov-05 | Reyes, Sixto | 211.75 | | 211.75 | 12.75 | 2,699.81 | 211.75 | | 211.75 | 2.75 | 582.31 | 3,282.12 |
| N.A. | Nov-05 | All Other Bricklayers | | | | 12.75 | | | | | 2.75 | | |
| | | MONTH TOTALS | 1,265.75 | | 1,265.75 | 12.75 | 16,138.33 | 1,265.75 | | 1,265.75 | 2.75 | 3,480.83 | 19,619.16 |

2 of 3

PAYROLL AUDIT - SCHEDULE OF DELINQUENT HOURS

CONTRACTOR NAME: Al's Construction-State Bank of Illinois Account #560046219
AUDIT PERIOD: October 19, 2005 to April 23, 2007
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

2005

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| N/A | Dec-05 | Guzman, Alfonso Jr. | 183.50 | | 183.50 | 12.75 | 2,339.63 | 183.50 | | 183.50 | 2.75 | 504.63 | 2,844.26 |
| N/A | Dec-05 | Carvajal, Alicia | 18.00 | | 18.00 | 12.75 | 229.50 | 18.00 | | 18.00 | 2.75 | 49.50 | 279.00 |
| N/A | Dec-05 | Guzman, Andrea | 120.25 | | 120.25 | 12.75 | 1,533.19 | 120.25 | | 120.25 | 2.75 | 330.69 | 1,863.88 |
| N/A | Dec-05 | Pasada, Antonio | 18.00 | | 18.00 | 12.75 | 229.50 | 18.00 | | 18.00 | 2.75 | 49.50 | 279.00 |
| N/A | Dec-05 | Ramirez, Antonio | 4.75 | | 4.75 | 12.75 | 60.56 | 4.75 | | 4.75 | 2.75 | 13.06 | 73.62 |
| N/A | Dec-05 | Guerraro, Armando | 116.75 | | 116.75 | 12.75 | 1,488.56 | 116.75 | | 116.75 | 2.75 | 321.06 | 1,809.62 |
| N/A | Dec-05 | Soto, Daniel | 102.00 | | 102.00 | 12.75 | 1,300.50 | 102.00 | | 102.00 | 2.75 | 280.50 | 1,581.00 |
| N/A | Dec-05 | Carvajal, Ernesto | 27.00 | | 27.00 | 12.75 | 344.25 | 27.00 | | 27.00 | 2.75 | 74.25 | 418.50 |
| N/A | Dec-05 | Hurtado, Gabriela | 12.00 | | 12.00 | 12.75 | 153.00 | 12.00 | | 12.00 | 2.75 | 33.00 | 186.00 |
| N/A | Dec-05 | Robles, Irma | 84.75 | | 84.75 | 12.75 | 1,080.56 | 84.75 | | 84.75 | 2.75 | 233.06 | 1,313.62 |
| N/A | Dec-05 | Garcia, Jose | 19.50 | | 19.50 | 12.75 | 248.63 | 19.50 | | 19.50 | 2.75 | 53.63 | 302.26 |
| N/A | Dec-05 | Guzman, Maria | 15.00 | | 15.00 | 12.75 | 191.25 | 15.00 | | 15.00 | 2.75 | 41.25 | 232.50 |
| N/A | Dec-05 | Munoz, Merado | 30.00 | | 30.00 | 12.75 | 382.50 | 30.00 | | 30.00 | 2.75 | 82.50 | 465.00 |
| N/A | Dec-05 | Reyes, Rolando | 31.75 | | 31.75 | 12.75 | 404.81 | 31.75 | | 31.75 | 2.75 | 87.31 | 492.12 |
| N/A | Dec-05 | Soto, Rosendo | 73.50 | | 73.50 | 12.75 | 937.13 | 73.50 | | 73.50 | 2.75 | 202.13 | 1,139.26 |
| N/A | Dec-05 | Reyes, Sixto | 65.25 | | 65.25 | 12.75 | 831.94 | 65.25 | | 65.25 | 2.75 | 179.44 | 1,011.38 |
| | Dec-05 | All Other Bricklayers | | | | 12.75 | | | | | 2.75 | | |
| | | MONTH TOTALS | 922.00 | | 922.00 | | 11,755.51 | 922.00 | | 922.00 | | 2,535.51 | 14,291.02 |
| | | 2005 TOTALS | 2,718.50 | | 2,718.50 | | 34,660.91 | 2,718.50 | | 2,718.50 | | 7,475.91 | 42,136.82 |

3 of 3

CONTRACTOR NAME: Al's Construction-State Bank of Illinois Account #56004621 9
AUDIT PERIOD: October 19, 2005 to April 23, 2007
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

2006

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| N/A | Jan-06 | Guzman, Alfonso Jr. | 18.00 | | 18.00 | 12.75 | 229.50 | 18.00 | | 18.00 | 2.75 | 49.50 | 279.00 |
| N/A | Jan-06 | Guzman, Andrea | 90.25 | | 90.25 | 12.75 | 1,150.69 | 90.25 | | 90.25 | 2.75 | 248.19 | 1,398.88 |
| N/A | Jan-06 | Soto, Daniel | 28.25 | | 28.25 | 12.75 | 360.19 | 28.25 | | 28.25 | 2.75 | 77.69 | 437.88 |
| N/A | Jan-06 | Reyes, Edgar | 27.50 | | 27.50 | 12.75 | 350.63 | 27.50 | | 27.50 | 2.75 | 75.63 | 426.26 |
| N/A | Jan-06 | Valdez, Effrain | 28.50 | | 28.50 | 12.75 | 363.38 | 28.50 | | 28.50 | 2.75 | 78.38 | 441.76 |
| N/A | Jan-06 | Valdez, Rogue | 26.25 | | 26.25 | 12.75 | 334.69 | 26.25 | | 26.25 | 2.75 | 72.19 | 406.88 |
| N/A | Jan-06 | Reyes, Rolando | 15.00 | | 15.00 | 12.75 | 191.25 | 15.00 | | 15.00 | 2.75 | 41.25 | 232.50 |
| N/A | Jan-06 | Soto, Rosendo | 17.50 | | 17.50 | 12.75 | 223.13 | 17.50 | | 17.50 | 2.75 | 48.13 | 271.26 |
| N/A | Jan-06 | Reyes, Sixto | 23.50 | | 23.50 | 12.75 | 299.63 | 23.50 | | 23.50 | 2.75 | 64.63 | 364.26 |
| | Jan-06 | All Other Bricklayers | | | | 12.75 | | | | | 2.75 | | |
| | | **MONTH TOTALS** | 274.75 | | 274.75 | | 3,503.09 | 274.75 | | 274.75 | | 755.59 | 4,258.68 |
| | Feb-06 | All Bricklayers | | | | 12.75 | | | | | 2.75 | | |
| | | **MONTH TOTALS** | | | | | | | | | | | |
| N/A | Mar-06 | Guzman, Alfonso Jr. | 27.00 | | 27.00 | 12.75 | 344.25 | 27.00 | | 27.00 | 2.75 | 74.25 | 418.50 |
| N/A | Mar-06 | Guzman, Alfonso Sr. | 24.00 | | 24.00 | 12.75 | 306.00 | 24.00 | | 24.00 | 2.75 | 66.00 | 372.00 |
| N/A | Mar-06 | Carvajal, Alicia | 15.00 | | 15.00 | 12.75 | 191.25 | 15.00 | | 15.00 | 2.75 | 41.25 | 232.50 |
| N/A | Mar-06 | Guzman, Andrea | 39.00 | | 39.00 | 12.75 | 497.25 | 39.00 | | 39.00 | 2.75 | 107.25 | 604.50 |
| N/A | Mar-06 | Ramirez, Aureliano | 13.50 | | 13.50 | 12.75 | 172.13 | 13.50 | | 13.50 | 2.75 | 37.13 | 209.26 |
| N/A | Mar-06 | Reyes, Edgar | 12.75 | | 12.75 | 12.75 | 162.56 | 12.75 | | 12.75 | 2.75 | 35.06 | 197.62 |
| N/A | Mar-06 | Valdez, Effrain | 24.00 | | 24.00 | 12.75 | 306.00 | 24.00 | | 24.00 | 2.75 | 66.00 | 372.00 |
| N/A | Mar-06 | Carvajal, Ernesto | 12.00 | | 12.00 | 12.75 | 153.00 | 12.00 | | 12.00 | 2.75 | 33.00 | 186.00 |
| N/A | Mar-06 | Hurtado, Gabriel | 12.00 | | 12.00 | 12.75 | 153.00 | 12.00 | | 12.00 | 2.75 | 33.00 | 186.00 |
| N/A | Mar-06 | Mota, Maria | 24.00 | | 24.00 | 12.75 | 306.00 | 24.00 | | 24.00 | 2.75 | 66.00 | 372.00 |
| N/A | Mar-06 | Contreras, Rogue | 10.25 | | 10.25 | 12.75 | 130.69 | 10.25 | | 10.25 | 2.75 | 28.19 | 158.88 |
| N/A | Mar-06 | Valdez, Rogue | 24.00 | | 24.00 | 12.75 | 306.00 | 24.00 | | 24.00 | 2.75 | 66.00 | 372.00 |
| N/A | Mar-06 | Reyes, Rolando | 36.50 | | 36.50 | 12.75 | 465.38 | 36.50 | | 36.50 | 2.75 | 100.38 | 565.76 |
| N/A | Mar-06 | Reyes, Sixto | 39.00 | | 39.00 | 12.75 | 497.25 | 39.00 | | 39.00 | 2.75 | 107.25 | 604.50 |
| | Mar-06 | All Other Bricklayers | | | | 12.75 | | | | | 2.75 | | |
| | | **MONTH TOTALS** | 313.00 | | 313.00 | | 3,990.76 | 313.00 | | 313.00 | | 860.76 | 4,851.52 |
| N/A | Apr-06 | Carvajal, Alicia | 12.00 | | 12.00 | 12.75 | 153.00 | 12.00 | | 12.00 | 2.75 | 33.00 | 186.00 |
| N/A | Apr-06 | Guzman, Andrea | 69.00 | | 69.00 | 12.75 | 879.75 | 69.00 | | 69.00 | 2.75 | 189.75 | 1,069.50 |
| N/A | Apr-06 | Guerrero, Armando | 9.50 | | 9.50 | 12.75 | 121.13 | 9.50 | | 9.50 | 2.75 | 26.13 | 147.26 |
| N/A | Apr-06 | Reyes, Edgar | 21.00 | | 21.00 | 12.75 | 267.75 | 21.00 | | 21.00 | 2.75 | 57.75 | 325.50 |
| N/A | Apr-06 | Valdez, Effrain | 24.00 | | 24.00 | 12.75 | 306.00 | 24.00 | | 24.00 | 2.75 | 66.00 | 372.00 |
| N/A | Apr-06 | Rivalcada, Pedro | 13.50 | | 13.50 | 12.75 | 172.13 | 13.50 | | 13.50 | 2.75 | 37.13 | 209.26 |
| N/A | Apr-06 | Contreras, Rogue | 18.75 | | 18.75 | 12.75 | 239.06 | 18.75 | | 18.75 | 2.75 | 51.56 | 290.62 |
| N/A | Apr-06 | Valdez, Rogue | 24.00 | | 24.00 | 12.75 | 306.00 | 24.00 | | 24.00 | 2.75 | 66.00 | 372.00 |

PAYROLL AUDIT - SCHEDULE OF DELINQUENT HOURS

**2006**

CONTRACTOR NAME: Al's Construction-State Bank of Illinois Account #560046219
AUDIT PERIOD: October 19, 2005 to April 23, 2007
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| N.A | Apr-06 | Reyes, Rolando | 10.50 | | 10.50 | 12.75 | 133.88 | 10.50 | | 10.50 | 2.75 | 28.88 | 162.76 |
| N.A | Apr-06 | Guzman, Roxanna | 6.00 | | 6.00 | 12.75 | 76.50 | 6.00 | | 6.00 | 2.75 | 16.50 | 93.00 |
| N.A | Apr-06 | All Other Bricklayers | | | | 12.75 | | | | | 2.75 | | |
| | | MONTH TOTALS | 208.25 | | 208.25 | | 2,655.20 | 208.25 | | 208.25 | | 572.70 | 3,227.90 |
| N.A | May-06 | Guzman, Alfonso Jr. | 6.00 | | 6.00 | 12.75 | 76.50 | 6.00 | | 6.00 | 2.75 | 16.50 | 93.00 |
| N.A | May-06 | Carvajal, Alicia | 15.00 | | 15.00 | 12.75 | 191.25 | 15.00 | | 15.00 | 2.75 | 41.25 | 232.50 |
| N.A | May-06 | Guerraro, Armando | 37.00 | | 37.00 | 12.75 | 471.75 | 37.00 | | 37.00 | 2.75 | 101.75 | 573.50 |
| N.A | May-06 | Reyes, Edgar | 68.50 | | 68.50 | 12.75 | 873.38 | 68.50 | | 68.50 | 2.75 | 188.38 | 1,061.76 |
| N.A | May-06 | Valdez, Effrain | 75.75 | | 75.75 | 12.75 | 965.81 | 75.75 | | 75.75 | 2.75 | 208.31 | 1,174.12 |
| N.A | May-06 | Piriz, Refuge | 30.00 | | 30.00 | 12.75 | 382.50 | 30.00 | | 30.00 | 2.75 | 82.50 | 465.00 |
| N.A | May-06 | Contreras, Roque | 55.50 | | 55.50 | 12.75 | 707.63 | 55.50 | | 55.50 | 2.75 | 152.63 | 860.26 |
| N.A | May-06 | Valdez, Roque | 90.25 | | 90.25 | 12.75 | 1,150.69 | 90.25 | | 90.25 | 2.75 | 248.19 | 1,398.88 |
| N.A | May-06 | Reyes, Rolando | 18.75 | | 18.75 | 12.75 | 239.06 | 18.75 | | 18.75 | 2.75 | 51.56 | 290.62 |
| N.A | May-06 | Soto, Rosendo | 3.00 | | 3.00 | 12.75 | 38.25 | 3.00 | | 3.00 | 2.75 | 8.25 | 46.50 |
| N.A | May-06 | Guzman, Veronica | 15.00 | | 15.00 | 12.75 | 191.25 | 15.00 | | 15.00 | 2.75 | 41.25 | 232.50 |
| N.A | May-06 | All Other Bricklayers | | | | 12.75 | | | | | 2.75 | | |
| | | MONTH TOTALS | 414.75 | | 414.75 | | 5,288.07 | 414.75 | | 414.75 | | 1,140.57 | 6,428.64 |
| N.A | Jun-06 | Carvajal, Alicia | 5.75 | | 5.75 | 14.08 | 80.96 | 5.75 | | 5.75 | 3.10 | 17.83 | 98.79 |
| N.A | Jun-06 | Guzman, Andrea | 25.75 | | 25.75 | 14.08 | 362.56 | 25.75 | | 25.75 | 3.10 | 79.83 | 442.39 |
| N.A | Jun-06 | Villalta, Brenda | 3.00 | | 3.00 | 14.08 | 42.24 | 3.00 | | 3.00 | 3.10 | 9.30 | 51.54 |
| N.A | Jun-06 | Garvajal, Christan | 14.25 | | 14.25 | 14.08 | 200.64 | 14.25 | | 14.25 | 3.10 | 44.18 | 244.82 |
| N.A | Jun-06 | Soto, Daniel | 24.75 | | 24.75 | 14.08 | 348.48 | 24.75 | | 24.75 | 3.10 | 76.73 | 425.21 |
| N.A | Jun-06 | Velazco, Daniel | 2.50 | | 2.50 | 14.08 | 35.20 | 2.50 | | 2.50 | 3.10 | 7.75 | 42.95 |
| N.A | Jun-06 | Valdez, Effrain | 53.00 | | 53.00 | 14.08 | 746.24 | 53.00 | | 53.00 | 3.10 | 164.30 | 910.54 |
| N.A | Jun-06 | Torres, Gilberto | 5.25 | | 5.25 | 14.08 | 73.92 | 5.25 | | 5.25 | 3.10 | 16.28 | 90.20 |
| N.A | Jun-06 | Torres, Manuela | 4.75 | | 4.75 | 14.08 | 66.88 | 4.75 | | 4.75 | 3.10 | 14.73 | 81.61 |
| N.A | Jun-06 | Guzman, Maria | 7.25 | | 7.25 | 14.08 | 102.08 | 7.25 | | 7.25 | 3.10 | 22.48 | 124.56 |
| N.A | Jun-06 | Contreras, Roque | 34.50 | | 34.50 | 14.08 | 485.76 | 34.50 | | 34.50 | 3.10 | 106.95 | 592.71 |
| N.A | Jun-06 | Valdez, Roque | 48.25 | | 48.25 | 14.08 | 679.36 | 48.25 | | 48.25 | 3.10 | 149.58 | 828.94 |
| N.A | Jun-06 | Reyes, Rolando | 27.25 | | 27.25 | 14.08 | 383.68 | 27.25 | | 27.25 | 3.10 | 84.48 | 468.16 |
| N.A | Jun-06 | Soto, Rosendo | 27.25 | | 27.25 | 14.08 | 383.68 | 27.25 | | 27.25 | 3.10 | 84.48 | 468.16 |
| N.A | Jun-06 | All Other Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | 283.50 | | 283.50 | | 3,991.68 | 283.50 | | 283.50 | | 878.90 | 4,870.58 |

2006

CONTRACTOR NAME: Al's Construction-State Bank of Illinois Account #560046219
AUDIT PERIOD: October 19, 2005 to April 23, 2007
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| N.A. | Jul-06 | Guzman, Alfonso Jr. | 28.75 | | 28.75 | 14.08 | 404.80 | 28.75 | | 28.75 | 3.10 | 89.13 | 493.93 |
| N.A. | Jul-06 | Guzman, Alfonso Sr. | 172.25 | | 172.25 | 14.08 | 2,425.28 | 172.25 | | 172.25 | 3.10 | 533.98 | 2,959.26 |
| N.A. | Jul-06 | Guzman, Andrea | 40.00 | | 40.00 | 14.08 | 563.20 | 40.00 | | 40.00 | 3.10 | 124.00 | 687.20 |
| N.A. | Jul-06 | Guerraro, Armando | 23.00 | | 23.00 | 14.08 | 323.84 | 23.00 | | 23.00 | 3.10 | 71.30 | 395.14 |
| N.A. | Jul-06 | Reyes, Edgar | 23.00 | | 23.00 | 14.08 | 323.84 | 23.00 | | 23.00 | 3.10 | 71.30 | 395.14 |
| N.A. | Jul-06 | Valdez, Effrain | 28.75 | | 28.75 | 14.08 | 404.80 | 28.75 | | 28.75 | 3.10 | 89.13 | 493.93 |
| N.A. | Jul-06 | Munoz, Merado | 11.50 | | 11.50 | 14.08 | 161.92 | 11.50 | | 11.50 | 3.10 | 35.65 | 197.57 |
| N.A. | Jul-06 | Contreras, Rogue | 28.75 | | 28.75 | 14.08 | 404.80 | 28.75 | | 28.75 | 3.10 | 89.13 | 493.93 |
| N.A. | Jul-06 | Valdez, Roque | 28.75 | | 28.75 | 14.08 | 404.80 | 28.75 | | 28.75 | 3.10 | 89.13 | 493.93 |
| N.A. | Jul-06 | All Other Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | 384.75 | | 384.75 | | 5,417.28 | 384.75 | | 384.75 | | 1,192.75 | 6,610.03 |
| N.A. | Aug-06 | Guzman, Alfonso Jr. | 30.50 | | 30.50 | 14.08 | 429.44 | 30.50 | | 30.50 | 3.10 | 94.55 | 523.99 |
| N.A. | Aug-06 | Guzman, Alfonso Sr. | 14.25 | | 14.25 | 14.08 | 200.64 | 14.25 | | 14.25 | 3.10 | 44.18 | 244.82 |
| N.A. | Aug-06 | Guzman, Andrea | 28.75 | | 28.75 | 14.08 | 404.80 | 28.75 | | 28.75 | 3.10 | 89.13 | 493.93 |
| N.A. | Aug-06 | Guerraro, Armando | 18.25 | | 18.25 | 14.08 | 256.96 | 18.25 | | 18.25 | 3.10 | 56.58 | 313.54 |
| N.A. | Aug-06 | Soto, Daniel | 36.75 | | 36.75 | 14.08 | 517.44 | 36.75 | | 36.75 | 3.10 | 113.93 | 631.37 |
| N.A. | Aug-06 | Reyes, Edgar | 27.50 | | 27.50 | 14.08 | 387.20 | 27.50 | | 27.50 | 3.10 | 85.25 | 472.45 |
| N.A. | Aug-06 | Valdez, Effrain | 21.00 | | 21.00 | 14.08 | 295.68 | 21.00 | | 21.00 | 3.10 | 65.10 | 360.78 |
| N.A. | Aug-06 | Carvajal, Ernesto | 57.50 | | 57.50 | 14.08 | 809.60 | 57.50 | | 57.50 | 3.10 | 178.25 | 987.85 |
| N.A. | Aug-06 | Alcalde, Faniola | 6.25 | | 6.25 | 14.08 | 88.00 | 6.25 | | 6.25 | 3.10 | 19.38 | 107.38 |
| N.A. | Aug-06 | Aguilar, Ivan Reyes | 20.00 | | 20.00 | 14.08 | 281.60 | 20.00 | | 20.00 | 3.10 | 62.00 | 343.60 |
| N.A. | Aug-06 | Sabat, Mary | 91.75 | | 91.75 | 14.08 | 1,291.84 | 91.75 | | 91.75 | 3.10 | 284.43 | 1,576.27 |
| N.A. | Aug-06 | Munoz, Merado | 11.50 | | 11.50 | 14.08 | 161.92 | 11.50 | | 11.50 | 3.10 | 35.65 | 197.57 |
| N.A. | Aug-06 | Contreras, Rogue | 37.75 | | 37.75 | 14.08 | 531.52 | 37.75 | | 37.75 | 3.10 | 117.03 | 648.55 |
| N.A. | Aug-06 | Reyes, Rolando | 36.75 | | 36.75 | 14.08 | 517.44 | 36.75 | | 36.75 | 3.10 | 113.93 | 631.37 |
| N.A. | Aug-06 | Soto, Rosendo | 34.50 | | 34.50 | 14.08 | 485.76 | 34.50 | | 34.50 | 3.10 | 106.95 | 592.71 |
| N.A. | Aug-06 | All Other Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | 473.00 | | 473.00 | | 6,659.84 | 473.00 | | 473.00 | | 1,466.34 | 8,126.18 |
| N.A. | Sep-06 | Guzman, Andrea | 23.00 | | 23.00 | 14.08 | 323.84 | 23.00 | | 23.00 | 3.10 | 71.30 | 395.14 |
| N.A. | Sep-06 | All Other Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | 23.00 | | 23.00 | | 323.84 | 23.00 | | 23.00 | | 71.30 | 395.14 |
| | Oct-06 | All Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| N.A. | Nov-06 | Carvajal, Alicia | 11.50 | | 11.50 | 14.08 | 161.92 | 11.50 | | 11.50 | 3.10 | 35.65 | 197.57 |
| N.A. | Nov-06 | Guzman, Andrea | 14.25 | | 14.25 | 14.08 | 200.64 | 14.25 | | 14.25 | 3.10 | 44.18 | 244.82 |

3 of 4

PAYROLL AUDIT - SCHEDULE OF DELINQUENT HOURS

CONTRACTOR NAME: Al's Construction-State Bank of Illinois Account #560046219
AUDIT PERIOD: October 19, 2005 to April 23, 2007
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

2006

4 of 4

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| N/A | Nov-06 | Carvajal, Ernesto | 50.25 | | 50.25 | 14.08 | 707.52 | 50.25 | | 50.25 | 3.10 | 155.78 | 863.30 |
| N/A | Nov-06 | Pasada, Jose | 9.00 | | 9.00 | 14.08 | 126.72 | 9.00 | | 9.00 | 3.10 | 27.90 | 154.62 |
| N/A | Nov-06 | Hernandez, Luis | 12.25 | | 12.25 | 14.08 | 172.48 | 12.25 | | 12.25 | 3.10 | 37.98 | 210.46 |
| N/A | Nov-06 | Contreras, Roque | 1.75 | | 1.75 | 14.08 | 24.64 | 1.75 | | 1.75 | 3.10 | 5.43 | 30.07 |
| | Nov-06 | All Other Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | 99.00 | | 99.00 | | 1,393.92 | 99.00 | | 99.00 | | 306.92 | 1,700.84 |
| N/A | Dec-06 | Carvajal, Alicia | 20.00 | | 20.00 | 14.08 | 281.60 | 20.00 | | 20.00 | 3.10 | 62.00 | 343.60 |
| | Dec-06 | All Other Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | 20.00 | | 20.00 | | 281.60 | 20.00 | | 20.00 | | 62.00 | 343.60 |
| | | 2006 TOTALS | 2,494.00 | | 2,494.00 | | 33,505.28 | 2,494.00 | | 2,494.00 | | 7,307.83 | 40,813.11 |

2007

CONTRACTOR NAME: Al's Construction-State Bank of Illinois Account #560046219
AUDIT PERIOD: October 19, 2005 to April 23, 2007
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| N.A. | Jan-07 | Guzman, Andrea | 28.75 | | 28.75 | 14.08 | 404.80 | 28.75 | | 28.75 | 3.10 | 89.13 | 493.93 |
| N.A. | Jan-07 | Castro, Jose | 28.25 | | 28.25 | 14.08 | 397.76 | 28.25 | | 28.25 | 3.10 | 87.58 | 485.34 |
| N.A. | Jan-07 | All Other Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | 57.00 | | 57.00 | | 802.56 | 57.00 | | 57.00 | | 176.71 | 979.27 |
| N.A. | Feb-07 | Guzman, Alfonso Jr. | 34.50 | | 34.50 | 14.08 | 485.76 | 34.50 | | 34.50 | 3.10 | 106.95 | 592.71 |
| N.A. | Feb-07 | Guzman, Alfonso Sr. | 28.75 | | 28.75 | 14.08 | 404.80 | 28.75 | | 28.75 | 3.10 | 89.13 | 493.93 |
| N.A. | Feb-07 | Carvajal, Alicia | 14.25 | | 14.25 | 14.08 | 200.64 | 14.25 | | 14.25 | 3.10 | 44.18 | 244.82 |
| N.A. | Feb-07 | Guzman, Andrea | 109.00 | | 109.00 | 14.08 | 1,534.72 | 109.00 | | 109.00 | 3.10 | 337.90 | 1,872.62 |
| N.A. | Feb-07 | Pasada, Antonio | 13.75 | | 13.75 | 14.08 | 193.60 | 13.75 | | 13.75 | 3.10 | 42.63 | 236.23 |
| N.A. | Feb-07 | Soto, Daniel | 31.75 | | 31.75 | 14.08 | 447.04 | 31.75 | | 31.75 | 3.10 | 98.43 | 545.47 |
| N.A. | Feb-07 | Valdez, Effrain | 29.75 | | 29.75 | 14.08 | 418.88 | 29.75 | | 29.75 | 3.10 | 92.23 | 511.11 |
| N.A. | Feb-07 | Carvajal, Ernesto | 35.25 | | 35.25 | 14.08 | 496.32 | 35.25 | | 35.25 | 3.10 | 109.28 | 605.60 |
| N.A. | Feb-07 | Guerraro, Ivan | 36.50 | | 36.50 | 14.08 | 513.92 | 36.50 | | 36.50 | 3.10 | 113.15 | 627.07 |
| N.A. | Feb-07 | Castro, Jose | 57.50 | | 57.50 | 14.08 | 809.60 | 57.50 | | 57.50 | 3.10 | 178.25 | 987.85 |
| N.A. | Feb-07 | Pasada, Jose | 42.50 | | 42.50 | 14.08 | 598.40 | 42.50 | | 42.50 | 3.10 | 131.75 | 730.15 |
| N.A. | Feb-07 | Ruiz, Jose | 18.00 | | 18.00 | 14.08 | 253.44 | 18.00 | | 18.00 | 3.10 | 55.80 | 309.24 |
| N.A. | Feb-07 | Diaz, Jose | 24.00 | | 24.00 | 14.08 | 337.92 | 24.00 | | 24.00 | 3.10 | 74.40 | 412.32 |
| N.A. | Feb-07 | Ortega, Jose | 2.50 | | 2.50 | 14.08 | 35.20 | 2.50 | | 2.50 | 3.10 | 7.75 | 42.95 |
| N.A. | Feb-07 | Guzman, Maria | 23.00 | | 23.00 | 14.08 | 323.84 | 23.00 | | 23.00 | 3.10 | 71.30 | 395.14 |
| N.A. | Feb-07 | Munoz, Merado | 11.50 | | 11.50 | 14.08 | 161.92 | 11.50 | | 11.50 | 3.10 | 35.65 | 197.57 |
| N.A. | Feb-07 | Sesento, Noe | 13.00 | | 13.00 | 14.08 | 183.04 | 13.00 | | 13.00 | 3.10 | 40.30 | 223.34 |
| N.A. | Feb-07 | Contreras, Rogue | 20.25 | | 20.25 | 14.08 | 285.12 | 20.25 | | 20.25 | 3.10 | 62.78 | 347.90 |
| N.A. | Feb-07 | Valdez, Rogue | 27.00 | | 27.00 | 14.08 | 380.16 | 27.00 | | 27.00 | 3.10 | 83.70 | 463.86 |
| N.A. | Feb-07 | Reyes, Rolando | 23.25 | | 23.25 | 14.08 | 327.36 | 23.25 | | 23.25 | 3.10 | 72.08 | 399.44 |
| N.A. | Feb-07 | Soto, Rosendo | 68.00 | | 68.00 | 14.08 | 957.44 | 68.00 | | 68.00 | 3.10 | 210.80 | 1,168.24 |
| N.A. | Feb-07 | All Other Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | 664.00 | | 664.00 | | 9,349.12 | 664.00 | | 664.00 | | 2,058.44 | 11,407.56 |
| N.A. | Mar-07 | Guzman, Alfonso Jr. | 34.25 | | 34.25 | 14.08 | 482.24 | 34.25 | | 34.25 | 3.10 | 106.18 | 588.42 |
| N.A. | Mar-07 | Guzman, Alfonso Sr. | 247.00 | | 247.00 | 14.08 | 3,477.76 | 247.00 | | 247.00 | 3.10 | 765.70 | 4,243.46 |
| N.A. | Mar-07 | Carvajal, Alicia | 43.00 | | 43.00 | 14.08 | 605.44 | 43.00 | | 43.00 | 3.10 | 133.30 | 738.74 |
| N.A. | Mar-07 | Guzman, Andrea | 212.25 | | 212.25 | 14.08 | 2,988.48 | 212.25 | | 212.25 | 3.10 | 657.98 | 3,646.46 |
| N.A. | Mar-07 | Pasada, Antonio | 17.25 | | 17.25 | 14.08 | 242.88 | 17.25 | | 17.25 | 3.10 | 53.48 | 296.36 |
| N.A. | Mar-07 | Soto, Daniel | 44.00 | | 44.00 | 14.08 | 619.52 | 44.00 | | 44.00 | 3.10 | 136.40 | 755.92 |
| N.A. | Mar-07 | Carvajal, Ernesto | 28.75 | | 28.75 | 14.08 | 404.80 | 28.75 | | 28.75 | 3.10 | 89.13 | 493.93 |
| N.A. | Mar-07 | Carrasco, Hector | 23.00 | | 23.00 | 14.08 | 323.84 | 23.00 | | 23.00 | 3.10 | 71.30 | 395.14 |
| N.A. | Mar-07 | Guerraro, Ivan | 26.25 | | 26.25 | 14.08 | 369.60 | 26.25 | | 26.25 | 3.10 | 81.38 | 450.98 |
| N.A. | Mar-07 | Pasada, Jose | 17.25 | | 17.25 | 14.08 | 242.88 | 17.25 | | 17.25 | 3.10 | 53.48 | 296.36 |
| N.A. | Mar-07 | Ruiz, Jose | 40.00 | | 40.00 | 14.08 | 563.20 | 40.00 | | 40.00 | 3.10 | 124.00 | 687.20 |
| N.A. | Mar-07 | Diaz, Jose | 22.50 | | 22.50 | 14.08 | 316.80 | 22.50 | | 22.50 | 3.10 | 69.75 | 386.55 |

PAYROLL AUDIT - SCHEDULE OF DELINQUENT HOURS

2007

CONTRACTOR NAME: Al's Construction-State Bank of Illinois Account #560046219
AUDIT PERIOD: October 19, 2005 to April 23, 2007
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| N.A. | Mar-07 | Munoz, Lionel | 5.75 | | 5.75 | 14.08 | 80.96 | 5.75 | | 5.75 | 3.10 | 17.83 | 98.79 |
| N.A. | Mar-07 | Hernandez, Luis | 12.25 | | 12.25 | 14.08 | 172.48 | 12.25 | | 12.25 | 3.10 | 37.98 | 210.46 |
| N.A. | Mar-07 | Munoz, Merado | 37.25 | | 37.25 | 14.08 | 524.48 | 37.25 | | 37.25 | 3.10 | 115.48 | 639.96 |
| N.A. | Mar-07 | Sesento, Noe | 34.50 | | 34.50 | 14.08 | 485.76 | 34.50 | | 34.50 | 3.10 | 106.95 | 592.71 |
| N.A. | Mar-07 | Soto, Rosendo | 30.50 | | 30.50 | 14.08 | 429.44 | 30.50 | | 30.50 | 3.10 | 94.55 | 523.99 |
| N.A. | Mar-07 | Guzman, Roxanna | 14.25 | | 14.25 | 14.08 | 200.64 | 14.25 | | 14.25 | 3.10 | 44.18 | 244.82 |
| N.A. | Mar-07 | Reyes, Sixto | 45.00 | | 45.00 | 14.08 | 633.60 | 45.00 | | 45.00 | 3.10 | 139.50 | 773.10 |
| N.A. | Mar-07 | Guzman, Veronica | 8.50 | | 8.50 | 14.08 | 119.68 | 8.50 | | 8.50 | 3.10 | 26.35 | 146.03 |
| N.A. | Mar-07 | All Other Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | 943.50 | | 943.50 | | 13,284.48 | 943.50 | | 943.50 | | 2,924.99 | 16,209.38 |
| N.A. | Apr-07 | Guzman, Alfonso Jr. | 51.75 | | 51.75 | 14.08 | 728.64 | 51.75 | | 51.75 | 3.10 | 160.43 | 889.07 |
| N.A. | Apr-07 | Guzman, Alfonso Sr. | 172.75 | | 172.75 | 14.08 | 2,432.32 | 172.75 | | 172.75 | 3.10 | 535.53 | 2,967.85 |
| N.A. | Apr-07 | Guzman, Andrea | 168.75 | | 168.75 | 14.08 | 2,376.00 | 168.75 | | 168.75 | 3.10 | 523.13 | 2,899.13 |
| N.A. | Apr-07 | Soto, Daniel | 0.75 | | 0.75 | 14.08 | 10.56 | 0.75 | | 0.75 | 3.10 | 2.33 | 12.89 |
| N.A. | Apr-07 | Valdez, Effrain | 4.00 | | 4.00 | 14.08 | 56.32 | 4.00 | | 4.00 | 3.10 | 12.40 | 68.72 |
| N.A. | Apr-07 | Carvajal, Ernesto | 23.00 | | 23.00 | 14.08 | 323.84 | 23.00 | | 23.00 | 3.10 | 71.30 | 395.14 |
| N.A. | Apr-07 | Ruiz, Ismal | 7.50 | | 7.50 | 14.08 | 105.60 | 7.50 | | 7.50 | 3.10 | 23.25 | 128.85 |
| N.A. | Apr-07 | Castro, Jose | 35.50 | | 35.50 | 14.08 | 499.84 | 35.50 | | 35.50 | 3.10 | 110.05 | 609.89 |
| N.A. | Apr-07 | Ocampo, Judith | 10.75 | | 10.75 | 14.08 | 151.36 | 10.75 | | 10.75 | 3.10 | 33.33 | 184.69 |
| N.A. | Apr-07 | Hernandez, Luis | 13.75 | | 13.75 | 14.08 | 193.60 | 13.75 | | 13.75 | 3.10 | 42.63 | 236.23 |
| N.A. | Apr-07 | Contreras, Rogue | 1.75 | | 1.75 | 14.08 | 24.64 | 1.75 | | 1.75 | 3.10 | 5.43 | 30.07 |
| N.A. | Apr-07 | Reyes, Rolando | 1.00 | | 1.00 | 14.08 | 14.08 | 1.00 | | 1.00 | 3.10 | 3.10 | 17.18 |
| N.A. | Apr-07 | Guzman, Veronica | 35.00 | | 35.00 | 14.08 | 492.80 | 35.00 | | 35.00 | 3.10 | 108.50 | 601.30 |
| | Apr-07 | All Other Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | 526.25 | | 526.25 | | 7,409.60 | 526.25 | | 526.25 | | 1,631.41 | 9,041.01 |
| | May-07 | MONTH TOTALS | | | | 14.08 | | | | | 3.10 | | |
| | Jun-07 | MONTH TOTALS | | | | 15.38 | | | | | 3.50 | | |

PAYROLL AUDIT - SCHEDULE OF DELINQUENT HOURS

CONTRACTOR NAME: Al's Construction-State Bank of Illinois Account #560046219
AUDIT PERIOD: October 19, 2005 to April 23, 2007
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

2007

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Jul-07 | | | | | | | | | | | | |
| | | MONTH TOTALS | | | | 15.39 | | | | | 3.50 | | |
| | Aug-07 | | | | | | | | | | | | |
| | | MONTH TOTALS | | | | 15.39 | | | | | 3.50 | | |
| | Sep-07 | | | | | | | | | | | | |
| | | MONTH TOTALS | | | | 15.39 | | | | | 3.50 | | |
| | Oct-07 | | | | | | | | | | | | |
| | | MONTH TOTALS | | | | 15.39 | | | | | 3.50 | | |
| | Nov-07 | | | | | | | | | | | | |
| | | MONTH TOTALS | | | | 15.39 | | | | | 3.50 | | |
| | Dec-07 | | | | | | | | | | | | |
| | | MONTH TOTALS | | | | 15.39 | | | | | 3.50 | | |
| | | 2007 TOTALS | 2,190.75 | | 2,190.75 | | 30,845.76 | 2,190.75 | | 2,190.75 | | 6,791.46 | 37,637.22 |

3 of 3

Local 56 Masons and Plasterers
Fringe Benefit Funds
Bricklayers - Independent Agreement
Liquidated Damages
At 1.0% Per Month

Employer:    Al's Construction-State Bank of Illinois Account #560046219

A/C No:    2315

| 2005 | Deficiencies | Rate | Amount |
|---|---|---|---|
| Jan |  | 39.00% |  |
| Feb |  | 38.00% |  |
| Mar |  | 37.00% |  |
| Apr |  | 36.00% |  |
| May |  | 35.00% |  |
| Jun |  | 34.00% |  |
| Jul |  | 33.00% |  |
| Aug |  | 32.00% |  |
| Sep |  | 31.00% |  |
| Oct | 8,226.64 | 30.00% | 2,467.99 |
| Nov | 19,619.16 | 29.00% | 5,689.56 |
| Dec | 14,291.02 | 28.00% | 4,001.49 |
| Total | 42,136.82 |  | 12,159.04 |

| 2006 | Deficiencies | Rate | Amount |
|---|---|---|---|
| Jan | 4,258.68 | 27.00% | 1,149.84 |
| Feb |  | 26.00% |  |
| Mar | 4,851.52 | 25.00% | 1,212.88 |
| Apr | 3,227.90 | 24.00% | 774.70 |
| May | 6,428.64 | 23.00% | 1,478.59 |
| Jun | 4,870.58 | 22.00% | 1,071.53 |
| Jul | 6,610.03 | 21.00% | 1,388.11 |
| Aug | 8,126.18 | 20.00% | 1,625.24 |
| Sep | 395.14 | 19.00% | 75.08 |
| Oct |  | 18.00% |  |
| Nov | 1,700.84 | 17.00% | 289.14 |
| Dec | 343.60 | 16.00% | 54.98 |
| Total | 40,813.11 |  | 9,120.09 |

Local 56 Masons and Plasterers
Fringe Benefit Funds
Bricklayers - Independent Agreement
Liquidated Damages
At 1.0% Per Month

Employer:     Al's Construction-State Bank of Illinois Account #560046219

A/C No:       2315

| 2007 | Deficiencies | Rate | Amount |
|------|-------------|------|--------|
| Jan | 979.27 | 15.00% | 146.89 |
| Feb | 11,407.56 | 14.00% | 1,597.06 |
| Mar | 16,209.38 | 13.00% | 2,107.22 |
| Apr | 9,041.01 | 12.00% | 1,084.92 |
| May | | 11.00% | |
| Jun | | 10.00% | |
| Jul | | 9.00% | |
| Aug | | 8.00% | |
| Sep | | 7.00% | |
| Oct | | 6.00% | |
| Nov | | 5.00% | |
| Dec | | 4.00% | |
| Total | 37,637.22 | | 4,936.09 |

| 2008 | Deficiencies | Rate | Amount |
|------|-------------|------|--------|
| Jan | | 3.00% | |
| Feb | | 2.00% | |
| Mar | | 1.00% | |
| Apr | | | |
| May | | | |
| Jun | | | |
| Jul | | | |
| Aug | | | |
| Sep | | | |
| Oct | | | |
| Nov | | | |
| Dec | | | |
| Total | | | |



# LEGACY
## PROFESSIONALS LLP
### CERTIFIED PUBLIC ACCOUNTANTS

February 25, 2008

A/C 2315

Local 56 Masons and Plasterers
  Fringe Benefit Funds
371 South Main Place
Carol Stream, IL 60188

We have applied certain procedures, as discussed below, to the records (provided to us by the Funds) of Al Guzman, Sr. and Maria V. Guzman's checking account; State Bank of Illinois Account Number 530346296, a contributing employer to the Local 56 Masons and Plasterers Fringe Benefit Funds for the period September 26, 2007 to December 10, 2007. The purpose of our review was to assist you in determining whether contributions to the Trust Funds are being made in accordance with the collective bargaining agreements in effect and with the Trust Agreements of the Funds. The propriety of the contributions is the responsibility of the employer's management.

Our procedures included a review of the pertinent provision of the collective bargaining agreements and analysis of employer provided records. The employer records we reviewed included general disbursement records and bank statements. The scope of this engagement was limited to records made available by the employer and would not necessarily disclose all exceptions in employer contributions to the Trust Funds. Any compensation paid to employees not disclosed to us or made part of the written record was not determinable by us and was not included in our review.

Our procedures related to a review of the employer's records only and did not extend to any financial statements of the contributing employer. The procedures were substantially less in scope than an audit of the financial statements of the contributing employer, the objective of which is the expression of an opinion on the contributing employer's financial statements. Accordingly, no such opinion is expressed.

The exceptions to employer contributions are detailed on the accompanying schedule.

*Legacy Professionals LLP*

/tt

# LEGACY
## PROFESSIONALS LLP
### CERTIFIED PUBLIC ACCOUNTANTS

February 25, 2008

Local 56 Masons and Plasterers
 Fringe Benefit Funds
371 South Main Place
Carol Stream, IL 60188

## Payroll Audit Report- Independent Agreement

Employer Name :    Al Guzman, Sr. and Maria V. Guzman's checking account        AGID:  56IND
State Bank of Illinois Account #530346296

Account #:        2315            Telephone:      630-740-4067

Address :         1775 Cortland Court Unit D
Addison, IL 60101

Date of Audit :   February 25, 2008

Period Examined : September 26, 2007 to December 10, 2007

Employer representative, if any, present at the time of the payroll audit:

Doug Johnston                Delinquency Coordinator
Name                         Title

Location of Audit    Legacy Professionals LLP
30 N LaSalle Suite 4200
Chicago, IL 60602

Summary or reason for underreported or overreported contributions :
Payments made to individuals that may have been performing bargaining unit work.

As a result of the payroll audit conducted on the above employer's records:

$492.21        is due to (from) Local 56 Masons and
Plasterers Fringe Benefit Funds

Terrence Truesdale; Ben Yackley
Payroll Auditor(s)

Local 56 Masons and Plasterers
Fringe Benefit Funds - Independent Agreement
Summary of Deficiencies
Bricklayers-Independent

| | |
|---|---|
| Date: | February 25, 2008 |
| Last Date of Fieldwork: | February 25, 2008 |
| Audit Period : | September 26, 2007 to December 10, 2007 |
| Employer: | Al Guzman, Sr. and Maria V. Guzman's checking account-State Bank of Illinois Account #530346296 |
| Account Number: | 2315 |

| Total Paid | | + | Total Discrepancies | = | Total Contributions Due |
|---|---|---|---|---|---|
| $ | - | | $    415.58 | | $    415.58 |
| | | | 5% of Contributions Due | | $    20.78 |

| | Total | 2004 | 2005 | 2006 | 2007 | 2008 | |
|---|---|---|---|---|---|---|---|
| Regular hours not reported | 22.00 | - | - | - | - | - | Jan-Jun 07 |
| | | | | | 22.00 | | Jul-Dec 07 |
| Annuity hours not reported | 22.00 | - | - | - | - | - | Jan-Jun 07 |
| | | | | | 22.00 | | Jul-Dec 07 |
| Health, Welfare | $ 169.40 | $ - | $ - | $ - | $ - | $ - | Jan-Jun 07 |
| | | | | | $ 169.40 | | Jul-Dec 07 |
| Pension | $ 104.94 | | | | $ - | | Jan-Jun 07 |
| | | | | | $ 104.94 | | Jul-Dec 07 |
| LMCC | $ 2.20 | $ EFF.6/1/05 | $ - | $ - | $ - | $ | Jan-Jun 07 |
| | | | | | $ 2.20 | | Jul-Dec 07 |
| ICE | $ 0.22 | | EFFECTIVE 7/1/07 | | $ - | $ - | |
| | | | | | $ 0.22 | | Jul-Dec 07 |
| IPF | $ 11.00 | $ - | $ - | $ - | $ - | $ - | Jan-Jun 07 |
| | | | | | $ 11.00 | | Jul-Dec 07 |
| D.C.T.C. | $ 5.50 | $ - | $ - | $ - | $ - | $ - | Jan-Jun 07 |
| | | | | | $ 5.50 | | Jul-Dec 07 |
| IMI | $ 11.88 | $ - | $ - | $ - | $ - | $ - | Jan-Jun 07 |
| | | | | | $ 11.88 | | Jul-Dec 07 |
| DC Dues | $ 33.22 | $ - | $ - | $ - | $ - | $ - | Jan-Jun 07 |
| | | | | | $ 33.22 | | Jul-Dec 07 |
| Safety | $ 0.22 | $ - | $ - | $ - | $ - | $ - | Jan-Jun 07 |
| | | | | | $ 0.22 | | Jul-Dec 07 |
| Annuity Fund | $ 77.00 | $ - | $ - | $ - | $ - | $ - | Jan-Jun 07 |
| | | | | | $ 77.00 | | Jul-Dec 07 |
| Total discrepancies due | $ 415.58 | $ - | $ - | $ - | $ - | $ - | Jan-Jun 07 |
| | | | | | $ 415.58 | | Jul-Dec 07 |
| Liquidated Damages @ 10% | $ 41.56 | | EFFECTIVE 7/1/07 | | $ 41.56 | $ - | Jul-Dec 07 |
| Liquidated Damages @ 1.0% per month | | $ - | $ - | $ - | $ - | $ - | Jan-Jun 07 |
| Interest @ 1.5% per month | $ 35.07 | | EFFECTIVE 7/1/07 | | $ 35.07 | $ - | Jul-Dec 07 |
| Net Amount Due | $ 492.21 | | | | | | |
| Outstanding Balance Due | | | | | | | |
| Payroll Audit Fees | yes | | | | | | |
| Total Amount Due | $ 492.21 | | | | | | |

Dates
9/26/08 to 12/10/07

LD's @ 10% and Interest @ 1.5% per month applies to
deficiencies from July 1, 2007 forward.

LD's @ 1.0% per month applies to deficiencies
prior to July 1, 2007.

PAYROLL AUDIT - SCHEDULE OF DELINQUENT HOURS

**2007**

CONTRACTOR NAME: Al Guzman, Sr. and Maria V. Guzman's checking account-State Bank of Illinois Account #530346296
AUDIT PERIOD: September 26, 2007 to December 10, 2007
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

1 of 2

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Jan-07 | All Other Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Feb-07 | All Other Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Mar-07 | All Other Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Apr-07 | All Other Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | May-07 | | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | Jun-07 | | | | | 15.38 | | | | | 3.50 | | |
| | | MONTH TOTALS | | | | | | | | | | | |

PAYROLL AUDIT - SCHEDULE OF DELINQUENT HOURS

**2007**

CONTRACTOR NAME: Al Guzman, Sr. and Maria V. Guzman's checking account-State Bank of Illinois Account #530346296
AUDIT PERIOD: September 26, 2007 to December 10, 2007
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Jul-07 | | | | | | | | | | | | |
| | | MONTH TOTALS | | | | | | | | | 3.50 | | |
| | Aug-07 | | | | | | | | | | | | |
| | | MONTH TOTALS | | | | | | | | | 3.50 | | |
| | Sep-07 | All Bricklayers | | | | 15.39 | | | | | 3.50 | | |
| | | MONTH TOTALS | | | | | | | | | 3.50 | | |
| N/A | Oct-07 | Guzman, Andrea | 13.75 | | 13.75 | 15.39 | 211.61 | 13.75 | | 13.75 | 3.50 | 48.13 | 259.74 |
| | Oct-07 | All Other Bricklayers | | | | 15.39 | | | | | 3.50 | | |
| | | MONTH TOTALS | 13.75 | | 13.75 | | 211.61 | 13.75 | | 13.75 | | 48.13 | 259.74 |
| N/A | Nov-07 | Guzman, Maria | 8.25 | | 8.25 | 15.39 | 126.97 | 8.25 | | 8.25 | 3.50 | 28.88 | 155.85 |
| | Nov-07 | All Other Bricklayers | | | | 15.39 | | | | | 3.50 | | |
| | | MONTH TOTALS | 8.25 | | 8.25 | | 126.97 | 8.25 | | 8.25 | | 28.88 | 155.85 |
| | Dec-07 | All Bricklayers | | | | 15.39 | | | | | 3.50 | | |
| | | MONTH TOTALS | | | | | | | | | | | |
| | | 2007 TOTALS | 22.00 | | 22.00 | | 338.58 | 22.00 | | 22.00 | | 77.01 | 415.59 |

2 of 2

Local 56 Masons and Plasterers
Fringe Benefit Funds
Bricklayers - Independent Agreement
Interest
At 1.5% Per Month

**EFFECTIVE JULY 1, 2007**

Employer:   Al Guzman, Sr. and Maria V. Guzman's checking account
State Bank of Illinois Account #530346296
A/C No:      2315

| 2007 | Deficiencies | Rate | Amount |
|------|------|------|------|
| Jan | | | |
| Feb | | | |
| Mar | | | |
| Apr | | | |
| May | | | |
| Jun | | | |
| Jul | | 13.50% | |
| Aug | | 12.00% | |
| Sep | | 10.50% | |
| Oct | 259.74 | 9.00% | 23.38 |
| Nov | 155.85 | 7.50% | 11.69 |
| Dec | | 6.00% | |
| Total | 415.59 | | 35.07 |

| 2008 | Deficiencies | Rate | Amount |
|------|------|------|------|
| Jan | | 4.50% | |
| Feb | | 3.00% | |
| Mar | | 1.50% | |
| Apr | | | |
| May | | | |
| Jun | | | |
| Jul | | | |
| Aug | | | |
| Sep | | | |
| Oct | | | |
| Nov | | | |
| Dec | | | |
| Total | | | |



**LEGACY**
PROFESSIONALS LLP
CERTIFIED PUBLIC ACCOUNTANTS

February 25, 2008

A/C 2315

Local 56 Masons and Plasterers
  Fringe Benefit Funds
371 South Main Place
Carol Stream, IL 60188

We have applied certain procedures, as discussed below, to the records (provided to us by the Funds) of Alfonso Guzman, Sr. and Maria V. Guzman's personal bank account; State Bank of Illinois Account Number 307473663, a contributing employer to the Local 56 Masons and Plasterers Fringe Benefit Funds for the period June 30, 2004 to March 30, 2007. The purpose of our review was to assist you in determining whether contributions to the Trust Funds are being made in accordance with the collective bargaining agreements in effect and with the Trust Agreements of the Funds. The propriety of the contributions is the responsibility of the employer's management.

Our procedures included a review of the pertinent provision of the collective bargaining agreements and analysis of employer provided records. The employer records we reviewed included general disbursement records and bank statements. The scope of this engagement was limited to records made available by the employer and would not necessarily disclose all exceptions in employer contributions to the Trust Funds. Any compensation paid to employees not disclosed to us or made part of the written record was not determinable by us and was not included in our review.

Our procedures related to a review of the employer's records only and did not extend to any financial statements of the contributing employer. The procedures were substantially less in scope than an audit of the financial statements of the contributing employer, the objective of which is the expression of an opinion on the contributing employer's financial statements. Accordingly, no such opinion is expressed.

There were no exceptions found in contributions reported to the Funds during our payroll audit period.

*Legacy Professionals LLP*

/tt

# LEGACY
## PROFESSIONALS LLP
### CERTIFIED PUBLIC ACCOUNTANTS

February 25, 2008

Local 56 Masons and Plasterers
 Fringe Benefit Funds
371 South Main Place
Carol Stream, IL 60188

## **Payroll Audit Report- Independent Agreement**

Employer Name :   Alfonso Guzman, Sr. and Maria V. Guzman's personal bank       AGID:  56IND
                  account; State Bank of Illinois Account #307473663

Account #:        2315          Telephone:   630-740-4067

Address :         1775 Cortland Court Unit D
                  Addison, IL 60101

Date of Audit :   February 25, 2008

Period Examined :  June 30, 2004 to March 30, 2007

Employer representative, if any, present at the time of the payroll audit:

          Doug Johnston              Delinquency Coordinator
          Name                                            Title

Location of Audit   Legacy Professionals LLP
                    30 N LaSalle Suite 4200
                    Chicago, IL 60602

Summary or reason for underreported or overreported contributions :
No Exceptions Noted.

As a result of the payroll audit conducted on the above employer's records:

          $0.00      is due to (from) the Local 56 Masons
                     and Plasterers Fringe Benefit Funds

                     Terrence Truesdale; Ben Yackley
                     Payroll Auditor(s)



# LEGACY
### PROFESSIONALS LLP
CERTIFIED PUBLIC ACCOUNTANTS

February 26, 2008

A/C 2315

Local 56 Masons and Plasterers
  Fringe Benefit Funds
371 South Main Place
Carol Stream, IL 60188

  We have applied certain procedures, as discussed below, to the records (provided to us by the Funds) of Al's Maintenance; LaSalle Bank N.A. Account Number 5201779286, a contributing employer to the Local 56 Masons and Plasterers Fringe Benefit Funds for the period February 28, 2006 to December 3, 2007. The purpose of our review was to assist you in determining whether contributions to the Trust Funds are being made in accordance with the collective bargaining agreements in effect and with the Trust Agreements of the Funds. The propriety of the contributions is the responsibility of the employer's management.

  Our procedures included a review of the pertinent provision of the collective bargaining agreements and analysis of employer provided records. The employer records we reviewed included general disbursement records and bank statements. The scope of this engagement was limited to records made available by the employer and would not necessarily disclose all exceptions in employer contributions to the Trust Funds. Any compensation paid to employees not disclosed to us or made part of the written record was not determinable by us and was not included in our review.

  Our procedures related to a review of the employer's records only and did not extend to any financial statements of the contributing employer. The procedures were substantially less in scope than an audit of the financial statements of the contributing employer, the objective of which is the expression of an opinion on the contributing employer's financial statements. Accordingly, no such opinion is expressed.

  The exceptions to employer contributions are detailed on the accompanying schedule.

*Legacy Professionals LLP*

/tt



# LEGACY
## PROFESSIONALS LLP
### CERTIFIED PUBLIC ACCOUNTANTS

February 26, 2008

Local 56 Masons and Plasterers
 Fringe Benefit Funds
371 South Main Place
Carol Stream, IL 60188

## Payroll Audit Report- Independent Agreement

Employer Name :    Al's Maintenance- LaSalle Bank N.A. Account #5201779286         AGID:  56IND

Account # :        2315          Telephone:    630-740-4067

Address :          1775 Cortland Court Unit D
                   Addison, IL 60101

Date of Audit :    February 26, 2008

Period Examined :  February 28, 2006 through December 3, 2007

Employer representative, if any, present at the time of the payroll audit:

        Doug Johnston                              Delinquency Coordinator
        Name                                       Title

Location of Audit  1775 Cortland Court Unit D
                   Addison, IL 60101

Summary or reason for underreported or overreported contributions :
Payments made to individuals that may have been performing bargaining unit work.


As a result of the payroll audit conducted on the above employer's records:

        $285,313.06       is due to (from) the Local 56 Masons
                          and Plasterers Fringe Benefit Funds.


                                          Terrence Truesdale; Ben Yackley
                                          Payroll Auditor(s)

Local 56 Masons and Plasterers
Fringe Benefit Funds - Independent Agreement
Summary of Deficiencies
Bricklayers-Independent

Date: February 26, 2008
Last Date of Fieldwork: February 26, 2008
Audit Period : February 28, 2006 through December 3, 2007
Employer: Al's Maintenance- LaSalle Bank N.A. Account #5201779286
Account Number: 2315

| Total Paid | + | Total Discrepancies | = | Total Contributions Due |
|---|---|---|---|---|
| $ - | | $ 245,843.97 | | $ 245,843.97 |
| | | 5% of Contributions Due | | $ 12,292.20 |

| | Total | 2004 | 2005 | 2006 | 2007 | 2008 | |
|---|---|---|---|---|---|---|---|
| Regular hours not reported | 13,906.25 | - | - | 4,922.75 | 6,155.25 | - | Jan-Jun 07 |
| | | | | | 2,828.25 | | Jul-Dec 07 |
| Annuity hours not reported | 13,906.25 | - | | 4,922.75 | 6,155.25 | | Jan-Jun 07 |
| | | | | | 2,828.25 | | Jul-Dec 07 |
| Health, Welfare | $ 100,679.70 | $ - | $ - | $ 34,705.39 | $ 44,196.78 | $ - | Jan-Jun 07 |
| | | | | | $ 21,777.53 | | Jul-Dec 07 |
| Pension | $ 63,871.87 | $ - | $ - | $ 22,250.83 | $ 28,130.29 | $ - | Jan-Jun 07 |
| | | | | | $ 13,490.75 | | Jul-Dec 07 |
| LMCC | $ 1,390.64 | EFF.6/1/05 | $ - | $ 492.28 | $ 615.53 | $ - | Jan-Jun 07 |
| | | | | | $ 282.83 | | Jul-Dec 07 |
| CE | $ 28.28 | EFFECTIVE 7/1/07 | | | $ 28.28 | $ - | Jul-Dec 07 |
| PF | $ 4,492.20 | $ - | $ - | $ 1,230.69 | $ 1,847.38 | $ - | Jan-Jun 07 |
| | | | | | 1,414.13 | | Jul-Dec 07 |
| O.C.T.C. | $ 3,181.25 | $ - | $ - | $ 1,083.01 | $ 1,391.18 | $ - | Jan-Jun 07 |
| | | | | | 707.06 | | Jul-Dec 07 |
| MI | $ 7,214.07 | $ - | $ - | $ 2,510.60 | $ 3,176.21 | $ - | Jan-Jun 07 |
| | | | | | 1,527.26 | | Jul-Dec 07 |
| DC Dues | $ 20,112.51 | $ - | $ - | $ 6,990.31 | $ 8,851.54 | $ - | Jan-Jun 07 |
| | | | | | 4,270.66 | | Jul-Dec 07 |
| Safety | $ 139.06 | $ - | $ - | $ 49.23 | $ 61.55 | $ - | Jan-Jun 07 |
| | | | | | 28.28 | | Jul-Dec 07 |
| Annuity Fund | $ 44,734.39 | $ - | $ - | $ 15,260.53 | $ 19,574.98 | $ - | Jan-Jun 07 |
| | | | | | 9,898.88 | | Jul-Dec 07 |
| Total discrepancies due | $ 245,843.97 | $ - | $ - | $ 84,572.87 | $ 107,845.44 | $ - | Jan-Jun 07 |
| | | | | | $ 53,425.66 | | Jul-Dec 07 |
| Liquidated Damages @ 10% | $ 5,342.57 | EFFECTIVE 7/1/07 | | | $ 5,342.57 | $ - | Jul-Dec 07 |
| Liquidated Damages @ 1.0% per month | $ 27,753.73 | | | $ 14,651.31 | 13,102.42 | | Jan-Jun 07 |
| Interest @ 1.5% per month | $ 6,372.79 | EFFECTIVE 7/1/07 | | | $ 6,372.79 | $ - | Jul-Dec 07 |

| | |
|---|---|
| Net Amount Due | $ 285,313.06 |
| Outstanding Balance Due | |
| Payroll Audit Fees | yes |
| Total Amount Due | $ 285,313.06 |

Dates:
2/28/06 to 12/03/07

LD's @ 10% and Interest @ 1.5% per month applies to deficiencies from July 1, 2007 forward.

LD's @ 1.0% per month applies to deficiencies prior to July 1, 2007.

PAYROLL AUDIT - SCHEDULE OF DELINQUENT HOURS

CONTRACTOR NAME: Al's Maintenance- LaSalle Bank N.A. Account #5201779286
AUDIT PERIOD: February 28, 2006 through December 3, 2007
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

2006

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  | Jan-06 |  |  |  |  | 12.75 |  |  |  |  | 2.75 |  |  |
|  |  | MONTH TOTALS |  |  |  |  |  |  |  |  |  |  |  |
|  | Feb-06 | All Bricklayers |  |  |  | 12.75 |  |  |  |  | 2.75 |  |  |
|  |  | MONTH TOTALS |  |  |  |  |  |  |  |  |  |  |  |
|  | Mar-06 | All Bricklayers |  |  |  | 12.75 |  |  |  |  | 2.75 |  |  |
|  |  | MONTH TOTALS |  |  |  |  |  |  |  |  |  |  |  |
|  | Apr-06 | All Bricklayers |  |  |  | 12.75 |  |  |  |  | 2.75 |  |  |
|  |  | MONTH TOTALS |  |  |  |  |  |  |  |  |  |  |  |
|  | May-06 | All Bricklayers |  |  |  | 12.75 |  |  |  |  | 2.75 |  |  |
|  |  | MONTH TOTALS |  |  |  |  |  |  |  |  |  |  |  |
|  | Jun-06 | All Bricklayers |  |  |  | 14.08 |  |  |  |  | 3.10 |  |  |
|  |  | MONTH TOTALS |  |  |  |  |  |  |  |  |  |  |  |

1 of 3

FRINGE AUDIT - SCHEDULE OF DELINQUENT HOURS

**2006**

CONTRACTOR NAME:  Al's Maintenance-LaSalle Bank N.A. Account #5201779286
AUDIT PERIOD:  February 28, 2006 through December 3, 2007
ACCOUNT NO.:  2315
GROUP:  K187
AGID:  56IND

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| N/A | Jul-06 | Guerraro, Armando | 46.00 | | 46.00 | 14.08 | 647.68 | 46.00 | | 46.00 | 3.10 | 142.60 | 790.28 |
| N/A | Jul-06 | Soto, Daniel | 24.50 | | 24.50 | 14.08 | 344.96 | 24.50 | | 24.50 | 3.10 | 75.95 | 420.91 |
| N/A | Jul-06 | Carvajal, Ernesto | 48.75 | | 48.75 | 14.08 | 686.40 | 48.75 | | 48.75 | 3.10 | 151.13 | 837.53 |
| N/A | Jul-06 | Mota, Maria | 46.00 | | 46.00 | 14.08 | 647.68 | 46.00 | | 46.00 | 3.10 | 142.60 | 790.28 |
| N/A | Jul-06 | Robles, Irma | 71.75 | | 71.75 | 14.08 | 1,010.24 | 71.75 | | 71.75 | 3.10 | 222.43 | 1,232.67 |
| N/A | Jul-06 | Valdez, Rogue Sr. | 71.75 | | 71.75 | 14.08 | 1,010.24 | 71.75 | | 71.75 | 3.10 | 222.43 | 1,232.67 |
| N/A | Jul-06 | Reyes, Rolando | 28.75 | | 28.75 | 14.08 | 404.80 | 28.75 | | 28.75 | 3.10 | 89.13 | 493.93 |
| N/A | Jul-06 | Soto, Rosendo | 20.00 | | 20.00 | 14.08 | 281.60 | 20.00 | | 20.00 | 3.10 | 62.00 | 343.60 |
| N/A | Jul-06 | Reyes, Sixto | 46.00 | | 46.00 | 14.08 | 647.68 | 46.00 | | 46.00 | 3.10 | 142.60 | 790.28 |
| | Jul-06 | All Other Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | **MONTH TOTALS** | 403.50 | | 403.50 | | 5,681.28 | 403.50 | | 403.50 | | 1,250.87 | 6,932.15 |
| N/A | Aug-06 | Guerraro, Armando | 31.00 | | 31.00 | 14.08 | 436.48 | 31.00 | | 31.00 | 3.10 | 96.10 | 532.58 |
| N/A | Aug-06 | Soto, Daniel | 32.25 | | 32.25 | 14.08 | 454.08 | 32.25 | | 32.25 | 3.10 | 99.98 | 554.06 |
| N/A | Aug-06 | Reyes, Edgar | 43.50 | | 43.50 | 14.08 | 612.48 | 43.50 | | 43.50 | 3.10 | 134.85 | 747.33 |
| N/A | Aug-06 | Valdez, Efrain | 15.75 | | 15.75 | 14.08 | 221.76 | 15.75 | | 15.75 | 3.10 | 48.83 | 270.59 |
| N/A | Aug-06 | Carvajal, Ernesto | 53.00 | | 53.00 | 14.08 | 746.24 | 53.00 | | 53.00 | 3.10 | 164.30 | 910.54 |
| N/A | Aug-06 | Contreras, Rogue | 15.00 | | 15.00 | 14.08 | 211.20 | 15.00 | | 15.00 | 3.10 | 46.50 | 257.70 |
| N/A | Aug-06 | Valdez, Rogue | 8.00 | | 8.00 | 14.08 | 112.64 | 8.00 | | 8.00 | 3.10 | 24.80 | 137.44 |
| N/A | Aug-06 | Reyes, Rolando | 29.75 | | 29.75 | 14.08 | 418.88 | 29.75 | | 29.75 | 3.10 | 92.23 | 511.11 |
| N/A | Aug-06 | Soto, Rosendo | 28.50 | | 28.50 | 14.08 | 401.28 | 28.50 | | 28.50 | 3.10 | 88.35 | 489.63 |
| | Aug-06 | All Other Bricklayers | | | | | | | | | | | |
| | | **MONTH TOTALS** | 256.75 | | 256.75 | | 3,615.04 | 256.75 | | 256.75 | | 795.94 | 4,410.98 |
| N/A | Sep-06 | Guerraro, Armando | 36.25 | | 36.25 | 14.08 | 510.40 | 36.25 | | 36.25 | 3.10 | 112.38 | 622.78 |
| N/A | Sep-06 | Soto, Daniel | 68.50 | | 68.50 | 14.08 | 964.48 | 68.50 | | 68.50 | 3.10 | 212.35 | 1,176.83 |
| N/A | Sep-06 | Carvajal, Ernesto | 69.75 | | 69.75 | 14.08 | 982.08 | 69.75 | | 69.75 | 3.10 | 216.23 | 1,198.31 |
| N/A | Sep-06 | Reyes, Rolando | 63.75 | | 63.75 | 14.08 | 897.60 | 63.75 | | 63.75 | 3.10 | 197.63 | 1,095.23 |
| N/A | Sep-06 | Soto, Rosendo | 54.00 | | 54.00 | 14.08 | 760.32 | 54.00 | | 54.00 | 3.10 | 167.40 | 927.72 |
| N/A | Sep-06 | Reyes, Sixto | 47.50 | | 47.50 | 14.08 | 668.80 | 47.50 | | 47.50 | 3.10 | 147.25 | 816.05 |
| | Sep-06 | All Other Bricklayers | | | | | | | | | | | |
| | | **MONTH TOTALS** | 339.75 | | 339.75 | | 4,783.68 | 339.75 | | 339.75 | | 1,053.24 | 5,836.92 |
| N/A | Oct-06 | Guerraro, Armando | 83.25 | | 83.25 | 14.08 | 1,172.16 | 83.25 | | 83.25 | 3.10 | 258.08 | 1,430.24 |
| N/A | Oct-06 | Soto, Daniel | 84.00 | | 84.00 | 14.08 | 1,182.72 | 84.00 | | 84.00 | 3.10 | 260.40 | 1,443.12 |
| N/A | Oct-06 | Valdez, Efrain | 70.00 | | 70.00 | 14.08 | 985.60 | 70.00 | | 70.00 | 3.10 | 217.00 | 1,202.60 |
| N/A | Oct-06 | Carvajal, Ernesto | 119.75 | | 119.75 | 14.08 | 1,686.08 | 119.75 | | 119.75 | 3.10 | 371.23 | 2,057.31 |
| N/A | Oct-06 | Pasade, Jose | 21.50 | | 21.50 | 14.08 | 302.72 | 21.50 | | 21.50 | 3.10 | 66.65 | 369.37 |
| N/A | Oct-06 | Contreras, Rogue | 64.00 | | 64.00 | 14.08 | 901.12 | 64.00 | | 64.00 | 3.10 | 198.40 | 1,099.52 |
| N/A | Oct-06 | Valdez, Rogue | 73.75 | | 73.75 | 14.08 | 1,038.40 | 73.75 | | 73.75 | 3.10 | 228.63 | 1,267.03 |

PAYROLL AUDIT - SCHEDULE OF DELINQUENT HOURS

**2006**

CONTRACTOR NAME: Al's Maintenance- LaSalle Bank N.A. Account #5201779286
AUDIT PERIOD: February 28, 2006 through December 3, 2007
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| N/A | Oct-06 | Reyes, Rolando | 65.50 | | 65.50 | 14.08 | 922.24 | 65.50 | | 65.50 | 3.10 | 203.05 | 1,125.29 |
| N/A | Oct-06 | Soto, Rosendo | 70.00 | | 70.00 | 14.08 | 985.60 | 70.00 | | 70.00 | 3.10 | 217.00 | 1,202.60 |
| N/A | Oct-06 | Reyes, Sixto | 83.25 | | 83.25 | 14.08 | 1,172.16 | 83.25 | | 83.25 | 3.10 | 258.08 | 1,430.24 |
| N/A | Oct-06 | Cash | 14.25 | | 14.25 | 14.08 | 200.64 | 14.25 | | 14.25 | 3.10 | 44.18 | 244.82 |
| | Oct-06 | All Other Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | 749.25 | | 749.25 | | 10,549.44 | 749.25 | | 749.25 | | 2,322.70 | 12,872.14 |
| N/A | Nov-06 | Guzman, Alfonso Jr. | 17.25 | | 17.25 | 14.08 | 242.88 | 17.25 | | 17.25 | 3.10 | 53.48 | 296.36 |
| N/A | Nov-06 | Guerraro, Armando | 51.75 | | 51.75 | 14.08 | 728.64 | 51.75 | | 51.75 | 3.10 | 160.43 | 889.07 |
| N/A | Nov-06 | Soto, Daniel | 32.75 | | 32.75 | 14.08 | 461.12 | 32.75 | | 32.75 | 3.10 | 101.53 | 562.65 |
| N/A | Nov-06 | Reyes, Edgar | 56.75 | | 56.75 | 14.08 | 799.04 | 56.75 | | 56.75 | 3.10 | 175.93 | 974.97 |
| N/A | Nov-06 | Valdez, Effrain | 53.00 | | 53.00 | 14.08 | 746.24 | 53.00 | | 53.00 | 3.10 | 164.30 | 910.54 |
| N/A | Nov-06 | Carvajal, Ernesto | 52.75 | | 52.75 | 14.08 | 742.72 | 52.75 | | 52.75 | 3.10 | 163.53 | 906.25 |
| N/A | Nov-06 | Contreras, Roque | 32.50 | | 32.50 | 14.08 | 457.60 | 32.50 | | 32.50 | 3.10 | 100.75 | 558.35 |
| N/A | Nov-06 | Valdez, Roque | 47.25 | | 47.25 | 14.08 | 665.28 | 47.25 | | 47.25 | 3.10 | 146.48 | 811.76 |
| N/A | Nov-06 | Reyes, Rolando | 46.00 | | 46.00 | 14.08 | 647.68 | 46.00 | | 46.00 | 3.10 | 142.60 | 790.28 |
| N/A | Nov-06 | Soto, Rosendo | 34.50 | | 34.50 | 14.08 | 485.76 | 34.50 | | 34.50 | 3.10 | 106.95 | 592.71 |
| N/A | Nov-06 | Cash | 530.25 | | 530.25 | 14.08 | 7,465.92 | 530.25 | | 530.25 | 3.10 | 1,643.78 | 9,109.70 |
| | Nov-06 | All Other Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | 954.75 | | 954.75 | | 13,442.88 | 954.75 | | 954.75 | | 2,959.76 | 16,402.64 |
| N/A | Dec-06 | Guerraro, Armando | 4.00 | | 4.00 | 14.08 | 56.32 | 4.00 | | 4.00 | 3.10 | 12.40 | 68.72 |
| N/A | Dec-06 | Soto, Daniel | 14.25 | | 14.25 | 14.08 | 200.64 | 14.25 | | 14.25 | 3.10 | 44.18 | 244.82 |
| N/A | Dec-06 | Reyes, Edgar | 9.75 | | 9.75 | 14.08 | 137.28 | 9.75 | | 9.75 | 3.10 | 30.23 | 167.51 |
| N/A | Dec-06 | Valdez, Effrain | 8.75 | | 8.75 | 14.08 | 123.20 | 8.75 | | 8.75 | 3.10 | 27.13 | 150.33 |
| N/A | Dec-06 | Lopez, Ellen | 5.25 | | 5.25 | 14.08 | 73.92 | 5.25 | | 5.25 | 3.10 | 16.28 | 90.20 |
| N/A | Dec-06 | Carvajal, Ernesto | 35.75 | | 35.75 | 14.08 | 503.36 | 35.75 | | 35.75 | 3.10 | 110.83 | 614.19 |
| N/A | Dec-06 | Pasade, Jose | 7.75 | | 7.75 | 14.08 | 109.12 | 7.75 | | 7.75 | 3.10 | 24.03 | 133.15 |
| N/A | Dec-06 | Encinas, Miriam | 1.50 | | 1.50 | 14.08 | 21.12 | 1.50 | | 1.50 | 3.10 | 4.65 | 25.77 |
| N/A | Dec-06 | Valdez, Roque | 7.25 | | 7.25 | 14.08 | 102.08 | 7.25 | | 7.25 | 3.10 | 22.48 | 124.56 |
| N/A | Dec-06 | Reyes, Rolando | 19.50 | | 19.50 | 14.08 | 274.56 | 19.50 | | 19.50 | 3.10 | 60.45 | 335.01 |
| N/A | Dec-06 | Soto, Rosendo | 14.25 | | 14.25 | 14.08 | 200.64 | 14.25 | | 14.25 | 3.10 | 44.18 | 244.82 |
| | Dec-06 | Cash | 2,090.75 | | 2,090.75 | 14.08 | 29,437.76 | 2,090.75 | | 2,090.75 | 3.10 | 6,481.33 | 35,919.09 |
| | Dec-06 | All Other Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | 2,218.75 | | 2,218.75 | | 31,240.00 | 2,218.75 | | 2,218.75 | | 6,878.17 | 38,118.17 |
| | | 2006 TOTALS | 4,922.75 | | 4,922.75 | | 69,312.32 | 4,922.75 | | 4,922.75 | | 15,260.68 | 84,573.00 |

2007

CONTRACTOR NAME: Al's Maintenance-LaSalle Bank N.A. Account #5201779286
AUDIT PERIOD: February 28, 2006 through December 3, 2007
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| N/A | Jan-07 | Guerraro, Armando | 33.25 | | 33.25 | 14.08 | 468.16 | 33.25 | | 33.25 | 3.10 | 103.08 | 571.24 |
| N/A | Jan-07 | Ramirez, Aureliano | 13.75 | | 13.75 | 14.08 | 193.60 | 13.75 | | 13.75 | 3.10 | 42.63 | 236.23 |
| N/A | Jan-07 | Soto, Daniel | 17.25 | | 17.25 | 14.08 | 242.88 | 17.25 | | 17.25 | 3.10 | 53.48 | 296.36 |
| N/A | Jan-07 | Reyes, Edgar | 41.75 | | 41.75 | 14.08 | 587.84 | 41.75 | | 41.75 | 3.10 | 129.43 | 717.27 |
| N/A | Jan-07 | Valdez, Efrain | 29.50 | | 29.50 | 14.08 | 415.36 | 29.50 | | 29.50 | 3.10 | 91.45 | 506.81 |
| N/A | Jan-07 | Pasade, Jose | 13.25 | | 13.25 | 14.08 | 186.56 | 13.25 | | 13.25 | 3.10 | 41.08 | 227.64 |
| N/A | Jan-07 | Contreras, Rogue | 27.25 | | 27.25 | 14.08 | 383.68 | 27.25 | | 27.25 | 3.10 | 84.48 | 468.16 |
| N/A | Jan-07 | Valdez, Rogue | 24.50 | | 24.50 | 14.08 | 344.96 | 24.50 | | 24.50 | 3.10 | 75.95 | 420.91 |
| N/A | Jan-07 | Reyes, Rolando | 27.75 | | 27.75 | 14.08 | 390.72 | 27.75 | | 27.75 | 3.10 | 86.03 | 476.75 |
| N/A | Jan-07 | Soto, Rosendo | 20.25 | | 20.25 | 14.08 | 285.12 | 20.25 | | 20.25 | 3.10 | 62.78 | 347.90 |
| N/A | Jan-07 | Cash | 430.50 | | 430.50 | 14.08 | 6,061.44 | 430.50 | | 430.50 | 3.10 | 1,334.55 | 7,395.99 |
| N/A | Jan-07 | All Other Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | 679.00 | | 679.00 | | 9,560.32 | 679.00 | | 679.00 | | 2,104.94 | 11,665.26 |
| N/A | Feb-07 | Guzman, Alfonso Jr. | 17.25 | | 17.25 | 14.08 | 242.88 | 17.25 | | 17.25 | 3.10 | 53.48 | 296.36 |
| N/A | Feb-07 | Guerraro, Armando | 44.50 | | 44.50 | 14.08 | 626.56 | 44.50 | | 44.50 | 3.10 | 137.95 | 764.51 |
| N/A | Feb-07 | Soto, Daniel | 15.50 | | 15.50 | 14.08 | 218.24 | 15.50 | | 15.50 | 3.10 | 48.05 | 266.29 |
| N/A | Feb-07 | Reyes, Edgar | 25.50 | | 25.50 | 14.08 | 359.04 | 25.50 | | 25.50 | 3.10 | 79.05 | 438.09 |
| N/A | Feb-07 | Valdez, Efrain | 69.50 | | 69.50 | 14.08 | 978.56 | 69.50 | | 69.50 | 3.10 | 215.45 | 1,194.01 |
| N/A | Feb-07 | Carvajal, Ernesto | 20.50 | | 20.50 | 14.08 | 288.64 | 20.50 | | 20.50 | 3.10 | 63.55 | 352.19 |
| N/A | Feb-07 | Munoz, Merado | 13.75 | | 13.75 | 14.08 | 193.60 | 13.75 | | 13.75 | 3.10 | 42.63 | 236.23 |
| N/A | Feb-07 | Contreras, Rogue | 44.75 | | 44.75 | 14.08 | 630.08 | 44.75 | | 44.75 | 3.10 | 138.73 | 768.81 |
| N/A | Feb-07 | Valdez, Rogue | 63.50 | | 63.50 | 14.08 | 894.08 | 63.50 | | 63.50 | 3.10 | 196.85 | 1,090.93 |
| N/A | Feb-07 | Reyes, Rolando | 35.75 | | 35.75 | 14.08 | 503.36 | 35.75 | | 35.75 | 3.10 | 110.83 | 614.19 |
| N/A | Feb-07 | Soto, Rosendo | 16.25 | | 16.25 | 14.08 | 228.80 | 16.25 | | 16.25 | 3.10 | 50.38 | 279.18 |
| N/A | Feb-07 | Reyes, Sixto | 13.50 | | 13.50 | 14.08 | 190.08 | 13.50 | | 13.50 | 3.10 | 41.85 | 231.93 |
| N/A | Feb-07 | Cash | 416.00 | | 416.00 | 14.08 | 5,857.28 | 416.00 | | 416.00 | 3.10 | 1,289.60 | 7,146.88 |
| N/A | Feb-07 | All Other Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | 796.25 | | 796.25 | | 11,211.20 | 796.25 | | 796.25 | | 2,468.40 | 13,679.60 |
| N/A | Mar-07 | Guzman, Alfonso Jr. | 17.25 | | 17.25 | 14.08 | 242.88 | 17.25 | | 17.25 | 3.10 | 53.48 | 296.36 |
| N/A | Mar-07 | Guerraro, Armando | 42.50 | | 42.50 | 14.08 | 598.40 | 42.50 | | 42.50 | 3.10 | 131.75 | 730.15 |
| N/A | Mar-07 | Valdez, Efrain | 58.00 | | 58.00 | 14.08 | 816.64 | 58.00 | | 58.00 | 3.10 | 179.80 | 996.44 |
| N/A | Mar-07 | Rodriguez, Gerardo | 20.00 | | 20.00 | 14.08 | 281.60 | 20.00 | | 20.00 | 3.10 | 62.00 | 343.60 |
| N/A | Mar-07 | Carrasco, Hector | 2.75 | | 2.75 | 14.08 | 38.72 | 2.75 | | 2.75 | 3.10 | 8.53 | 47.25 |
| N/A | Mar-07 | Ruiz, Ismail | 23.00 | | 23.00 | 14.08 | 323.84 | 23.00 | | 23.00 | 3.10 | 71.30 | 395.14 |
| N/A | Mar-07 | Castro, Jose | 86.00 | | 86.00 | 14.08 | 1,210.88 | 86.00 | | 86.00 | 3.10 | 266.60 | 1,477.48 |
| N/A | Mar-07 | Diaz, Juan | 20.00 | | 20.00 | 14.08 | 281.60 | 20.00 | | 20.00 | 3.10 | 62.00 | 343.60 |
| N/A | Mar-07 | Munoz, Lionel | 11.50 | | 11.50 | 14.08 | 161.92 | 11.50 | | 11.50 | 3.10 | 35.65 | 197.57 |
| N/A | Mar-07 | Hernandez, Luis | 39.75 | | 39.75 | 14.08 | 559.68 | 39.75 | | 39.75 | 3.10 | 123.23 | 682.91 |
| N/A | Mar-07 | Contreras, Rogue | 57.25 | | 57.25 | 14.08 | 806.08 | 57.25 | | 57.25 | 3.10 | 177.48 | 983.56 |
| N/A | Mar-07 | Valdez, Rogue | 55.25 | | 55.25 | 14.08 | 777.92 | 55.25 | | 55.25 | 3.10 | 171.28 | 949.20 |
| N/A | Mar-07 | Reyes, Rolando | 40.00 | | 40.00 | 14.08 | 563.20 | 40.00 | | 40.00 | 3.10 | 124.00 | 687.20 |
| N/A | Mar-07 | Cash | 616.50 | | 616.50 | 14.08 | 8,680.32 | 616.50 | | 616.50 | 3.10 | 1,911.15 | 10,591.47 |
| N/A | Mar-07 | All Other Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | 796.25 | | 796.25 | | | 796.25 | | 796.25 | | | |

PAYROLL AUDIT - SCHEDULE OF DELINQUENT HOURS

CONTRACTOR NAME: Al's Maintenance- LaSalle Bank N.A. Account #5201779286
AUDIT PERIOD: February 28, 2006 through December 3, 2007
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

2007

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | MONTH TOTALS | 1,089.75 | | 1,089.75 | | 15,343.68 | 1,089.75 | | 1,089.75 | | 3,378.25 | 18,721.93 |
| N/A | Apr-07 | Guzman, Alfonso Jr. | 17.25 | | 17.25 | 14.08 | 242.88 | 17.25 | | 17.25 | 3.10 | 53.48 | 296.36 |
| N/A | Apr-07 | Guzman, Andrea | 17.25 | | 17.25 | 14.08 | 242.88 | 17.25 | | 17.25 | 3.10 | 53.48 | 296.36 |
| N/A | Apr-07 | Guerraro, Armando | 56.50 | | 56.50 | 14.08 | 795.52 | 56.50 | | 56.50 | 3.10 | 175.15 | 970.67 |
| N/A | Apr-07 | Soto, Daniel | 72.00 | | 72.00 | 14.08 | 1,013.76 | 72.00 | | 72.00 | 3.10 | 223.20 | 1,236.96 |
| N/A | Apr-07 | Reyes, Edgar | 36.00 | | 36.00 | 14.08 | 506.88 | 36.00 | | 36.00 | 3.10 | 111.60 | 618.48 |
| N/A | Apr-07 | Valdez, Effrain | 70.25 | | 70.25 | 14.08 | 989.12 | 70.25 | | 70.25 | 3.10 | 217.78 | 1,206.90 |
| N/A | Apr-07 | Carvajal, Ernesto | 96.25 | | 96.25 | 14.08 | 1,355.20 | 96.25 | | 96.25 | 3.10 | 298.38 | 1,653.58 |
| N/A | Apr-07 | Lamas, Gaudalupe | 35.75 | | 35.75 | 14.08 | 503.36 | 35.75 | | 35.75 | 3.10 | 110.83 | 614.19 |
| N/A | Apr-07 | Munoz, Gerardo | 73.50 | | 73.50 | 14.08 | 1,034.88 | 73.50 | | 73.50 | 3.10 | 227.85 | 1,262.73 |
| N/A | Apr-07 | Maldonado, Gustavo | 7.00 | | 7.00 | 14.08 | 98.56 | 7.00 | | 7.00 | 3.10 | 21.70 | 120.26 |
| N/A | Apr-07 | Guerraro, Ivan | 72.50 | | 72.50 | 14.08 | 1,020.80 | 72.50 | | 72.50 | 3.10 | 224.75 | 1,245.55 |
| N/A | Apr-07 | Mariscal, Jorge | 17.25 | | 17.25 | 14.08 | 242.88 | 17.25 | | 17.25 | 3.10 | 53.48 | 296.36 |
| N/A | Apr-07 | Cabarubio, Jose | 2.50 | | 2.50 | 14.08 | 35.20 | 2.50 | | 2.50 | 3.10 | 7.75 | 42.95 |
| N/A | Apr-07 | Pasada, Jose | 31.50 | | 31.50 | 14.08 | 443.52 | 31.50 | | 31.50 | 3.10 | 97.65 | 541.17 |
| N/A | Apr-07 | Diaz, Juan | 74.00 | | 74.00 | 14.08 | 1,041.92 | 74.00 | | 74.00 | 3.10 | 229.40 | 1,271.32 |
| N/A | Apr-07 | Guajardo, Juan | 11.50 | | 11.50 | 14.08 | 161.92 | 11.50 | | 11.50 | 3.10 | 35.65 | 197.57 |
| N/A | Apr-07 | Ocampo, Judith | 24.00 | | 24.00 | 14.08 | 337.92 | 24.00 | | 24.00 | 3.10 | 74.40 | 412.32 |
| N/A | Apr-07 | Munoz, Lionel | 23.00 | | 23.00 | 14.08 | 323.84 | 23.00 | | 23.00 | 3.10 | 71.30 | 395.14 |
| N/A | Apr-07 | Munoz, Merado | 59.50 | | 59.50 | 14.08 | 837.76 | 59.50 | | 59.50 | 3.10 | 184.45 | 1,022.21 |
| N/A | Apr-07 | Orozo, Ramus | 5.00 | | 5.00 | 14.08 | 70.40 | 5.00 | | 5.00 | 3.10 | 15.50 | 85.90 |
| N/A | Apr-07 | Contreras, Roque | 71.75 | | 71.75 | 14.08 | 1,010.24 | 71.75 | | 71.75 | 3.10 | 222.43 | 1,232.67 |
| N/A | Apr-07 | Valdez, Roque | 77.50 | | 77.50 | 14.08 | 1,091.20 | 77.50 | | 77.50 | 3.10 | 240.25 | 1,331.45 |
| N/A | Apr-07 | Reyes, Rolando | 80.50 | | 80.50 | 14.08 | 1,133.44 | 80.50 | | 80.50 | 3.10 | 249.55 | 1,382.99 |
| N/A | Apr-07 | Soto, Rosendo | 53.75 | | 53.75 | 14.08 | 756.80 | 53.75 | | 53.75 | 3.10 | 166.63 | 923.43 |
| N/A | Apr-07 | Reyes, Sixto | 56.75 | | 56.75 | 14.08 | 799.04 | 56.75 | | 56.75 | 3.10 | 175.93 | 974.97 |
| N/A | Apr-07 | Cash | 143.50 | | 143.50 | 14.08 | 2,020.48 | 143.50 | | 143.50 | 3.10 | 444.85 | 2,465.33 |
| N/A | Apr-07 | All Other Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | MONTH TOTALS | 1,286.25 | | 1,286.25 | | 18,110.40 | 1,286.25 | | 1,286.25 | | 3,987.42 | 22,097.82 |
| N/A | May-07 | Guzman, Alfonso Jr. | 63.00 | | 63.00 | 14.08 | 887.04 | 63.00 | | 63.00 | 3.10 | 195.30 | 1,082.34 |
| N/A | May-07 | Guzman, Andrea | 28.75 | | 28.75 | 14.08 | 404.80 | 28.75 | | 28.75 | 3.10 | 89.13 | 493.93 |
| N/A | May-07 | Guerraro, Armando | 64.75 | | 64.75 | 14.08 | 911.68 | 64.75 | | 64.75 | 3.10 | 200.73 | 1,112.41 |
| N/A | May-07 | Saenz, Christian | 11.50 | | 11.50 | 14.08 | 161.92 | 11.50 | | 11.50 | 3.10 | 35.65 | 197.57 |
| N/A | May-07 | Soto, Daniel | 74.50 | | 74.50 | 14.08 | 1,048.96 | 74.50 | | 74.50 | 3.10 | 230.95 | 1,279.91 |
| N/A | May-07 | Reyes, Edgar | 71.50 | | 71.50 | 14.08 | 1,006.72 | 71.50 | | 71.50 | 3.10 | 221.65 | 1,228.37 |
| N/A | May-07 | Valdez, Effrain | 29.00 | | 29.00 | 14.08 | 408.32 | 29.00 | | 29.00 | 3.10 | 89.90 | 498.22 |

2 of 5

PAYROLL AUDIT - SCHEDULE OF DELINQUENT HOURS

CONTRACTOR NAME: Al's Maintenance- LaSalle Bank N.A. Account #5201779286
AUDIT PERIOD: February 28, 2006 through December 3, 2007
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

2007

3 of 5

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| N.A. | May-07 | Carvajal, Ernesto | 114.25 | | 114.25 | 14.08 | 1,608.64 | 114.25 | | 114.25 | 3.10 | 354.18 | 1,962.82 |
| N.A. | May-07 | Torres, Gilberto | 25.25 | | 25.25 | 14.08 | 355.52 | 25.25 | | 25.25 | 3.10 | 78.28 | 433.80 |
| N.A. | May-07 | Guerraro, Ivan | 13.50 | | 13.50 | 14.08 | 190.08 | 13.50 | | 13.50 | 3.10 | 41.85 | 231.93 |
| N.A. | May-07 | Castro, Jose | 73.75 | | 73.75 | 14.08 | 1,038.40 | 73.75 | | 73.75 | 3.10 | 228.63 | 1,267.03 |
| N.A. | May-07 | Garcia, Jose | 17.25 | | 17.25 | 14.08 | 242.88 | 17.25 | | 17.25 | 3.10 | 53.48 | 296.36 |
| N.A. | May-07 | Diaz, Juan | 62.25 | | 62.25 | 14.08 | 876.48 | 62.25 | | 62.25 | 3.10 | 192.98 | 1,069.46 |
| N.A. | May-07 | Gonzales, Juan | 43.00 | | 43.00 | 14.08 | 605.44 | 43.00 | | 43.00 | 3.10 | 133.30 | 738.74 |
| N.A. | May-07 | Ocampo, Judith | 10.00 | | 10.00 | 14.08 | 140.80 | 10.00 | | 10.00 | 3.10 | 31.00 | 171.80 |
| N.A. | May-07 | Munoz, Merado | 56.25 | | 56.25 | 14.08 | 792.00 | 56.25 | | 56.25 | 3.10 | 174.38 | 966.38 |
| N.A. | May-07 | Contreras, Roque | 50.25 | | 50.25 | 14.08 | 707.52 | 50.25 | | 50.25 | 3.10 | 155.78 | 863.30 |
| N.A. | May-07 | Valdez, Roque | 26.50 | | 26.50 | 14.08 | 373.12 | 26.50 | | 26.50 | 3.10 | 82.15 | 455.27 |
| N.A. | May-07 | Reyes, Rolando | 52.50 | | 52.50 | 14.08 | 739.20 | 52.50 | | 52.50 | 3.10 | 162.75 | 901.95 |
| N.A. | May-07 | Soto, Rosendo | 38.50 | | 38.50 | 14.08 | 542.08 | 38.50 | | 38.50 | 3.10 | 119.35 | 661.43 |
| N.A. | May-07 | Cash | 143.50 | | 143.50 | 14.08 | 2,020.48 | 143.50 | | 143.50 | 3.10 | 444.85 | 2,465.33 |
| N.A. | May-07 | All Other Bricklayers | | | | 14.08 | | | | | 3.10 | | |
| | | **MONTH TOTALS** | 1,069.75 | | 1,069.75 | | 15,062.08 | 1,069.75 | | 1,069.75 | | 3,316.27 | 18,378.35 |
| N.A. | Jun-07 | Munoz, Alejandro | 6.50 | | 6.50 | 15.38 | 99.97 | 6.50 | | 6.50 | 3.50 | 22.75 | 122.72 |
| N.A. | Jun-07 | Guzman, Alfonso Jr. | 52.25 | | 52.25 | 15.38 | 803.61 | 52.25 | | 52.25 | 3.50 | 182.88 | 986.49 |
| N.A. | Jun-07 | Pasada, Antonio | 33.00 | | 33.00 | 15.38 | 507.54 | 33.00 | | 33.00 | 3.50 | 115.50 | 623.04 |
| N.A. | Jun-07 | Guerraro, Armando | 30.25 | | 30.25 | 15.38 | 465.25 | 30.25 | | 30.25 | 3.50 | 105.88 | 571.13 |
| N.A. | Jun-07 | Saenz, Christian | 33.00 | | 33.00 | 15.38 | 507.54 | 33.00 | | 33.00 | 3.50 | 115.50 | 623.04 |
| N.A. | Jun-07 | Soto, Daniel | 38.25 | | 38.25 | 15.38 | 588.29 | 38.25 | | 38.25 | 3.50 | 133.88 | 722.17 |
| N.A. | Jun-07 | Ramos, Demicio | 31.00 | | 31.00 | 15.38 | 476.78 | 31.00 | | 31.00 | 3.50 | 108.50 | 585.28 |
| N.A. | Jun-07 | Reyes, Edgar | 30.00 | | 30.00 | 15.38 | 461.40 | 30.00 | | 30.00 | 3.50 | 105.00 | 566.40 |
| N.A. | Jun-07 | Carvajal, Ernesto | 69.50 | | 69.50 | 15.38 | 1,068.91 | 69.50 | | 69.50 | 3.50 | 243.25 | 1,312.16 |
| N.A. | Jun-07 | Munoz, Gerardo | 17.50 | | 17.50 | 15.38 | 269.15 | 17.50 | | 17.50 | 3.50 | 61.25 | 330.40 |
| N.A. | Jun-07 | Maldonado, Gustavo | 33.00 | | 33.00 | 15.38 | 507.54 | 33.00 | | 33.00 | 3.50 | 115.50 | 623.04 |
| N.A. | Jun-07 | Guerraro, Ivan | 12.75 | | 12.75 | 15.38 | 196.10 | 12.75 | | 12.75 | 3.50 | 44.63 | 240.73 |
| N.A. | Jun-07 | Casto, Jose | 88.25 | | 88.25 | 15.38 | 1,357.29 | 88.25 | | 88.25 | 3.50 | 308.88 | 1,666.17 |
| N.A. | Jun-07 | Garcia, Jose | 52.75 | | 52.75 | 15.38 | 811.30 | 52.75 | | 52.75 | 3.50 | 184.63 | 995.93 |
| N.A. | Jun-07 | Munoz, Jose | 29.75 | | 29.75 | 15.38 | 457.56 | 29.75 | | 29.75 | 3.50 | 104.13 | 561.69 |
| N.A. | Jun-07 | Diaz, Juan | 113.75 | | 113.75 | 15.38 | 1,749.48 | 113.75 | | 113.75 | 3.50 | 398.13 | 2,147.61 |
| N.A. | Jun-07 | Munoz, Lionel | 29.75 | | 29.75 | 15.38 | 457.56 | 29.75 | | 29.75 | 3.50 | 104.13 | 561.69 |
| N.A. | Jun-07 | Munoz, Merado | 71.50 | | 71.50 | 15.38 | 1,099.67 | 71.50 | | 71.50 | 3.50 | 250.25 | 1,349.92 |
| N.A. | Jun-07 | Saenz, Miguel | 38.50 | | 38.50 | 15.38 | 592.13 | 38.50 | | 38.50 | 3.50 | 134.75 | 726.88 |
| N.A. | Jun-07 | Saenz, Nelsen | 3.25 | | 3.25 | 15.38 | 49.99 | 3.25 | | 3.25 | 3.50 | 11.38 | 61.37 |
| N.A. | Jun-07 | Contreras, Roque | 31.75 | | 31.75 | 15.38 | 488.32 | 31.75 | | 31.75 | 3.50 | 111.13 | 599.45 |
| N.A. | Jun-07 | Reyes, Rolando | 33.00 | | 33.00 | 15.38 | 507.54 | 33.00 | | 33.00 | 3.50 | 115.50 | 623.04 |
| N.A. | Jun-07 | Soto, Rosendo | 109.75 | | 109.75 | 15.38 | 1,687.96 | 109.75 | | 109.75 | 3.50 | 384.13 | 2,072.09 |
| N.A. | Jun-07 | Reyes, Sixto | 7.50 | | 7.50 | 15.38 | 115.35 | 7.50 | | 7.50 | 3.50 | 26.25 | 141.60 |
| N.A. | Jun-07 | Cash | 237.75 | | 237.75 | 15.38 | 3,656.60 | 237.75 | | 237.75 | 3.50 | 832.13 | 4,488.73 |
| N.A. | Jun-07 | All Other Bricklayers | | | | 15.38 | | | | | 3.50 | | |
| | | **MONTH TOTALS** | 1,234.25 | | 1,234.25 | | 18,982.83 | 1,234.25 | | 1,234.25 | | 4,319.94 | 23,302.77 |

CONTRACTOR NAME: Al's Maintenance- LaSalle Bank N.A. Account #5201779286
AUDIT PERIOD: February 28, 2006 through December 3, 2007
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

2007

4 of 5

| SOCIAL SECURITY NUMBER | EMPLOYEE NAME | PERIOD ENDED | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| N/A | Guzman, Alfonso Jr. | Jul-07 | 38.50 | | 38.50 | 15.39 | 592.52 | 38.50 | | 38.50 | 3.50 | 134.75 | 727.27 |
| N/A | Saenz, Christian | Jul-07 | 49.50 | | 49.50 | 15.39 | 761.81 | 49.50 | | 49.50 | 3.50 | 173.25 | 935.06 |
| N/A | Soto, Daniel | Jul-07 | 17.25 | | 17.25 | 15.39 | 265.48 | 17.25 | | 17.25 | 3.50 | 60.38 | 325.86 |
| N/A | Ramos, Demicio | Jul-07 | 24.75 | | 24.75 | 15.39 | 380.99 | 24.75 | | 24.75 | 3.50 | 86.63 | 467.53 |
| N/A | Munoz, Gerardo | Jul-07 | 52.25 | | 52.25 | 15.39 | 804.13 | 52.25 | | 52.25 | 3.50 | 182.88 | 987.01 |
| N/A | Maldonado, Gustavo | Jul-07 | 31.25 | | 31.25 | 15.39 | 480.94 | 31.25 | | 31.25 | 3.50 | 109.38 | 590.32 |
| N/A | Hernandez, Hazel L. | Jul-07 | 23.50 | | 23.50 | 15.39 | 361.67 | 23.50 | | 23.50 | 3.50 | 82.25 | 443.92 |
| N/A | Guerraro, Ivan | Jul-07 | 3.25 | | 3.25 | 15.39 | 50.02 | 3.25 | | 3.25 | 3.50 | 11.38 | 61.40 |
| N/A | Casto, Jose | Jul-07 | 16.00 | | 16.00 | 15.39 | 246.24 | 16.00 | | 16.00 | 3.50 | 56.00 | 302.24 |
| N/A | Garcia, Jose | Jul-07 | 49.00 | | 49.00 | 15.39 | 754.11 | 49.00 | | 49.00 | 3.50 | 171.50 | 925.61 |
| N/A | Diaz, Juan | Jul-07 | 48.25 | | 48.25 | 15.39 | 742.57 | 48.25 | | 48.25 | 3.50 | 168.88 | 911.45 |
| N/A | Ocampo, Judith | Jul-07 | 16.50 | | 16.50 | 15.39 | 253.94 | 16.50 | | 16.50 | 3.50 | 57.75 | 311.69 |
| N/A | Munoz, Lionel | Jul-07 | 39.25 | | 39.25 | 15.39 | 604.06 | 39.25 | | 39.25 | 3.50 | 137.38 | 741.44 |
| N/A | Guzman, Maria | Jul-07 | 35.50 | | 35.50 | 15.39 | 546.35 | 35.50 | | 35.50 | 3.50 | 124.25 | 670.60 |
| N/A | Munoz, Merado | Jul-07 | 13.75 | | 13.75 | 15.39 | 211.61 | 13.75 | | 13.75 | 3.50 | 48.13 | 259.74 |
| N/A | Saenz, Miguel | Jul-07 | 41.75 | | 41.75 | 15.39 | 642.53 | 41.75 | | 41.75 | 3.50 | 146.13 | 788.66 |
| N/A | Contreras, Rogue | Jul-07 | 41.50 | | 41.50 | 15.39 | 638.69 | 41.50 | | 41.50 | 3.50 | 145.25 | 783.94 |
| N/A | Soto, Rosendo | Jul-07 | 34.00 | | 34.00 | 15.39 | 523.26 | 34.00 | | 34.00 | 3.50 | 119.00 | 642.26 |
| N/A | All Other Bricklayers | Jul-07 | 57.25 | | 57.25 | 15.39 | 881.08 | 57.25 | | 57.25 | 3.50 | 200.38 | 1,081.46 |
| | **MONTH TOTALS** | | 672.25 | | 672.25 | | 10,345.97 | 672.25 | | 672.25 | | 2,352.93 | 12,698.90 |
| N/A | Guzman, Alfonso Jr. | Aug-07 | 33.00 | | 33.00 | 15.39 | 507.87 | 33.00 | | 33.00 | 3.50 | 115.50 | 623.37 |
| N/A | Rodriguez, Antonio | Aug-07 | 28.75 | | 28.75 | 15.39 | 442.46 | 28.75 | | 28.75 | 3.50 | 100.63 | 543.09 |
| N/A | Saenz, Christian | Aug-07 | 29.75 | | 29.75 | 15.39 | 457.85 | 29.75 | | 29.75 | 3.50 | 104.13 | 561.98 |
| N/A | Ramos, Demicio | Aug-07 | 72.75 | | 72.75 | 15.39 | 1,119.62 | 72.75 | | 72.75 | 3.50 | 254.63 | 1,374.25 |
| N/A | Voldespine, Gabriel | Aug-07 | 10.00 | | 10.00 | 15.39 | 153.90 | 10.00 | | 10.00 | 3.50 | 35.00 | 188.90 |
| N/A | Munoz, Gerardo | Aug-07 | 83.50 | | 83.50 | 15.39 | 1,285.07 | 83.50 | | 83.50 | 3.50 | 292.25 | 1,577.32 |
| N/A | Maldonado, Gustavo | Aug-07 | 70.00 | | 70.00 | 15.39 | 1,077.30 | 70.00 | | 70.00 | 3.50 | 245.00 | 1,322.30 |
| N/A | Levecma, Hazael | Aug-07 | 44.75 | | 44.75 | 15.39 | 688.70 | 44.75 | | 44.75 | 3.50 | 156.63 | 845.33 |
| N/A | Garcia, Jose | Aug-07 | 87.25 | | 87.25 | 15.39 | 1,342.78 | 87.25 | | 87.25 | 3.50 | 305.38 | 1,648.16 |
| N/A | Munoz, Jose | Aug-07 | 54.50 | | 54.50 | 15.39 | 838.76 | 54.50 | | 54.50 | 3.50 | 190.75 | 1,029.51 |
| N/A | Diaz, Juan | Aug-07 | 121.75 | | 121.75 | 15.39 | 1,873.73 | 121.75 | | 121.75 | 3.50 | 426.13 | 2,299.86 |
| N/A | Hernandez, Juan | Aug-07 | 6.25 | | 6.25 | 15.39 | 96.19 | 6.25 | | 6.25 | 3.50 | 21.88 | 118.07 |
| N/A | Ortega, Juan | Aug-07 | 16.50 | | 16.50 | 15.39 | 253.94 | 16.50 | | 16.50 | 3.50 | 57.75 | 311.69 |
| N/A | Ocampo, Judith | Aug-07 | 13.25 | | 13.25 | 15.39 | 203.92 | 13.25 | | 13.25 | 3.50 | 46.38 | 250.30 |
| N/A | Munoz, Lionel | Aug-07 | 77.75 | | 77.75 | 15.39 | 1,196.57 | 77.75 | | 77.75 | 3.50 | 272.13 | 1,468.70 |
| N/A | Barraza, Luis | Aug-07 | 6.50 | | 6.50 | 15.39 | 100.04 | 6.50 | | 6.50 | 3.50 | 22.75 | 122.79 |
| N/A | Hernandez, Luis | Aug-07 | 26.25 | | 26.25 | 15.39 | 403.99 | 26.25 | | 26.25 | 3.50 | 91.88 | 495.87 |
| N/A | Munoz, Merado | Aug-07 | 69.25 | | 69.25 | 15.39 | 1,065.76 | 69.25 | | 69.25 | 3.50 | 242.38 | 1,308.14 |
| N/A | Saenz, Miguel | Aug-07 | 50.75 | | 50.75 | 15.39 | 781.04 | 50.75 | | 50.75 | 3.50 | 177.63 | 958.67 |
| N/A | Sora, Patricia | Aug-07 | 178.75 | | 178.75 | 15.39 | 2,750.96 | 178.75 | | 178.75 | 3.50 | 625.63 | 3,376.59 |
| N/A | Contreras, Rogue | Aug-07 | 116.25 | | 116.25 | 15.39 | 1,789.09 | 116.25 | | 116.25 | 3.50 | 406.88 | 2,195.97 |
| N/A | Soto, Rosendo | Aug-07 | 117.00 | | 117.00 | 15.39 | 1,800.63 | 117.00 | | 117.00 | 3.50 | 409.50 | 2,210.13 |
| N/A | Cash | Aug-07 | 34.00 | | 34.00 | 15.39 | 523.26 | 34.00 | | 34.00 | 3.50 | 119.00 | 642.26 |

PAYROLL AUDIT – SCHEDULE OF DELINQUENT HOURS    2007

CONTRACTOR NAME: A's Maintenance- LaSalle Bank N.A. Account #5201779286
AUDIT PERIOD: February 28, 2006 through December 3, 2007
ACCOUNT NO.: 2315
GROUP: K187
AGID: 56IND

| SOCIAL SECURITY NUMBER | PERIOD ENDED | EMPLOYEE NAME | HOURS WORKED | HOURS REPORTED ON UNION REPORT | HOURS NOT REPORTED | FRINGE BENEFITS PER HOUR | FRINGE BENEFITS DUE | ANNUITY HOURS WORKED | HOURS REPORTED ON UNION REPORT | ANNUITY HOURS NOT REPORTED | ANNUITY BENEFITS PER HOUR | ANNUITY BENEFITS DUE | TOTAL DUE FOR MONTH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  | Aug-07 | All Other Bricklayers |  |  |  |  |  |  |  |  |  |  |  |
|  |  | MONTH TOTALS | 1,348.50 |  | 1,348.50 | 15.39 | 20,753.43 | 1,348.50 |  | 1,348.50 | 3.50 | 4,719.82 | 25,473.25 |
| N A | Sep-07 | Munoz, Alejandro | 10.00 |  | 10.00 | 15.39 | 153.90 | 10.00 |  | 10.00 | 3.50 | 35.00 | 188.90 |
| N A | Sep-07 | Guzman, Alfonso Jr. | 19.25 |  | 19.25 | 15.39 | 296.26 | 19.25 |  | 19.25 | 3.50 | 67.38 | 363.64 |
| N A | Sep-07 | Rodriguez, Antonio | 24.50 |  | 24.50 | 15.39 | 377.06 | 24.50 |  | 24.50 | 3.50 | 85.75 | 462.81 |
| N A | Sep-07 | Saenz, Christian | 15.25 |  | 15.25 | 15.39 | 234.70 | 15.25 |  | 15.25 | 3.50 | 53.38 | 288.08 |
| N A | Sep-07 | Ramos, Demicio | 41.50 |  | 41.50 | 15.39 | 638.69 | 41.50 |  | 41.50 | 3.50 | 145.25 | 783.94 |
| N A | Sep-07 | Carvajal, Ernesto | 21.75 |  | 21.75 | 15.39 | 334.73 | 21.75 |  | 21.75 | 3.50 | 76.13 | 410.86 |
| N A | Sep-07 | Hernandez, Fransisco | 4.50 |  | 4.50 | 15.39 | 69.26 | 4.50 |  | 4.50 | 3.50 | 15.75 | 85.01 |
| N A | Sep-07 | Munoz, Gerardo | 19.75 |  | 19.75 | 15.39 | 303.95 | 19.75 |  | 19.75 | 3.50 | 69.13 | 373.08 |
| N A | Sep-07 | Maldonado, Gustavo | 63.50 |  | 63.50 | 15.39 | 977.27 | 63.50 |  | 63.50 | 3.50 | 222.25 | 1,199.52 |
| N A | Sep-07 | Garcia, Jose | 30.75 |  | 30.75 | 15.39 | 473.24 | 30.75 |  | 30.75 | 3.50 | 107.63 | 580.87 |
| N A | Sep-07 | Munoz, Jose | 13.00 |  | 13.00 | 15.39 | 200.07 | 13.00 |  | 13.00 | 3.50 | 45.50 | 245.57 |
| N A | Sep-07 | Pasada, Jose | 10.00 |  | 10.00 | 15.39 | 153.90 | 10.00 |  | 10.00 | 3.50 | 35.00 | 188.90 |
| N A | Sep-07 | Diaz, Juan | 39.50 |  | 39.50 | 15.39 | 607.91 | 39.50 |  | 39.50 | 3.50 | 138.25 | 746.16 |
| N A | Sep-07 | Garcia, Juan | 6.50 |  | 6.50 | 15.39 | 100.04 | 6.50 |  | 6.50 | 3.50 | 22.75 | 122.79 |
| N A | Sep-07 | Gonzales, Juan | 24.50 |  | 24.50 | 15.39 | 377.06 | 24.50 |  | 24.50 | 3.50 | 85.75 | 462.81 |
| N A | Sep-07 | Hernandez, Juan | 60.00 |  | 60.00 | 15.39 | 923.40 | 60.00 |  | 60.00 | 3.50 | 210.00 | 1,133.40 |
| N A | Sep-07 | Ortega, Juan | 37.50 |  | 37.50 | 15.39 | 577.13 | 37.50 |  | 37.50 | 3.50 | 131.25 | 708.38 |
| N A | Sep-07 | Munoz, Lionel | 46.25 |  | 46.25 | 15.39 | 711.79 | 46.25 |  | 46.25 | 3.50 | 161.88 | 873.67 |
| N A | Sep-07 | Sandoval, Manuel | 41.25 |  | 41.25 | 15.39 | 634.84 | 41.25 |  | 41.25 | 3.50 | 144.38 | 779.22 |
| N A | Sep-07 | Munoz, Merado | 80.75 |  | 80.75 | 15.39 | 1,242.74 | 80.75 |  | 80.75 | 3.50 | 282.63 | 1,525.37 |
| N A | Sep-07 | Saenz, Miguel | 27.25 |  | 27.25 | 15.39 | 419.38 | 27.25 |  | 27.25 | 3.50 | 95.38 | 514.76 |
| N A | Sep-07 | Sora, Patricia | 110.50 |  | 110.50 | 15.39 | 1,700.60 | 110.50 |  | 110.50 | 3.50 | 386.75 | 2,087.35 |
| N A | Sep-07 | King, Richard | 10.00 |  | 10.00 | 15.39 | 153.90 | 10.00 |  | 10.00 | 3.50 | 35.00 | 188.90 |
| N A | Sep-07 | Contreras, Rogue | 21.75 |  | 21.75 | 15.39 | 334.73 | 21.75 |  | 21.75 | 3.50 | 76.13 | 410.86 |
| N A | Sep-07 | Solo, Rosendo | 28.00 |  | 28.00 | 15.39 | 430.92 | 28.00 |  | 28.00 | 3.50 | 98.00 | 528.92 |
|  | Sep-07 | All Other Bricklayers |  |  |  | 15.39 |  |  |  |  | 3.50 |  |  |
|  |  | MONTH TOTALS | 807.50 |  | 807.50 |  | 12,427.47 | 807.50 |  | 807.50 |  | 2,826.30 | 15,253.77 |
|  | Oct-07 | All Bricklayers |  |  |  | 15.39 |  |  |  |  | 3.50 |  |  |
|  |  | MONTH TOTALS |  |  |  |  |  |  |  |  |  |  |  |
|  | Nov-07 | All Bricklayers |  |  |  | 15.39 |  |  |  |  | 3.50 |  |  |
|  |  | MONTH TOTALS |  |  |  |  |  |  |  |  |  |  |  |
|  | Dec-07 | All Bricklayers |  |  |  | 15.39 |  |  |  |  | 3.50 |  |  |
|  |  | MONTH TOTALS |  |  |  |  |  |  |  |  |  |  |  |
|  |  | 2007 TOTALS | 8,983.50 |  | 8,983.50 |  | 131,797.38 | 8,983.50 |  | 8,983.50 |  | 29,474.27 | 161,271.65 |

5 of 5

Local 56 Masons and Plasterers
Fringe Benefit Funds
Bricklayers - Independent Agreement
Liquidated Damages
At 1.0% Per Month

Employer:    Al's Maintenance- LaSalle Bank N.A. Account #5201779286

A/C No:      2315

| 2006 | Deficiencies | Rate | Amount |
|---|---|---|---|
| Jan | | 27.00% | |
| Feb | | 26.00% | |
| Mar | | 25.00% | |
| Apr | | 24.00% | |
| May | | 23.00% | |
| Jun | | 22.00% | |
| Jul | 6,932.15 | 21.00% | 1,455.75 |
| Aug | 4,410.98 | 20.00% | 882.20 |
| Sep | 5,836.92 | 19.00% | 1,109.01 |
| Oct | 12,872.14 | 18.00% | 2,316.99 |
| Nov | 16,402.64 | 17.00% | 2,788.45 |
| Dec | 38,118.17 | 16.00% | 6,098.91 |
| Total | 84,573.00 | | 14,651.31 |

| 2007 | Deficiencies | Rate | Amount |
|---|---|---|---|
| Jan | 11,665.26 | 15.00% | 1,749.79 |
| Feb | 13,679.60 | 14.00% | 1,915.14 |
| Mar | 18,721.93 | 13.00% | 2,433.85 |
| Apr | 22,097.82 | 12.00% | 2,651.74 |
| May | 18,378.35 | 11.00% | 2,021.62 |
| Jun | 23,302.77 | 10.00% | 2,330.28 |
| Jul | | 9.00% | |
| Aug | | 8.00% | |
| Sep | | 7.00% | |
| Oct | | 6.00% | |
| Nov | | 5.00% | |
| Dec | | 4.00% | |
| Total | 107,845.73 | | 13,102.42 |

| 2008 | Deficiencies | Rate | Amount |
|---|---|---|---|
| Jan | | 3.00% | |
| Feb | | 2.00% | |
| Mar | | 1.00% | |
| Apr | | | |
| May | | | |
| Jun | | | |
| Jul | | | |
| Aug | | | |
| Sep | | | |
| Oct | | | |
| Nov | | | |
| Dec | | | |
| Total | | | |

Local 56 Masons and Plasterers
Fringe Benefit Funds
Bricklayers - Independent Agreement
Interest
At 1.5% Per Month

**EFFECTIVE JULY 1, 2007**

Employer:   Al's Maintenance- LaSalle Bank N.A. Account #5201779286

A/C No:     2315

| 2006 | Deficiencies | Rate | Amount |
|---|---|---|---|
| Jan | | | |
| Feb | | | |
| Mar | | | |
| Apr | | | |
| May | | | |
| Jun | | | |
| Jul | | | |
| Aug | | | |
| Sep | | | |
| Oct | | | |
| Nov | | | |
| Dec | | | |
| Total | | | |

| 2007 | Deficiencies | Rate | Amount |
|---|---|---|---|
| Jan | | | |
| Feb | | | |
| Mar | | | |
| Apr | | | |
| May | | | |
| Jun | | | |
| Jul | 12,698.90 | 13.50% | 1,714.35 |
| Aug | 25,473.25 | 12.00% | 3,056.79 |
| Sep | 15,253.77 | 10.50% | 1,601.65 |
| Oct | | 9.00% | |
| Nov | | 7.50% | |
| Dec | | 6.00% | |
| Total | 53,425.92 | | 6,372.79 |

| 2008 | Deficiencies | Rate | Amount |
|---|---|---|---|
| Jan | | 4.50% | |
| Feb | | 3.00% | |
| Mar | | 1.50% | |
| Apr | | | |
| May | | | |
| Jun | | | |
| Jul | | | |
| Aug | | | |
| Sep | | | |
| Oct | | | |
| Nov | | | |
| Dec | | | |
| Total | | | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

TRUSTEES OF THE BRICKLAYERS )
AND ALLIED CRAFTSMEN LOCAL 56 )
FRINGE BENEFIT FUND, )
 )
        Plaintiffs, )
 )  Case No. 07 C 4370
    v. )
 )  Judge Marovich
AL'S CONSTRUCTION, INC., AN ILLINOIS )
CORPORATION, )  Magistrate Judge Valdez
 )
        Defendant. )

## AFFIDAVIT OF EFRAIN VALDEZ

EFRAIN VALDEZ, upon being first duly sworn on oath, states as follows:

1.    Affiant was an employee of AL'S CONSTRUCTION, INC., an Illinois construction firm (hereinafter, "the company") from April 2005 to June 2007.

2.    Affiant has been a member of BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL 74 since 2002.

3.    Affiant was paid in cash for work performed for the company.

4.    Affiant was also paid by an entity called Al's Maintenance for work performed for the company despite never actually have been employed by or actually performing work for Al's Maintenance, Inc..

                                              *Efrain Valdez*
                                            Efrain Valdez

Subscribed and sworn to before me this 7th day of March, 2008.

NOTARY PUBLIC

*Diane C. Sharp*



OFFICIAL SEAL
DIANE C SHARP
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/07/12

EXHIBIT
6

Security enhanced document. See back for details.

**AL'S MAINTENANCE INC**          02-06                                    **1199**
1775  CORTLAND CT., UNIT D
ADDISON, IL 60101                                                          2-50/710

                                                    DATE  4/16/07

PAY
TO THE
ORDER OF   Efrain Valdez
                                                          $ 920 00
nine hundred twenty dollars ——————— DOLLARS

■ LaSalle Bank
  ABN AMRO
  LaSalle Bank N.A.
  Chicago, IL 60603 | lasallebank.com

⑈001199⑈ ⑈071000505⑈ 520⑈779286⑈                                          MP

FOR PAYMENT ON THE FOLLOWING ACCOUNTS
AMOUNT

TOTAL

% DISCOUNT

AL DEDUCTIONS

T OF CHECK

23

40



EXHIBIT
7
tabbies

Security enhanced document. See back for details.

**AL'S MAINTENANCE INC**
1775  CORTLAND CT., UNIT D
ADDISON, IL 60101

02-06

1185

2-50/710

PAY
TO THE
ORDER OF    Efrain Valdez

DATE  4/9/07

five hundred ninety eight dollars ————

$ 598 00

DOLLARS

**LaSalle Bank**
ABN AMRO
LaSalle Bank N.A.
Chicago, IL 60603 | lasallebank.com

⑈001185⑈ ⑆071000505⑆ 520?779286⑈

MP

1160

2-50/710

**AL'S MAINTENANCE INC**
1775 CORTLAND CT., UNIT D
ADDISON, IL 60101

02-06

DATE 4/2/07

PAY
TO THE
ORDER OF    Efrain Valera                    $ 920.00

Nine Hundred Twenty dollars                              DOLLARS

LaSalle Bank
ABN AMRO
LaSalle Bank N.A.
Chicago, IL 60603 | lasallebank.com

⑈0011600⑈ ⑉071000505⑈ 520 1779286⑈

Security enhanced document. See back for details.

**AL'S MAINTENANCE INC**    02-06                                    1235
1775  CORTLAND CT., UNIT D
ADDISON, IL 60101                                                     2-50/710

                                                    DATE 5/4/07

PAY
TO THE
ORDER OF  Efrain Valdez                                    $ 1012.00

one thousand twelve dollars ——————— DOLLARS

**LaSalle Bank**
ABN AMRO
LaSalle Bank N.A.
Chicago, IL 60603 | lasallebank.com

                                                                      MP

⑈00⑈235⑈ ⑆071000505⑆ 520⑈779286⑈

---

**FOR PAYMENT ON THE FOLLOWING ACCOUNTS**
AMOUNT

TOTAL
% DISCOUNT

DEDUCTIONS
OF CHECK



SERVICES    PROGRAMS    PRESS    PUBLICATIONS    DEPARTMENTS    CONTACT

## CORPORATION FILE DETAIL REPORT

| | | | |
|---|---|---|---|
| **Entity Name** | MS SUPERIOR MAINTENANCE INC. | **File Number** | 65873869 |
| **Status** | GOODSTANDING | | |
| **Entity Type** | CORPORATION | **Type of Corp** | DOMESTIC BCA |
| **Incorporation Date (Domestic)** | 11/09/2007 | **State** | ILLINOIS |
| **Agent Name** | MARIA SORIA | **Agent Change Date** | 11/09/2007 |
| **Agent Street Address** | 1918 N MOZART | **President Name & Address** | |
| **Agent City** | CHICAGO | **Secretary Name & Address** | |
| **Agent Zip** | 60647 | **Duration Date** | PERPETUAL |
| **Annual Report Filing Date** | 00/00/0000 | **For Year** | |

Return to the Search Screen        Purchase Certificate of Good Standing
**(One Certificate per Transaction)**

**BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE**





SERVICES          PROGRAMS          PRESS          PUBLICATIONS          DEPARTMENTS          CONTACT

## CORPORATION FILE DETAIL REPORT

| | | | |
|---|---|---|---|
| **Entity Name** | MIDWAY CONTRACTING INC. | **File Number** | 65944669 |
| **Status** | GOODSTANDING | | |
| **Entity Type** | CORPORATION | **Type of Corp** | DOMESTIC BCA |
| **Incorporation Date (Domestic)** | 01/29/2008 | **State** | ILLINOIS |
| **Agent Name** | LETICIA SORIA | **Agent Change Date** | 01/29/2008 |
| **Agent Street Address** | 1918 N MOZART | **President Name & Address** | |
| **Agent City** | CHICAGO | **Secretary Name & Address** | |
| **Agent Zip** | 60647 | **Duration Date** | PERPETUAL |
| **Annual Report Filing Date** | 00/00/0000 | **For Year** | |

Return to the Search Screen                    Purchase Certificate of Good Standing
                                                       **(One Certificate per Transaction)**

**BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE**



SERVICES    PROGRAMS    PRESS    PUBLICATIONS    DEPARTMENTS    CONTACT

# CORPORATION FILE DETAIL REPORT

| | | | |
|---|---|---|---|
| **Entity Name** | AL'S MASONRY CONTRACTING INC. | **File Number** | 65465418 |
| **Status** | NOT GOOD STANDING | | |
| **Entity Type** | CORPORATION | **Type of Corp** | DOMESTIC BCA |
| **Incorporation Date (Domestic)** | 03/27/2007 | **State** | ILLINOIS |
| **Agent Name** | ALFONSO GUZMAN SR | **Agent Change Date** | 03/27/2007 |
| **Agent Street Address** | 2842 STERKEL ROAD | **President Name & Address** | |
| **Agent City** | NORTH AURORA | **Secretary Name & Address** | |
| **Agent Zip** | 60542 | **Duration Date** | PERPETUAL |
| **Annual Report Filing Date** | 00/00/0000 | **For Year** | 2008 |

Return to the Search Screen

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE



SERVICES     PROGRAMS     PRESS     PUBLICATIONS     DEPARTMENTS     CONTACT

## CORPORATION FILE DETAIL REPORT

| | | | |
|---|---|---|---|
| **Entity Name** | AL'S MAINTENANCE INC. | **File Number** | 64385968 |
| **Status** | DISSOLVED | | |
| **Entity Type** | CORPORATION | **Type of Corp** | DOMESTIC BCA |
| **Incorporation Date (Domestic)** | 08/22/2005 | **State** | ILLINOIS |
| **Agent Name** | MARIA SABAT | **Agent Change Date** | 08/22/2005 |
| **Agent Street Address** | 1775 COURTLAND CT STE D | **President Name & Address** | MARIA SABAT 1775 COURTLAND CT STE D ADDISON IL 60101 |
| **Agent City** | ADDISON | **Secretary Name & Address** | INVOLUNTARY DISSOLUTION 01 11 08 |
| **Agent Zip** | 60101 | **Duration Date** | PERPETUAL |
| **Annual Report Filing Date** | 00/00/0000 | **For Year** | 2007 |

Return to the Search Screen

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE



SERVICES    PROGRAMS    PRESS    PUBLICATIONS    DEPARTMENTS    CONTACT

# CORPORATION FILE DETAIL REPORT

| | | | |
|---|---|---|---|
| **Entity Name** | AL'S CONSTRUCTION INC. | **File Number** | 64076221 |
| **Status** | NOT GOOD STANDING | | |
| **Entity Type** | CORPORATION | **Type of Corp** | DOMESTIC BCA |
| **Incorporation Date (Domestic)** | 03/01/2005 | **State** | ILLINOIS |
| **Agent Name** | MARTIN D TASCH | **Agent Change Date** | 03/07/2006 |
| **Agent Street Address** | 1200 JORIE BLVD STE 329 | **President Name & Address** | ANDREA GUZMAN 1775 D CORTLANDCT ADDISON 60101 |
| **Agent City** | OAK BROOK | **Secretary Name & Address** | ALFONSO GUZMAN SAME |
| **Agent Zip** | 60523 | **Duration Date** | PERPETUAL |
| **Annual Report Filing Date** | 00/00/0000 | **For Year** | 2008 |

Return to the Search Screen

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

1 of 100 DOCUMENTS

**LaSALLE ROLLING MILLS, INC., an Illinois corporation, Plaintiff, v. ASTURIANA DE ZINC MARKETING, INC. f/k/a AUSTMET, INC., a Delaware corporation, and AMERICAN ARBITRATION, INC., a New York corporation, Defendants.**

**Case No. 97 C 736**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

*1997 U.S. Dist. LEXIS 3736*

**March 24, 1997, Decided
March 26, 1997, DOCKETED**

**DISPOSITION:**    [*1] Plaintiff's motion for a temporary restraining order denied.

**COUNSEL:** For LASALLE ROLLING MILLS, INC., an Illinois corporation, plaintiff: John Lawrence Conlon, Schwartz, Cooper, Greenberg & Krauss, Chicago, IL. Paula Kay Jacobi, Eric S. Rein, Schwartz, Cooper, Greenberger & Krauss, Chicago, IL.

For ASTRURIANA DE ZINC MARKETING, INC., a Delaware corporation fka Austmet, Inc., defendant: Mark A. Spadoro, John Thomas Kennedy, Anthony E. Napoli, Hanley & Spadoro, Chicago, IL.

**JUDGES:** Ann Claire Williams, Judge, United States District Court

**OPINION BY:** Ann Claire Williams

**OPINION**

*MEMORANDUM OPINION AND ORDER*

Before the court is plaintiff **LaSalle ROlling Mills, Inc.**'s motion for a temporary restraining order and preliminary injunction pursuant to *Federal Rule of Civil Procedure 65*. For the following reasons, plaintiff's motion is denied.

*Background*

Plaintiff **LaSalle Rolling Mills**, Inc. ("LaSalle") manufactures nonferrous **mill** forms using **zinc** sheets, coils, wire, rods, and fabricated products. Since May 1990, **LaSalle** has placed purchase orders for **zinc** slabs with defendant **Asturiana De Zinc Marketing**, Inc. ("Asturiana"). Three particular purchase orders executed on January 20, 1993 by [*2] plaintiff and confirmation forms, allegedly sent by defendant, are at issue in the present suit.

On January 17, 1997, **Asturiana** commenced an arbitration proceeding in New York before the American Arbitration Association ("AAA") and filed a statement of claim for the collection of $ 385,465.81 because **LaSalle**, according to defendant, did not pay the balance on six contracts. The three January 20, 1993 contracts were not signed by plaintiff. (See Def.'s Ex. A.) The other three contracts were signed by plaintiff. (See Def.'s Ex. B&C.) Defendants maintain that all six contracts at issue in the arbitration proceeding, like all the other forty-three contracts entered into by both parties, contained an arbitration clause that provided for the resolution of any disputes before the AAA in New York City and the application of New York substantive law.

On February 3, 1997, **LaSalle** filed this action against defendant seeking a declaratory judgment that this dispute is not subject to an arbitration **Asturiana** has initiated in New York for the claimed amount. **LaSalle** then filed this motion for temporary restraining order ("TRO") and preliminary injunction on February 27, 1997. On March 5, 1997, [*3] this court denied the



motion for preliminary injunction without prejudice and set a briefing schedule for plaintiff's TRO motion. **LaSalle** seeks a TRO to stay the arbitration proceeding initiated by defendant until this court determines whether **LaSalle** agreed to arbitrate defendant's claims that arise from these three orders for **zinc** placed with defendant on January 20, 1993. [1]

> [1]  **LaSalle** does not dispute the arbitrability of the other three signed contracts in the NY arbitration. (See Pl.'s Mot. at 1; Def.'s Resp. at 2.)

*Analysis*

Pursuant to *Federal Rule of Civil Procedure 65(b)*, a TRO may not issue unless the movant can establish: 1) a likelihood of success on the merits; 2) that it will suffer irreparable harm in the absence of injunctive relief; 3) that the balance of harms weighs in its favor; and 4) that issuance of the decree would not adversely affect the public interest. *Ty Inc. v. Imperial Toy Corporation, 1996 U.S. Dist. LEXIS 14122,* No. 96 C 5944, 1996 WL 554538, *1 (N.D. Ill. Sept. 25, 1996) (citing *National People's* [*4] *Action v. Village of Wilmette, 914 F.2d 1008, 1010-1011 (7th Cir. 1990), cert. denied, 499 U.S. 921, 113 L. Ed. 2d 245, 111 S. Ct. 1311 (1991)).* The court will address only the question of whether plaintiff has established its likelihood of success on the merits because the court believes the answer to that question precludes the granting of plaintiff's motion.

To demonstrate a reasonable likelihood of success on the merits, the movant need only demonstrate that his "chances are better than negligible" at trial. *Ganden v. National Collegiate Athletic Association, 1996 U.S. Dist. LEXIS 17368,* No. 96 C 6953, 1996 WL 680000, *6 (N.D. Ill. Nov. 21, 1996)(citing *Brunswick v. Jones, 784 F.2d 271, 275 (7th Cir. 1986)).* Plaintiff hinges its proof of the likelihood of success on the merits on the fact that **Asturiana's** confirmation forms were never signed by **LaSalle**, a point that defendant does not dispute. (*See* Def.'s Reply at 8.) In response, defendant argues, referring to *section 2-201 of the Uniform Commercial Code* [2], enforceable in both New York and Illinois, that an unsigned contract between merchants is enforceable. In other words, when both parties are merchants and one party receives a signed [*5] writing with a quantity term that claims there is a contract and then fails to respond within ten days of receipt of the writing, then that party has no statute of fraud defense. Additionally, defendant

urges the court to consider the prior course of dealing between the parties. **Asturiana** delivered at least forty-three contracts to **LaSalle** since May 15, 1990 containing New York arbitration and jurisdiction provisions. **LaSalle** fully executed and returned at least twelve of these forty-three contracts, and of the six unpaid contracts, three were signed by **LaSalle**. **LaSalle's** motion suggests that the three contracts at issue in both the present suit and the arbitration proceeding are suspended in air isolated from any prior course of conduct between the parties. However, after reviewing the six contracts at issue, all of which are in the same format and contain the same arbitration and jurisdiction provisions as the other thirty-seven contracts, the court finds that **LaSalle** has not demonstrated its likelihood of success on the merits. Therefore, plaintiff's motion for a TRO is denied.

> [2]  *Section 2-201 (2) provides:*
>
> > Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of [the statute of frauds] against such party unless written notice of objection to its contents is given within 10 days after it is received. *See 810 Ill. Comp. Stat. 5/2-201 (2);* N.Y. *U.C.C. § 2-201.*

[*6] *Conclusion*

For the foregoing reasons, plaintiff's motion for a TRO is denied. The parties are Instructed to discuss settlement before the next status hearing scheduled for April 11, 1997 at 9:00 a.m.

**ENTER:**

**Ann Claire Williams, Judge**

**United States District Court**

Dated: *MAR 24 1997*

1 of 100 DOCUMENTS

**CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGAL, Trustee, Plaintiffs, v. BREEKO CORPORATION, a Tennessee corporation and d/b/a BREEKO CONSTRUCTION PRODUCTS COMPANY and LONE STAR INDUSTRIES, INC., a Delaware corporation d/b/a BREEKO PRODUCTS, INC. and d/b/a LONE STAR CONSTRUCTION PRODUCTS COMPANY, Defendants**

No. 89 C 6866

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

*1989 U.S. Dist. LEXIS 13975*

**November 17, 1989, Decided**

**OPINION BY:** [*1] GOTTSCHALL

**OPINION**

MEMORANDUM OPINION AND ORDER

JOAN B. GOTTSCHALL, UNITED STATES DISTRICT JUDGE

This matter is before the court on the motion for preliminary injunction of plaintiff **Central States, Southeast and Southwest** Areas **Pension Fund** ("the **Fund**"). [1] Defendant **Breeko** Corporation ("**Breeko**") [2] has opposed that motion and has filed a motion to transfer venue to the Middle District of Tennessee. Having reviewed the parties' pleadings and heard oral argument on both motions, this court orders entry of a preliminary injunction on the terms set forth below. **Breeko's** motion to transfer venue is also granted.

[1] Plaintiffs in this lawsuit are the **Fund** and its trustee. Hereafter, where applicable, references to the **Fund** are also references to its trustee.

[2] The named defendants in this action are **Breeko** Corporation and Lone Star Industries, Inc. ("Lone Star"). Together they are alleged to own **Breeko** Construction Products Company, an unincorporated entity against which the **Fund** also seeks judgment. Although Lone Star has not been named in the motion for preliminary injunction, its counsel has stated in open court that Lone Star joins in **Breeko's** motion to transfer venue. Hereafter, where applicable, references to **Breeko** shall include Lone Star.

[*2] JURISDICTION

This court has jurisdiction over this action under *28 U.S.C. § 1331* and *29 U.S.C. § 1132(a)(3)*. By reason of the parties' consent under *28 U.S.C. § 636(c)(1)*, this court has authority to enter final orders on these motions.

FACTUAL BACKGROUND

The **Fund** is a multiemployer employee benefit plan and trust which provides retirement benefits to union members affiliated with the International Brotherhood of Teamsters ("IBT"). As of December 31, 1988, the **Fund** estimated that over 6,000 participating employers were then paying contributions on behalf of over 250,000 employees and that it served over 472,000 **pension** participants. Memorandum in Opposition to Change of Venue at 2, Affidavit of Laura Bruggeman, para. 3. Pursuant to collective bargaining agreements negotiated between employers and various local unions affiliated with the IBT, the **Fund** receives employer contributions which, together with investment income, are used to provide benefits to participants and beneficiaries and to pay expenses of the **Fund**. Affidavit of Henry E. Keil, paras. 2-3. The **Fund** is administered from its offices in



Chicago, Illinois. Chicago is located in the Northern District of Illinois.

[*3] **Breeko** is a Tennessee corporation with no operations in the **State** of Illinois. **Breeko's** principal office and all of its financial, business and employee records are located in Nashville, in the Middle District of Tennessee. Local Union No. 327 ("Local 327") of the IBT has represented certain past employees of **Breeko.**

The **Fund** alleges that **Breeko** breached a duty under collective bargaining agreements with Local 327 to pay contributions to the **Fund** on behalf of covered employees. Based on employee work history reports submitted to it by **Breeko** and a review by its auditors, the **Fund** estimates that **Breeko** owes it over $ 31,000. The **Fund** has accordingly filed this lawsuit seeking the unpaid contributions, plus the greater of double interest or single interest plus liquidated damages and all attorneys' fees and costs in this litigation.

The **Fund states** that shortly after filing its complaint, it learned that **Breeko** was selling its assets and distributing the proceeds to pay a **state** tax lien, with a plan to pay any remaining **funds** to unsecured creditors. Affidavit of Constance M. Borek, para. 2. The **Fund** filed this motion for preliminary injunction within days of learning of **Breeko's** liquidation. [*4] In its motion, the **Fund** seeks an order that, pending the final hearing and determination of its action, **Breeko** and any person participating or associated with **Breeko** be enjoined from disposing of the proceeds from any sale of any of **Breeko** Corporation's assets.

**Breeko** confirms that it is selling its assets as part of a nonjudicial liquidation process. Affidavit of John Dobell, para. 6, filed in support of defendant's response to the motion for preliminary injunction. [3] According to **Breeko's** president, the present plan is to sell the company's assets in an orderly fashion, obtaining partial releases of the **State** of Tennessee's tax lien before each sale. Affidavit of H. T. Berglund, III, paras. 10-11. Proceeds of sales to date have been used to satisfy tax liens and secured debt, as well as administrative and operating expenses. Id., para. 13. Counsel for **Breeko** has stated his belief that all secured lenders have already been paid. However, there are still federal and **state** tax liens encumbering **Breeko's** assets.

3     John Dobell has filed two affidavits, one in support of **Breeko's** motion to transfer venue, and

the other in response to the **Fund's** motion for a preliminary injunction.

[*5] In the past year **Breeko** has accepted service of process for at least 41 civil actions, a substantial majority of which have resulted in default judgments. Affidavit of James E. Anderson, Jr., paras. 11-12, attached to **Breeko's** motion to transfer venue. [4] To date, no judgment creditor has attempted to place **Breeko** in involuntary bankruptcy. Berglund Aff., para. 9. Nor has **Breeko** filed a voluntary petition for bankruptcy relief. **Breeko** states its belief that the **State** of Tennessee would foreclose on its assets and that a sale of its assets at less than optimum realizable values would follow if its nonjudicial liquidation were not allowed to continue. Anderson Aff., attached to **Breeko's** response to the motion for preliminary injunction, paras. 16-17; Berglund Aff., para. 22. **Breeko's** counsel **states** that at present, the **State** of Tennessee receives a portion of the proceeds from each sale of **Breeko's** assets. After payment of administrative expenses, some proceeds remain, but counsel does not know how much that might be.

4     James E. Anderson, Jr. has filed a second affidavit in support of **Breeko's** response to the **Fund's** motion for a preliminary injunction.

MOTION     FOR     PRELIMINARY     [*6] INJUNCTION

The **Fund** has brought this motion under § 502(a)(3) of the Employment Retirement Income Security Act of 1974 ("ERISA"), *29 U.S.C. § 1001 et seq.* Section 502(a)(3) provides, in relevant part, that a civil action may be brought by an employee benefit plan fiduciary "to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan." *29 U.S.C. § 1132(a)(3).* According to the **Fund, Breeko's** failure to pay contributions violates both the terms of its agreement with **Breeko** (the plan) and § 515 of ERISA. *29 U.S.C. § 1145.* [5]

5     Section 515 provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." *29 U.S.C. § 1145.*

In an action for a preliminary injunction under ERISA, the right to relief is based on traditional standards. *Gould v. Lambert Excavating, Inc., 870 F.2d 1214, 1217 (7th Cir. 1989).* These factors are:

1. Whether the movant has shown a reasonable likelihood [*7] of success on the merits;

2. Whether the movant has an adequate remedy at law or will be irreparably harmed if an injunction does not issue;

3. Whether the threatened injury to movant if the injunction does not issue outweighs any harm that may accrue to the defendant from the requested injunction; and

4. Whether the granting of the preliminary injunction will serve or disserve the public interest.

See *A. J. Canfield Co. v. Vess Beverages, Inc., 796 F.2d 903, 906 (7th Cir. 1986).* At the preliminary injunction stage, the movant need demonstrate only that it has more than a "negligible" chance of succeeding on the merits. *International Kennel Club of Chicago, Inc. v. Mighty Star, Inc., 846 F.2d 1079, 1084 (7th Cir. 1988).* If the movant demonstrates some likelihood of success on the merits, the court must examine the likelihood with respect to the balance of hardships. The greater the chances that the movant will succeed, the less likely the balance of harms needs to weigh in the movant's favor. Conversely, the less likely plaintiff's chances of succeeding on the merits, the greater the need for the balance of harms to weigh in its favor. *Roland Machinery Co. v. Dresser* [*8] *Industries, Inc., 749 F.2d 380, 387 (7th Cir. 1984).*

With these principles in mind, the court considers whether the **Fund** has established each prerequisite of preliminary injunctive relief.

(1) Likelihood of Success on the Merits

In an action involving a collective bargaining agreement under ERISA § 515, a multiemployer plan must establish that a binding agreement requires the employer make contributions to the plan. See *Sheet Metal Workers' International Association Local 206 v. West Coast Sheet Metal Co., 660 F.Supp. 1500, 1506 (S.D. Cal. 1987).* The plan would also be required to show that the employer failed to make those contributions. See *29*

*U.S.C. § 1145, supra note 5.*

In support of its contentions, the **Fund** has submitted a copy of the signed agreement between **Breeko** and Local 327 which, in Article XXVII, obligates **Breeko** to make payments to the **Fund** on behalf of covered employees. Memorandum in Opposition to Motion for Change of Venue, Exs. 2-3. Affidavits of the **Fund's** employees and copies of periodic reports by **Breeko** also support the **Fund's** contention that **Breeko** failed to pay contributions due under its agreements with Local 327. These materials, although [*9] hearsay, may be received in preliminary injunction proceedings. *Asseo v. Pan American Grain Co., 805 F.2d 23, 26 (1st Cir. 1986).* "The dispositive question is not their classification as hearsay but whether, weighing all the attendant factors, including the need for expedition, this type of evidence [is] appropriate given the character and objectives of the injunctive proceeding." Id.

**Breeko** does not deny that it was party to collective bargaining agreements and that it made contributions to the **Fund.** Answer paras. 11-12. **Breeko** also admits that it reported work history to the **Fund** and that it has failed to pay certain amounts. Id., paras. 17, 24. **Breeko** states that it was not a signatory to the **Pension Fund** Trust Agreement and denies being bound by it. E.g., id., paras. 11-12. **Breeko** also suggests that it did not have an obligation to make contributions on behalf of some of the employees listed in the **Fund's** complaint. Id., para. 19.

Despite its emphasis on the lack of direct agreement between itself and the **Fund, Breeko** does not deny the existence of an agreement with a union, which in turn had an agreement with the **Fund.** Since **Breeko** also admits having paid [*10] contributions to the **Fund,** as well as amounts unpaid, its denial of liability is not convincing. **Breeko** not having effectively rebutted the evidence presented by the **Fund,** this court concludes that the **Fund** has demonstrated a likelihood of success on the merits.

(2) Irreparable Injury/Inadequacy of Remedy at Law

**Breeko** maintains that any injury to the **Fund** stems from the possibility that the **Fund** will receive only a de minimus amount in the course of **Breeko's** liquidation. According to **Breeko,** the **Fund** might increase the amount of any recovery by filing an involuntary petition in bankruptcy against **Breeko.** [6] The **Fund** having failed to do so, **Breeko** argues that it cannot complain of

irreparable injury. **Breeko** cites no authority to the effect that an unsecured creditor is barred from seeking injunctive relief against a debtor if the creditor might have filed a petition for involuntary bankruptcy relief. [7]

6    *Section 507(a)(4) of the Bankruptcy Code* allows a priority for unsecured claims for contributions to an employee benefit plan -

(A) arising from services rendered within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first; but only

(B) for each such plan, to the extent of -

(i) the number of employees covered by each such plan multiplied by $ 2,000; less

(ii) the aggregate amount paid to such employees under paragraph (3) of this subsection, plus the aggregate amount paid by the estate on behalf of such employees to any other employee benefit plan.

*11 U.S.C. § 507(a)(4).*

The **Fund** maintains that any amount described under *§ 507(a)(4)* would be entitled to a priority over the **State** of Tennessee's tax lien because of the provision in *§ 724(b)*, which **states** in relevant part, that:

[p]roperty in which the estate has an interest and that is subject to a lien that is not avoidable under this title and that secures an allowed claim for taxes, or proceeds of such property, shall be distributed -

(2) second, to claims specified in *sections 507(a)(1), 507(a)(2), 507(a)(3), 507(a)(4), and 507(a)(5)* of this title, to the extent of the amount of such allowed tax claim that is secured by such tax lien;

*11 U.S.C. § 724(b).*

[*11]

7    The **Fund** takes issue with **Breeko's** implication that it satisfies the requirements under *§ 303(b) of the Bankruptcy Code* for eligibility to bring an involuntary bankruptcy proceeding.

The **Fund** correctly notes that this Circuit finds irreparable harm to a plaintiff where a defendant may become insolvent before a judgment can be entered against and collected from the defendant. *American Hospital Supply Corp. v. Hospital Products Ltd., 780 F.2d 589, 596 (7th Cir. 1986); Roland Machinery Corp. v. Dresser Industries, Inc., 749 F.2d 380, 386 (7th Cir. 1984).* While an injunction in favor of the plaintiff may impose harm on the defendant's creditors, the responsibility to assess those harms does not rest with the court asked to grant the preliminary injunction. See *American Hospital Supply Corp., 780 F.2d at 596* (stating that such an assessment would be within the province of a bankruptcy court).

The undisputed evidence before this court indicates that the **Fund** may receive nothing in **Breeko's** liquidation. Under the above authority, the **Fund** has established irreparable harm if an injunction does not issue.

(3) Balance of Harms

Multiemployer retirement plans are required [*12] to provide benefits regardless of whether contributions are received from employers. See *Robbins v. Lynch, 836 F.2d 330, 333 (7th Cir. 1988).* Based on this fact, the **Fund** argues that the failure by employers such as **Breeko** to pay contributions threatens the financial integrity of the **Fund.** The **Fund** states that, in contrast, an injunction would not cause any hardship to **Breeko** since the company is in the process of liquidating.

**Breeko** responds that the balance of harms weighs against the issuance of an injunction, as an injunction would prevent the sale of its assets at optimal realizable values. Consequently, the total amount distributable to creditors would be decreased. **Breeko** also expresses concern that its reputation would be adversely affected if it were to go out of business without having paid creditors at least as much as they would receive under its present liquidation process. **Breeko** cites no authority, however, to support the proposition that damage to the reputation of a defunct corporation should be considered in the weighing of respective harms on a motion for preliminary injunction. The essential factors to be weighed here, then, are the possibility that the **Fund** [*13] will not receive contributions and the possibility that **Breeko** will be unable to pursue its chosen manner of liquidation. [8] Because the **Fund** has shown some likelihood of success on the merits, this balance of harms

need not weigh as heavily in its favor.

    8   Any inability to pursue its present plan of liquidation necessarily impacts on **Breeko's** creditors. However, the relevant interests there are those of third parties. That a preliminary injunction may have consequences beyond the immediate parties is a factor in the public interest analysis below. *Roland Machinery Co. v. Dresser Industries, Inc., 749 F.2d 380, 388 (7th Cir. 1984).*

    In the course of argument on this motion, it became apparent that **Breeko** may hold or receive **funds** that exceed the amounts needed to pay administrative expenses and satisfy the claims of secured creditors and taxing authorities. There is a possibility, then, that **Breeko** will have **funds** to pay the **Fund**, but choose to use them for other purposes. [9] In similar circumstances, decisions in this district have concluded that the balance of harms favors the **pension** plan. E.g., ***Central States Pension Fund** v. Auto City Distributors, Inc., 89 C 7292,* [*14] transcript at 8 (N.D. Ill. Oct. 2, 1989); **Central States Pension Fund** v. Truckway Service, Inc., No. 89 C 5773, slip op. at 5 (N.D. Ill. Sept. 28, 1989). This court similarly concludes that the threat of insufficient employer contributions to the **Fund** outweighs the harm to **Breeko** if it is enjoined from distributing the proceeds of its asset sales.

    9   This is not a finding of any wrongdoing by **Breeko.** This court is not, however, required to accept as fact **Breeko's** assertions that its liquidation has conformed and will conform to Tennessee law governing distributions in liquidation of a corporation.

(4) Public interest

    There is a public interest in the continued flow of employer contributions to multiemployer **pension** plans. See *Robbins v. Pepsi-Cola Metropolitan Bottling Co., 637 F. Supp. 1014, 1021 (N.D. Ill. 1986); 29 U.S.C. § 1001a.* [10] Where employers fail to make required contributions, the short fall may ultimately reflect itself in lower benefits to retirees. See ***Central States, Southeast and Southwest Areas Pension Fund** v. Gerber Truck Service Inc., 870 F.2d 1148, 1151 (7th Cir. 1989).* Thus, the injunction sought by the **Fund** would serve the public interest [*15] in that it might increase the amount of the **Fund's** recovery from **Breeko.**

    10  Section 3 of the Multiemployer **Pension** Plan Amendments Act ("MPPAA"), amending ERISA, **states,** in relevant part, that:

    [t]he Congress finds that -

    (1) multiemployer **pension** plans have a substantial impact on interstate commerce and are affected with a national public interest;

    \* \* \*

    (3) the continued well-being and security of millions of employees, retirees, and their dependents are directly affected by multiemployer plans; and

    (4)(A) withdrawals of contributing employers from a multiemployer **pension** plan frequently result in substantially increased funding obligations for employers who continue to contribute to the plan, adversely affecting the plan, its beneficiaries, and labor-management relations . . . .

    *29 U.S.C. § 1001a.* Section 515, under which the **Fund** brings this motion, was added to ERISA by the MPPAA. Pub. L. No. 96-364, § 306(a), 94 Stat. 1295 (1980).

    **Breeko** argues that the public interest would be served if it can continue the liquidation process it has chosen. It has, however, advanced no authority establishing the existence of a public policy in favor of allowing nonjudicial liquidations [*16] to proceed. Congress having addressed the competing concerns of ERISA and equality of distribution to creditors in the Bankruptcy Code, and having granted a limited priority to employee benefit plans, this court doubts there exists the public policy suggested by **Breeko.** This court therefore concludes that the granting of a preliminary injunction would serve the public interest.

    The **Fund** having established all elements of preliminary injunctive relief, its motion is granted. The terms of the injunction are set forth in the conclusion of this memorandum.

MOTION TO TRANSFER VENUE

    The standard of transferring venue between districts of the federal courts is found in *28 U.S.C. § 1404,* which

provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." As such, the statute requires a three-part analysis. Venue may be transferred if (1) venue is proper in the transferor district, (2) venue is proper in the transferee district, and (3) transfer is for the convenience of parties and witnesses, in the interest of justice. *Heller Financial,* [*17] *Inc. v. Riverdale Auto Parts, Inc., 713 F. Supp. 1125, 1127 (N.D. Ill. 1989); Peach Tree Bancard Corp. v. Peach Tree Bancard Network, Inc., 706 F.Supp. 639, 641 (N.D. Ill. 1989).* It it undisputed that, under *29 U.S.C. § 1132(e)(2),* venue is proper in either the Northern District of Illinois or in the Middle District of Tennessee. [11] The question before this court, then, is whether transfer would be for the convenience of parties and witnesses, in the interest of justice.

> [11]  *Section 1132(e)(2)* provides that: "[w]here an action under this subchapter is brought in a district court of the United **States,** it may be brought in the district court where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found."

On a motion for transfer of venue, the movant has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient. *Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-220 (7th Cir. 1986).* A plaintiff's choice of forum is generally to be accorded considerable weight in considering [*18] the motion. *Espino v. Top Draw Freight System, Inc., 713 F. Supp. 1243, 1244 (N.D. Ill. 1989).* Where transfer would merely shift rather than eliminate inconvenience, the plaintiff's choice of forum will generally not be disturbed. E.g., *Countryman v. Stein Roe & Farnham, 681 F.Supp. 479, 481 (N.D. Ill. 1987); Ameritech Mobile Communications, Inc. v. Cellular Communications, Corp., 664 F. Supp. 1175, 1182 (N.D. Ill. 1987).* There is an exception to this rule, though, where the chosen forum lacks any significant connection with the underlying claim; in these circumstances choice of forum becomes but one of many factors which the court may consider. *General Accident Insurance Co. v. Travelers Corp., 666 F. Supp. 1203, 1206-1207 (N.D. Ill. 1987).*

Both parties to this proceeding maintain that their positions fall within the principles outlined above. In support of transfer, **Breeko** argues that the **Fund's** choice of forum should not be given substantial weight because the only relationship to the Northern District of Illinois is that the **Fund** is administered here. Two cases in this district have for that reason declined to give substantial weight to the **Fund's** choice of [*19] forum in their venue analysis. **Central States, Southeast** and **Southwest** Areas Pension Fund. v. Nu-Way Service Station, Inc., 10 Employee Benefit Cases (BNA) 1475, 1477 (N.D. Ill. 1988); *Central States, Southeast and Southwest Areas Pension Fund v. Brown, 587 F.Supp. 1067, 1070 (N.D. Ill. 1984).* As part of its reasoning, *Brown* expressed reluctance to retain the case in this District because the **Fund** sought injunctive relief, as well as damages. *Id. at 1071.* Since injunctive relief requires monitoring by the court, *Brown* indicated that the interest of justice would be better served by transfer to the district in which the defendant resided. *See id.;* similarly *Nu-Way Service Station,* 10 Employee Benefit Cases (BNA) at 1479 (transferee court better able to oversee compliance with its orders by resident of its own district).

The **Fund** responds that this action's alleged lack of contacts with this district does not preclude retention of this action here. This is because of the concern underlying the provision in *29 U.S.C. § 1132 (e)(2)* for suit in the district where a multiemployer **pension** plan is administered. E.g., *Board of Trustees, Sheet Metal Workers* [*20] *National Fund v. Baylor Heating & Air Conditioning, Inc., 702 F.Supp. 1253, 1260 (E.D. Va. 1988); Trustees of National Automatic Sprinkler Industry Pension Fund v. Best Automatic Fire Protection, Inc., 578 F.Supp. 94, 95 (D. Md. 1983).* In providing for venue in alternative forums, Congress recognized that the retirement benefits ultimately received by beneficiaries would be depleted if multiemployer plans were required to bear the expense of trial in widely-dispersed forums. [12] *See, e.g., Trustees of National Asbestos Workers Pension Fund & Medical Fund v. Lake Erie Insulation Co., 688 F.Supp. 1059, 1060 (D. Md. 1988).* The numerous slip opinions

> [12]  Multiemployer plans are required to pay out retirement benefits to employees even though their employers have not paid in corresponding contributions. *Central States, Southeast and Southwest Areas Pension Fund v. Gerber Truck*

*Service, Inc., 870 F.2d 1148, 1151 (7th Cir. 1989).* Costs of tracking down reneging employers and litigating also come out of the **funds** that would otherwise be used to pay benefits. Id.

attached to the **Fund's** memorandum tend to conclude that, because of these concerns under ERISA, the movant [*21] has an increased burden to overcome the deference appropriate to the plaintiff's choice of forum. Memorandum in Opposition to Transfer of Venue, Exs. D-P; see also *Board of Trustees v. Baylor Heating, 702 F.Supp. at 1256-1257.* Many of these decisions also note that the relative inconvenience to the parties is roughly equal in the **Fund's** actions to collect delinquent contributions.

In its argument, the **Fund** also maintains that, because of the nature of its claim against **Breeko**, the existence and amount of liability can probably be determined on motion for summary judgment. Thus, it would be immaterial that **Breeko's** witnesses would not be amenable to compulsory process in this District. Should there be a need for trial, and a concommitant increase in the importance of live testimony, **Breeko** could then renew its motion to transfer venue. See *Connors v. Peles Coal Co., Inc., 637 F.Supp. 321, 322 (D. D.C. 1986).*

On the basis of the materials submitted by the parties, it appears that, in the proceeding to determine the existence and amount of **Breeko's** alleged liability to the **Fund**, the relative inconvenience to each party and its witnesses of going forward in another district is [*22] more or less equal. If this were simply a suit to determine the liability of an ongoing enterprise, this court would give deference to the **Fund's** choice to bring suit here.

There are, however, factors present here which distinguish this case from the other cases cited by the **Fund.** [13] Here, it is undisputed that numerous unsecured creditors have claims against **Breeko.** The likelihood of insufficient **funds** to satisfy all those claims has in fact precipitated this motion for preliminary injunction. Necessarily, payment in full of the **Fund's** claim would reduce the amount ultimately recovered by these other creditors. Hence, this proceeding could foreclose rights of creditors not before this court.

13   The **Fund** cites a number of cases in which injunctive relief was entered against employers

that had ceased operations and were in the process of selling assets. In the cases most like this case, which involved a secured lender or a taxing authority occupying a position analogous to that of the **State** of Tennessee, venue was apparently already in the employer's district. Building Trades **Pension Fund** v. Frank W. Boelter, Inc., 3 Employee Benefit Cases (BNA) 2184 (E.D. Wis. 1982); Elevator Industry **Pension Fund** v. United Elevator, Inc., No. 78 C 727 (E.D. Wis. Feb. 22, 1979); see also Robbins v. South Florida Freightway, Inc., No. 78-5564-CIV-SMA (S.D. Fla. Dec. 8, 1978). The other cases are unpublished decisions in this district wherein the court enjoined employers in another district. **Central States Pension Fund** v. Truckway Service, Inc., No. 89 C 5773 (N.D. Ill. Sept. 28, 1989); **Central States Pension Fund** v. Auto City Distributors, Inc., No. 89 C 7292 (N.D. Ill. Oct. 2, 1989) (TRO); **Central States Pension Fund** v. Pilot Freight Carriers Inc., No. 89 C 2313 (N.D. Ill. March 24, 1989) (TRO). None of those decisions refer to any venue problems, nor is there any indication that the claims of competing creditors were argued to the court.

[*23]   This Circuit has stated that the "interest of justice" is a separate component of the analysis under *§ 1404(a)*, and may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result. *Coffey v. Van Dorn Iron Works, 796 F.2d 217, 220 (7th Cir. 1986).* [14] The factors that control in the venue analysis turn on the particular facts of each case. See *id. at 219 n.3.* In view of the strong possibility of unfairness to creditors not before this court, and given the court's responsibility to monitor and possibly modify its injunction, the court believes that the interest of justice weighs in favor of transfer to the Middle District of Tennessee.

14   Factors traditionally considered in the "interest of justice" analysis relate to the efficient administration of the court system. *Coffey v. Van Dorn Iron Works, 796 F.2d 217, 221 (7th Cir. 1986).* Those factors include "accessibility to sources of proof, availability of compulsory process for the attendance of unwilling witnesses, public interests and policy as well as private interests of the litigants, and all other practical problems that make trial of a case easy,

expeditious and inexpensive (citations omitted)." *Van Colder v. Taylor, 621 F.Supp. 613, 620 (N.D. Ill. 1985).*

[*24] Practical considerations also underlie this court's decision to transfer venue. Because an injunction will effectively freeze **Breeko's** assets, it is foreseeable that **Breeko** will seek modification as unanticipated needs for cash arise. Since there would be a need for prompt resolution of these matters, venue is more appropriate in Tennessee, where a other creditors and necessary evidence regarding **Breeko's** financial situation are found. Finally, because **Breeko** is engaged in a nonjudicial liquidation, Tennessee law will govern the respective rights of its creditors. The Middle District of Tennessee, with its greater familiarity with Tennessee law, should be better able to decide these questions. See *Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1293 (7th Cir. 1989)* ("interests of justice" include such concerns as having a judge who is familiar with the applicable law try the case). Thus, for reasons of fairness and practicality, the court orders this proceeding transferred to the Middle District of Tennessee.

*CONCLUSION*

The court enjoins the distribution of proceeds from the sale of **Breeko** Corporation's assets, with the exception of amounts needed to pay reasonable [*25] administrative expenses. In addition, based on the agreement of the **Fund's** counsel in open court, **Breeko** shall be permitted to satisfy its obligation to the **State** of Tennessee. **Breeko** is to provide reports of any expenditures or disbursements to the **Fund** no later than seven days prior to disbursement. Those reports are to provide the name of the proposed payee, and the amount and reasons for each payment.

The motion of **Breeko** Corporation to transfer venue to the Middle District of Tennessee is granted.

DATED: November 17, 1989

Sample Months From Audits of Al's Construction, Al's Maintenance, Al's Masonry Contracting

employees listed below are color coded to show bargaining unit employment

this color represents al's Construction employees benefits have been paid on.

this color represents employees believed to be doing bargaining unit work.

| Aug, 2007 | Al's Maintenance Lasalle Bank | Al's Masonry First Amer. Bank | Al's Masonry State Bank IL | Al's Construction Benefits Paid |
|---|---|---|---|---|
| Employee | | | | |
| Alfonso Guzman jr. | 33 | | | |
| Alfonso Guzman Sr. | | | 329.5 | |
| Andrea Guzman | | | 261 | |
| Luis Hernandez | 26.25 | | | |
| Rogue Contreras | 116.25 | | | 64 |
| Rosendo Soto | 117 | | | |
| Gerado Munoz | 83.5 | | | |
| Gustavo Maldonado | 70 | | | |
| Juan Diaz | 121.75 | | | 16 |
| Lionel Munoz | 77.75 | | | |
| Merado Munoz | 69.25 | | 5.5 | |
| Christan Saenz | 29.75 | | 9.25 | |
| Gilberto Torres | | | | |
| Jose Garcia | 87.25 | | | |
| Miquel Saenz | 50.75 | | 9.25 | |
| Demicio Ramos | 72.75 | | | 16 |
| Hazael Levecma | 44.75 | | | 32 |
| Jose munoz | 54.5 | | | |
| Juan Ortega | 16.5 | | | |
| Juan Hernandez | 6.25 | | | |
| Antonio Rodriguez | 38.75 | | | |
| Ernesto Carvajal | | | | 16 |

| Sept. 2007 | Al's Maintenance Lasalle Bank | Al's Masonry First Amer. Bank | Al's Masonry State Bank IL | |
|---|---|---|---|---|
| Employee | | | | |
| Alfonso Guzman jr. | 19.25 | | | |
| Alfonso Guzman Sr. | | 60.5 | 494.25 | |
| Andrea Guzman | | | 170.5 | |
| Ernesto Carvajal | 21.75 | | | 88 |
| Rogue Contreras | 21.75 | | | |
| Rosendo Soto | 28 | | | |
| Gerado Munoz | 19.75 | | | |
| Gustavo Maldonado | 63.5 | | | |
| Juan Diaz | 39.5 | | | 80 |
| Lionel Munoz | 46.25 | | | |
| Merado Munoz | 80.75 | | 24 | |
| Christan Saenz | 15.25 | | 10 | |
| Jose Garcia | 30.75 | 39.75 | | |
| Juan Gonzales | 24.5 | | | |
| Miquel Saenz | 27.25 | 15.5 | 40 | |
| Jose Cruz | | 22.5 | | |
| Fransico Hernandez | 4.5 | 42.5 | | |



EXHIBIT
11

| | Lasalle Bank | First Amer. Bank | State Bank IL | | |
|---|---|---|---|---|---|
| Employee | | | | | |
| Alfonso Guzman Sr. | | 55.5 | | | |
| Sixto Reyes | | 9.25 | | | |
| Jose Garcia | | 16.25 | | | |
| Juan Gonzales | | 12.25 | | | |
| Fransico Hernandez | | 25 | | | |
| Israel Rodriguez | | 8.75 | | | |
| Ricardo Hernandez | | 8.75 | | | |
| Rosendo Mendoza | | 35.75 | | | |
| Jose Reyes | | 6 | | | |
| | | | | | |

| | Al's Maintenance Lasalle Bank | Al's Masonry First Amer. Bank | Al's Masonry State Bank IL | | |
|---|---|---|---|---|---|
| Jose Flores | | 13.25 | | | |
| Juan Hernandez | 60 | 30.75 | | | |
| Juan Ortega | 37.5 | 32.75 | | | |
| Manuel Gonzales | | 19.75 | | | |
| Mario Martinez | | 34 | | | |
| Ricardo King | 10 | 22 | | | |
| Demicio Ramos | 41.5 | | | | 64 |
| Antonio Rodriguez | 24.5 | | | | 80 |
| Jose Pasada | 10 | | | | |
| Juan Garcia | 6.5 | | | | |
| Manuel Sandoval | 41.25 | | | | |
| Alejandro Munoz | 10 | | | | |
| Hazael Levecman | | | | | 32 |
| Rolando Soto | | | | | 72 |
| | | | | | |
| | | | | | |
| Oct, 2007 | Al's Maintenance Lasalle Bank | Al's Masonry First Amer. Bank | Al's Masonry State Bank IL | | |
| Employee | | | | | |
| Alfonso Guzman jr. | | 8.25 | | | |
| Alfonso Guzman Sr. | | 355.75 | | | |
| Andrea Guzman | | 41.5 | | | |
| Ernesto Carvajal | | 71.25 | | | 40 |
| Miquel Saenz | | 23 | | | |
| Jose Cruz | | 13.25 | | | |
| Fransico Hernandez | | 63.25 | | | |
| Jose Flores | | 10.75 | | | |
| Juan Hernandez | | 30.75 | | | |
| Juan Ortega | | 10 | | | |
| Mario Martinez | | 10 | | | |
| Israel Rodriguez | | 57 | | | |
| Manuel Sandoval | | 13.5 | | | |
| Ricardo Hernandez | | 30 | | | |
| Rosendo Mendoza | | 35.25 | | | |
| Rolando Soto | | | | | 53 |
| Antonio Rodiguez | | | | | 56 |
| Juan Diaz | | | | | 79 |
| Demicio Ramos | | | | | 8 |
| | | | | | |
| | | | | | |
| Nov. 2007 | Al's Maintenance Lasalle Bank | Al's Masonry First Amer. Bank | Al's Masonry State Bank IL | | |
| Employee | | | | | |
| | | | | | |
| Alfonso Guzman Sr. | | 466.5 | | | |
| Gustavo Maldonado | | 5.5 | | | |
| Sixto Reyes | | 16.5 | | | |
| Israel Rodriguez | | 44.25 | | | |
| Rosendo Mendoza | | 65.75 | | | |
| Salvadore Diaz | | 15.25 | | | |
| | | | | | |
| Dec. 2007 | Al's Maintenance | Al's Masonry | Al's Masonry | | |